SEALED
BY ORDER OF THE COURT

ORIGINAL

cc: jmb

MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/6695/8817/9144/8756
Email: michael.wheat@usdoj.gov
Attorneys for the United States of America

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 02 2022

at 3 o'clock and 45 p. M  an
CLERK, U.S. District Court

## UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br><br>Defendants. | Case No. CR 22-00048 JMS<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy to Commit Honest Services Fraud and Federal Program Bribery; Title 18, U.S.C., Sec. 241 – Conspiracy Against Rights |

The grand jury charges:

### INTRODUCTORY ALLEGATIONS

At all times material to this Indictment:

1

1.     Defendant KEITH MITSUYOSHI KANESHIRO ("KANESHIRO")
was a public official with, and an agent of, the City and County of Honolulu (the
"City"), a local government entity. In 2010, KANESHIRO was elected in a
special election to serve as the Prosecuting Attorney for the Department of the
Prosecuting Attorney (the "DPA"), an agency within the executive branch of the
City. Among other responsibilities, the DPA was responsible for prosecuting
violations of state criminal law in the District and Circuit Courts of the State of
Hawaii. In 2012 and 2016, KANESHIRO was re-elected as Prosecuting Attorney
for separate four-year terms.

2.     In the calendar years 2012, 2013, 2014, 2015, 2016, and 2017 the City
received benefits in excess of $10,000 under a federal program involving a grant,
contract, subsidy, loan, guarantee, insurance, and other form of federal assistance.

3.     Defendant DENNIS KUNIYUKI MITSUNAGA ("MITSUNAGA"),
was the President and Chief Executive Officer of Mitsunaga & Associates, Inc.
("MAI"), an engineering and architectural firm operating in the State of Hawaii.
MAI's office was located at 747 Amana, Suite #216, Honolulu, HI 96814. MAI
derived its significant revenue from a combination of public and private jobs
throughout the state of Hawaii.

4.     Defendant TERRI ANN OTANI ("OTANI") was a relative of
MITSUNAGA and the Corporate Secretary and office manager for MAI.

5.     Defendant AARON SHUNICHI FUJII ("FUJII") was the Executive Vice President and Chief Operating Officer of MAI.

6.     Defendant CHAD MICHAEL MCDONALD ("MCDONALD") was an employee at MAI, ultimately becoming a Senior Vice President of MAI.

7.     Unindicted Co-Conspirator 1 ("CC-1") was an attorney licensed in Hawaii and California, and MAI's legal representative in administrative, civil, and criminal matters.

8.     L.J.M. was a resident of Honolulu, Hawaii. In or about 1996, L.J.M. was hired as a project architect at MAI. In November 2011, on the same day L.J.M. submitted a letter to MITSUNAGA voicing her disagreement with claims MITSUNAGA made about her, MAI terminated L.J.M.'s employment without explanation. Subsequently, MAI, through CC-1, OTANI, FUJII, and others, contested L.J.M.'s request for unemployment benefits from the State of Hawaii. After the initial claims reviewer concluded L.J.M. was eligible for unemployment, MAI appealed that finding to the State of Hawaii's Employment Security Appeals Office. After an evidentiary hearing, an Appeals Officer again found L.J.M. was eligible for unemployment benefits. MAI appealed further to Hawaii Circuit Court. On or around September 6, 2012, the Circuit Court affirmed the finding that L.J.M. was eligible for unemployment benefits.

9.     On or about July 17, 2012, FUJII filed a report with the Honolulu Police Department ("HPD") alleging that L.J.M. and a local Honolulu attorney, S.M.— who had filed a lawsuit against MAI earlier in 2012—had committed theft against MAI. Despite multiple attempts, the assigned HPD Officer was largely unsuccessful in obtaining follow-up information from FUJII and others at MAI about the alleged theft.

10.     On or about August 20, 2012, following receipt of a right to sue letter from the U.S. Equal Employment Opportunity Commission, L.J.M. filed a lawsuit against MAI in the District Court for the District of Hawaii, Civil No. 12-00468-DKW, alleging, among others, claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.

11.     On or about October 4, 2012, MITSUNAGA and CC-1 met with KANESHIRO and KANESHIRO's Executive Assistant ("EA-1") to attempt to persuade KANESHIRO to investigate and prosecute L.J.M. In general terms, MAI's allegation against L.J.M. was that she committed theft by billing time to MAI while working unauthorized "side jobs," and using MAI resources (such as e-mail and phone) to work the alleged unauthorized "side jobs."

12.     Within several weeks of the October 4, 2012, meeting described in paragraph 11, and as further set forth below, MITSUNAGA and other co-conspirators and affiliates began contributing money towards KANESHIRO's re-

4

election campaigns for Honolulu Prosecuting Attorney. Between October 2012 and October 2016, KANESHIRO, MITSUNAGA, OTANI, FUJII, MCDONALD, and CC-1, along with other MAI employees, affiliates, subcontractors, and relatives (collectively the "MAI Donors") contributed approximately over $45,000 to Kaneshiro's re-election campaigns. Prior to the first contributions reported in October 2012, the MAI Donors had no known contributions to KANESHIRO.

13.    In or about June 2014, a senior-ranking Deputy Prosecuting Attorney recommended against filing charges against L.J.M.

14.    In July 2014, the civil lawsuit between L.J.M. and MAI, Civil No. 12-00468-DKW, proceeded to trial in federal court. The trial included several counterclaims MAI alleged against L.J.M., including breach of loyalty, intentional interference with prospective business advantage, conversion, and fraud. On July 25, 2014, the jury returned its verdict, finding no liability on any claim or counterclaim with the exception of MAI's claim against L.J.M. for breach of loyalty. For that claim, the jury awarded MAI one dollar ($1.00) in nominal damages.

15.    On or about December 1, 2014, after KANESHIRO reassigned the matter from the senior-ranking prosecutor referenced in paragraph 13 to a recently hired prosecutor, the DPA filed a felony information against L.J.M. in

the First Circuit Court for the State of Hawaii, alleging four counts of second-degree theft under Hawaii law.

16.   In or about December 2014, L.J.M was arraigned on the felony information, and conditions of release were set pending trial, including travel restrictions and a $20,000 cash bond.

17.   On or about September 15, 2017, over the objection of the DPA, Judge Karen T. Nakasone of the First Circuit Court for the State of Hawaii entered a written order dismissing the felony information against L.J.M. with prejudice, finding a lack of probable cause for the charges against L.J.M. and significant irregularities in the DPA's investigation and prosecution of L.J.M. These findings included the "one-sided nature of the investigation," and that the DPA "was little more than acting as the recipient of, and conduit for, MAI's submissions."

18.   On or about October 15, 2017, following internal discussions at the DPA pertaining to appealing Judge Nakasone's order of dismissal, the time period for filing a notice of appeal of Judge Nakasone's order lapsed, and further prosecution of L.J.M. was not attempted by the DPA.

//

//

//

## COUNT 1

### Conspiracy - 18 U.S.C. § 371

19.    The grand jury realleges and incorporates by reference Introductory Allegations 1 through 18 of this Indictment.

20.    Beginning in or around October 2012, and continuing through in or around October 2017, within the District of Hawaii and elsewhere, defendants KEITH MITSUYOSHI KANESHIRO, DENNIS KUNIYUKI MITSUNAGA, TERRI ANN OTANI, AARON SHUNICHI FUJII, and CHAD MICHAEL MCDONALD did knowingly and intentionally conspire and agree with each other, and with others known and unknown to the Grand Jury, to commit the following offenses against the United States:

(1)    Honest Services Wire Fraud, that is, having devised and intended to devise a material scheme and artifice to defraud the City and County of Honolulu, Hawaii, and its citizens of their right to the honest services of KANESHIRO through a quid pro quo bribery, to transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, signals and sounds for the purpose of executing and in furtherance of such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346;

(2)    Federal Program Bribery, that is, corruptly giving, offering, and agreeing to give things of value to any person, with intent to influence and reward KANESHIRO, an agent and employee of the City and County of Honolulu and agency thereof, in connection with any business, transaction, or series of transactions of the City and County of Honolulu involving anything of value of $5,000 or more, during years that the City and County of Honolulu received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2); and

(3)    Federal Program Bribery, that is, KANESHIRO, an agent and employee of the City and County of Honolulu and agency thereof, corruptly solicited, demanded, accepted, and agreed to accept things of value from any person, intending to be influenced and rewarded in connection with any business, transaction, or series of transactions of the City and County of Honolulu involving anything of value of $5,000 or more, during years that the City and County of Honolulu received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(1)(B).

## MANNER AND MEANS OF THE CONSPIRACY

21.     In furtherance of this conspiracy, the defendants and others utilized the following methods and means, among others:

(1)     To facilitate access to KANESHIRO and the DPA and persuade KANESHIRO to open an investigation into and prosecute former MAI employee L.J.M., MITSUNAGA, OTANI, FUJII and MCDONALD, CC-1, and others, would make campaign contributions towards defendant KANESHIRO's re-election campaigns.

(2)     In order to overcome campaign contribution limits and increase the amount of money funneled to KANESHIRO's re-election campaigns, the conspirators would solicit contributions for KANESHIRO from family members and other MAI business partners, employees, and subcontractors.

(3)     In exchange for the campaign contributions given to him by MITSUNAGA, OTANI, FUJII, MCDONALD, CC-1, and others, KANESHIRO would agree to take official action and exercise his authority as the Prosecuting Attorney for the City and County of Honolulu to open an investigation into and prosecute former MAI employee L.J.M. The prosecution of L.J.M. continued until her case was dismissed with prejudice in a written order by Judge Karen T. Nakasone on September 15, 2017, and the time to appeal lapsed on or about October 15, 2017.

OVERT ACTS

22.    In furtherance of the conspiracy, the conspirators committed the following overt acts, among others, within the District of Hawaii and elsewhere:

(1)    On or about September 28, 2012, KANESHIRO's Executive Assistant ("EA-1") sent an email to OTANI stating in part that "Keith is happy to meet with him [Mitsunaga]. Please give me a call so that I can get a little more information."

(2)    On or about October 1, 2012, OTANI sent an email reply to EA-1 which identified L.J.M. and listed the police report number of a report MAI, through FUJII, filed against L.J.M. in or around July 2012, as referenced in Introductory Allegation 9.

(3)    On or about October 4, 2012, MITSUNAGA and CC-1 met with KANESHIRO and EA-1 for the purpose of attempting to persuade KANESHIRO to investigate and prosecute former MAI employee L.J.M.

(4)    On or about October 18, 2012, CC-1 sent EA-1 an email which stated in part, "I am currently working on assembling all of the information requested by Mr. Kaneshiro at our meeting, including but not limited to, the evidence in support of the complaint filed with the police regarding [L.J.M.] . . ."

(5)    On or about October 25, 2012, MITSUNAGA contributed $4,000 to KANESHIRO's re-election campaign; MITSUNAGA's spouse,

C.O.M., contributed $4,000 to KANESHIRO's re-election campaign; a business partner of MITSUNAGA's, G.O., contributed $4,000 to KANESHIRO's re-election campaign; FUJII contributed $1,000 to KANESHIRO's re-election campaign; and CC-1 contributed $250.00 to KANESHIRO's re-election campaign.

(6)     On or about October 29, 2012, EA-1 sent an email to OTANI stating in part, "Keith would like to speak to Dennis…how can we arrange this?"

(7)     On or about October 29, 2012, at approximately 11:08 a.m., OTANI sent an email reply to EA-1 providing MITSUNAGA's cellular phone number and stating in part, "Keith can call Dennis' cell."

(8)     On or about October 29, 2012, at approximately 12:49 p.m., KANESHIRO called MITSUNAGA's cellular phone; the phone call lasted approximately one minute and eight seconds.

(9)     On or about January 22, 2013, CC-1 provided a letter to the DPA, titled, "[L.J.M.] Criminal Charges."

(10)   On or about January 24, 2013, MITSUNAGA, CC-1, KANESHIRO, and EA-1 met for lunch to further discuss the investigation and prosecution of former MAI employee L.J.M.

(11)   On or about January 28, 2013, CC-1 sent EA-1 an email stating in part, "We are so glad that you and Mr. Kaneshiro could join us for lunch,

especially given your hectic schedules.  I completely agree...it is amazing how Mr. Kaneshiro and Mr. Mitsunaga are so much alike.  They are both incredible individuals with so many accomplishments and are such an inspiration to those around them.   I am glad we had the opportunity to get together and have such an enjoyable lunch.  We had a wonderful time and are looking forward to our next get together.  Thank you again!!"

(12)   On or about January 28, 2013, MITSUNAGA contributed $4,000 to KANESHIRO's re-election campaign; MITSUNAGA's spouse, C.O.M., contributed $4,000 to KANESHIRO's re-election campaign; and OTANI contributed $2,000 to KANESHIRO's re-election campaign.

(13)   On or about February 20, 2013, CC-1 sent EA-1 an email stating in part, "I will be meeting with [HPD personnel] tomorrow morning.  I will get the supplemental report to you and Mr. Kaneshiro by Wednesday, February 27, 2013."

(14)   On or about February 27, 2013, CC-1 provided another letter to the DPA, titled, "[L.J.M.] Criminal Charges."

(15)   On or about April 3, 2013, OTANI, FUJII, MCDONALD, MAI employee A.K., and MITSUNAGA's daughter L.M., each contributed $1,000 to KANESHIRO's re-election campaign.

(16)   On or about November 25, 2013, CC-1 sent an email to EA-1 requesting a meeting the next morning. After several e-mail exchanges, they agree to a meeting at 8:45 a.m. on November 26, 2013.

(17)   On or about November 26, 2013, MITSUNAGA, MITSUNAGA's spouse C.O.M., MITSUNAGA's daughter L.M., OTANI, MAI employees G.N., S.W., and A.K., and MAI subcontractor S.K.H and his spouse contributed a total of $9,000 towards KANESHIRO's re-election campaign.

(18)   On or about January 9, 2014, OTANI sent an email to EA-1 stating in part, "Dennis Mitsunaga (along with [CC-1]) would like to set up an appointment to see Mr. Kaneshiro. Schedule-wise, maybe after the 27th of January would be less hectic for Dennis and [CC-1] and hopefully, Mr. Kaneshiro, too."

(19)   On or about March 11, 2014, at approximately 9:10AM, CC-1 sent an email to L.J.M.'s civil attorney stating in part, "Also, I again ask why you do not go directly to the Prosecutor's Office if you believe that information regarding their ongoing prosecution of [L.J.M.] should be disclosed to you? It is obvious that you are seeking to improperly use the discovery process in the civil case to seek information regarding the criminal investigation of your client."

(20)   On or about March 11, 2014, at approximately 9:38AM, CC-1 sent an email to EA-1 stating in part, "[b]ased upon our conversation yesterday,

it is my understanding that the Prosecutor's Office will not hand out any information regarding any type of ongoing investigation for confidentiality purposes. Likewise, it is inappropriate for the Complainant to hand out any information regarding same for confidentiality purposes. Please advise if this in fact true and correct."

(21)   On or about March 11, 2014, KANESHIRO called CC-1 on his cellular phone.

(22)   On or about June 2, 2014, KANESHIRO called CC-1 on his cellular phone.

(23)   On or about June 4, 2014, CC-1 sent an email to EA-1 attaching information pertaining to LJ.M. for KANESHIRO to review.

(24)   On or about June 16, 2014, CC-1 sent an email to EA-1 attaching a series of deposition transcripts from a civil lawsuit involving L.J.M and MAI. The email stated in part, "[p]lease let us know which depositions Mr. Kaneshiro would like to view in hard copy and we will print it and deliver it to your office."

(25)   On or about June 23, 2014, CC-1 sent an email to EA-1, carbon copying OTANI, attaching a collection of deposition transcripts from the civil lawsuit involving L.J.M. and MAI.

(26)   In or about the summer of 2014, after a senior Deputy Prosecuting Attorney recommended declining the L.J.M. case, KANESHIRO

reassigned the case to recently hired Deputy Prosecuting Attorney, J.D, who was then assigned to the Career Criminal Unit of the DPA.

(27)   On or about August 7, 2014, OTANI emailed a complaint to the Tax Division of the Hawaii Attorney General's Office, alleging that L.J.M. had committed tax fraud.

(28)   On or about August 28, 2014, CC-1 sent an email to J.D. regarding the L.J.M. matter, which included transcripts from the federal civil lawsuit between L.J.M. and MAI.

(29)   On or about September 19, 2014, CC-1 sent an email to J.D., with the subject line, "[L.J.M.]," and stating in part, "I am writing to inquire if you received my e-mails and if you still would like to set up an in-person meeting. Please let me know at your earliest convenience."

(30)   On or about September 22, 2014, CC-1 sent an email to J.D. which stated in part, "I am available tomorrow on September 23, 2014 at 2:00 p.m. I am also going to bring Terri Otani, a representative from Mitsunaga & Associates, Inc."

(31)   On or about October 3, 2014, CC-1 sent an email to J.D. which stated in part, "I will be sending all the information we discussed over the next couple of days."

(32)   On or about October 23, 2014, CC-1 sent an email to J.D. which stated in part that L.J.M. "performed a project for [R.A's] residence," and that "not only did [L.J.M.] bill her time to MAI, but she also collected approximately $2,800 in cash from [R.A.] for herself." The email further stated that "[t]he money should have gone directly to MAI (not [L.J.M.]) and this is yet another example of how [L.J.M.] stole from the company."

(33)   On or about October 28, 2014, OTANI signed a declaration under penalty of perjury, which was later submitted to the Hawaii Circuit Court in support of the criminal charges against L.J.M., which contained material omissions of fact.

(34)   On or about October 28, 2014, CC-1 sent an email to J.D. which included as an attachment the "Declaration of Terri Ann Otani."

(35)   On or about October 31, 2014, MCDONALD signed a declaration under penalty of perjury, which was later submitted to the Hawaii Circuit Court in support of the criminal charges against L.J.M., which contained material misstatements and omissions.

(36)   On or about November 3, 2014, CC-1 sent an email to J.D. which stated in part, "[p]lease find attached the Declaration of Chad McDonald and Exhibits "1" – "8". I have 34 Exhibits so will be sending you additional e-mails

with the remaining Exhibits." Thereafter on or about November 3, 2014, CC-1 sent a series of emails to J.D. containing various Exhibits pertaining to L.J.M.

(37) On or about November 3, 2014, J.D. sent an email to CC-1 which stated in part, "Can I get a declaration from you that states the date of discovery for each offense?" In an email response that same date, CC-1 states in part, "What if we just revised Chad's Declaration to reflect the dates of discovery?"

(38) In or around early November 2014, acting on behalf of KANESHIRO, J.D. attempted to file a felony information against L.J.M. in Hawaii District Court. A judge of the Hawaii District Court rejected the filing because there was no law enforcement affidavit accompanying the felony information.

(39) In or around early-to-mid November 2014, KANESHIRO assigned DPA Investigator Vernon Branco to sign an affidavit to support the felony information against L.J.M.

(40) On or about November 26, 2014, J.D. sent an email to CC-1 which attached the "DECLARATION OF VERNON BRANCO," and stated in full, "FYI."

(41) On or about December 1, 2014, acting on behalf of KANESHIRO, J.D. filed a felony information against L.J.M., charging L.J.M. with four counts of second-degree theft under State of Hawaii law.

(42)   On or about October 22, 2015, OTANI, FUJII, FUJII's spouse J.F., MCDONALD, MCDONALD's spouse M.M., and MITSUNAGA's daughter L.M., contributed a total of $6,000 to KANESHIRO's re-election campaign.

(43)   On or about October 22, 2015, at the request of co-conspirators, MAI subcontractors S.H. and G.Y. contributed a total of $5,000 to KANESHIRO's re-election campaign.

(44)   On or about October 22, 2015, OTANI contributed $1,000 to KANESHIRO's re-election campaign in the name of her relative, J.H., knowing J.H. was not the contributor and not the true owner of the funds contributed in J.H.'s name.

(45)   On or about January 19, 2016, CC-1 sent multiple emails to EA-1, with the subject line "Meeting with Mr. Kaneshiro." One of the emails stated, in part, "I heard the New Year's get together was amazing and I was so disappointed my husband and I were unable to make it!! I know Mr. Mitsunaga and Terri Otani were both so happy that you and Mr. Kaneshiro were both able to attend and really enjoyed seeing you. I am so sorry, but I was wondering if Mr. Kaneshiro has any other availability. I have Court tomorrow at 2:00 p.m. and did not want to have to cut the meeting short. I am available anytime

tomorrow morning or after my hearing in Court. I am also available all day on Thursday. Please let me know what works for Mr. Kaneshiro."

(46) On or about October 19, 2016, OTANI contributed a total of $1,000 to KANESHIRO's re-election campaign in the names of her relatives, J.A., R.A., and J.H., knowing they were not the contributors and not the true owners of the funds contributed in their names.

(47) On or about June 13, 2017, acting on behalf of KANESHIRO, Deputy Prosecuting Attorney C.S. filed a response in opposition to L.J.M.'s motion to dismiss the felony information charged against her.

(48) On or about July 24, 2017, acting on behalf of KANESHIRO, C.S. appeared on behalf of the State of Hawaii and argued against dismissal of the felony information filed against L.J.M.

(49) On or about July 24, 2017, after Judge Karen T. Nakasone of the First Circuit Court for the State of Hawaii orally dismissed the felony information against L.J.M., KANESHIRO advised C.S. that KANESHIRO wanted to appeal Judge Nakasone's decision.

(50) On or about September 25, 2017, following a written order dismissing the felony information against L.J.M., C.S., acting on behalf of KANESHIRO, drafted an interoffice memorandum recommending that the DPA appeal Judge Nakasone's order dismissing the case against L.J.M.

(51)    On or about October 15, 2017, the time period for filing an appeal of the dismissal order lapsed.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

### Conspiracy Against Rights - 18 U.S.C. § 241

23.    The grand jury realleges and incorporates by reference Paragraphs 1 through 18 and 22(1)-(51) of this Indictment, herein.

24.    Beginning in or around October 2012, and continuing through in or around October 2017, within the District of Hawaii and elsewhere, defendants KEITH MITSUYOSHI KANESHIRO, DENNIS KUNIYUKI MITSUNAGA, TERRI ANN OTANI, AARON SHUNICHI FUJII, and CHAD MICHAEL MCDONALD, did knowingly and intentionally conspire and agree with each other, and with others known and unknown to the grand jury, to injure, oppress, threaten, and intimidate L.J.M., who was at that time present in the State of Hawaii,

//

//

//

in the free exercise and enjoyment of rights secured to her by the Constitution and laws of the United States, and because of her having so exercised the same, namely, the right under the Fourth and Fourteenth Amendment to be free from unreasonable seizures by one acting under color of law, and the right to file a lawsuit in federal court alleging claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, in violation of Title 18, United States Code, Section 241.

Dated: June 2, 2022, at Honolulu, Hawaii.

A TRUE BILL
/s/ Foreperson
FOREPERSON, GRAND JURY

MERRICK B. GARLAND
Attorney General
RANDY S. GROSSMAN
United States Attorney

MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI GANDHI CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
ANDREW Y. CHIANG, NYBN 4765012
Special Attorneys to the Attorney General