UNITED STATES DISTRICT COURT
IN THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　　　Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANTS'<br>MOTION *IN LIMINE* NO. 5<br>**(DKT. 345)** |

## I.　INTRODUCTION

Before the Court is Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka's ("Defendants") "Motion *in Limine* No. 5 to Admit Prior Statements for Non-Hearsay Purpose" (the "Defendants' Motion").[1] The Defendants ask the Court "to admit at trial evidence of prior statements for the non-hearsay purpose of showing the effect of the statement on the listener."[2] The United States opposes the Defendants' Motion.[3] The matter is fully briefed, and a public hearing was held on February 26, 2024.[4] For the following reasons, the Court **GRANTS in part and DENIES in part** the Defendants' Motion.

---

[1] Dkt. 345 (Defendants' Motion *in Limine* No. 5).

[2] *Id.* at 2.

[3] Dkt. 396 (United States' Opposition to Defendants' Motion *in Limine* No. 5).

[4] Dkt. 462 (Motion Hearing).

1

## II.   BACKGROUND

Given the voluminous litigation in this case, the Court assumes the parties are familiar with the factual and procedural history of this case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

Relevant here, Defendants submit a motion *in limine* to admit statements made by L.J.M., R.A., and "others" in the course of litigation during two cases: (1) *L.J.M. v. MAI*, Civil No. 12-00468 (DKW-BMK) ("L.J.M. Civil Case"), and (2) *Stanford H. Masui, et al. v. Edgar Kamaka, et al.*, Civil No. 12-1-0524-02 ("Masui Civil Case").[5]

## III.   LEGAL STANDARD

### A. Motions in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[6] and may be used to request evidence be either excluded or admitted before trial.[7] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[8] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[9]

---

[5] Dkt. 345 at 2–3.
[6] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[7] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).
[8] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.
[9] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[10] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[11]

### B. Hearsay

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[12] Statements not offered for the truth of the matter asserted are not hearsay.[13] Under Federal Rule of Evidence ("Rule") 802, hearsay is inadmissible unless an exclusion or an exception applies. "A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.'"[14] "One common application of this principle is admitting a declarant's out-of-court statement for the purpose of establishing what effect it had on the listener."[15]

---

[10] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[11] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[12] Fed. R. Evid. 801(c).
[13] Fed. R. Evid. 801; *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007).
[14] *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) (quoting *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004)).
[15] *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019).

### C. Rule of Completeness

Under the rule of completeness, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."[16]

### IV.   DISCUSSION

*A. The statements made by L.J.M. and R.A. during litigation are admissible for the non-hearsay purpose of effect on listener.*

Defendants submit that statements from L.J.M.'s and R.A.'s deposition and trial testimony in the L.J.M. Civil Case and Masui Civil Case are admissible for the non-hearsay purpose of demonstrating the statement's effect on a listener.[17] These statements detail L.J.M.'s performance of alleged "side job[s]," including interior work R.A. hired L.J.M. to perform.[18] Defendants argue that Tanaka "relied on" these statements in pursuing criminal charges against L.J.M., and that they were referenced in Chad McDonald's testimony, which in turn "the DPA relied on to establish probable cause" of L.J.M.'s theft charges.[19] They argue that these statements are thus "highly relevant for the purposes of determining the state of mind of the Defendants and the DPA prosecutor who filed charges against L.J.M." and "directly affected [their] good faith belief that L.J.M. had committed theft against MAI, and that probable cause existed to charge her."[20] Defendants also obliquely

---

[16] Fed. R. Evid. 106.
[17] Dkt. 345 at 2.
[18] *Id.* at 3–4; Dkt. 345-1 at 5.
[19] *Id.* at 6.
[20] *Id.*

4

refer to "other[]" individuals who provided testimony in the Masui Civil Case and L.J.M. Civil Case that Tanaka and DPA officials relied on in pursuing criminal charges against L.J.M., but Defendants do not identify these other individuals.[21]

Opposing the Defendants' Motion, the United States argues that the statements by L.J.M. and R.A. are inadmissible for the non-hearsay purpose of effect on the listener because they occurred "long after [Defendants] had referred L.J.M. for criminal prosecution" and had "made clear their desire to prosecute L.J.M."[22] It also argues these statements are "selective and misleading," and that Defendants omit testimony tending to explain or provide context for L.J.M.'s statements.[23] The United States further seeks to cast doubt that R.A.'s testimony instilled a good faith belief in L.J.M.'s criminal culpability by pointing to the timing of his testimony (18 months after Defendants' meeting with Kaneshiro), R.A.'s preexisting relationship with Mitsunaga, and MAI's refusal to seek payment from R.A. for L.J.M.'s services.[24] Finally, it argues that Defendants' reference to statements by "other" individuals lacks proper basis for admission and "should be viewed in context" if they are sought to be admitted for the non-hearsay purpose of effect on the listener.[25]

As a threshold matter, the Court finds that the statements by L.J.M. and R.A. made during litigation in the L.J.M. and Masui Civil Cases are admissible for the non-hearsay

---

[21] *Id.* at 5.
[22] Dkt. 396 at 3–4.
[23] *Id.* at 7–8.
[24] *Id.* at 9–10.
[25] *Id.* at 11.

5

purpose of effect on the listener. L.J.M. and R.A.'s statements provide details about L.J.M.'s alleged "side jobs" and are relevant to demonstrate the Defendants' belief that there was probable cause to charge L.J.M. with criminal theft. Although some statements were made after the initial acts of the alleged conspiracy, such as Fujii's filing of the police report against L.J.M. and Defendants' meeting with Kaneshiro, they were also made concurrent with and preceded other alleged acts. Further, R.A.'s testimony—as it relates to his hiring of L.J.M. as a MAI employee—is relevant to the Defendants' decision to pursue criminal charges. The Court cannot presume it is "inconceivable" that R.A's statements provided a good faith basis for pursuing criminal charges, or that such charges were "disingenuous" due to R.A.'s preexisting relationship with Dennis Mitsunaga or MAI's actions towards R.A.[26] Rather, these statements could tend to demonstrate Defendants' "good faith basis" for pursuing criminal charges against L.J.M.[27] However, the Court will issue a limiting instruction directing the jury to consider these statements only for this purpose of showing effect on a listener and not for the truth of the matter asserted (i.e., that L.J.M. committed theft, or that there was probable cause to charge L.J.M. with criminal theft).

Moreover, upon reviewing the redactions at issue here, the Court notes that certain of Defendants' proposed statements for admission omit either context for the statement or language that changes the meaning of the testimony.[28] The Court reminds the parties that

---

[26] *Id.* at 10.
[27] Dkt. 345 at 2.
[28] *See* Dkt. 396 at 9.

under Rule 106, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." The Court strongly encourages the parties to submit complete and accurately representative portions of L.J.M. and R.A.'s testimony at trial, and that if a portion appears incomplete such that another portion should in fairness be entered, the opposing party may require it under Rule 106.

> B. *The statements made by "other" unnamed individuals during litigation are not admissible at this time.*

Defendants further seek to admit statements made by "others in the course of litigation" that were relied on by Tanaka, other Defendants, and DPA prosecutors that are "highly relevant for the purposes of determining the state of mind of the Defendants" in leveraging criminal charges against L.J.M.[29] As the Court cannot assess the admissibility of these statements made by other, unnamed individuals without first knowing their origin, content, or purpose, the Court declines to grant them blanket admissibility. Defendants may seek to clarify or submit further portions of prior testimony from these cases.

---

[29] Dkt. 345 at 5–6.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part without prejudice** Defendants' Motion *in Limine* No. 5 at Docket 345, as follows:

1. **GRANTS in part** Defendants' Motion No. 5 that statements made by L.J.M. and R.A. during litigation are admissible for the non-hearsay purpose of demonstrating their effect on a listener, subject to a limiting instruction;

2. **DENIES in part without prejudice** Defendants' Motion No. 5 regarding statements made by "other" unnamed individuals during litigation.

The parties are directed to confer, and file proposed limiting jury instructions as indicated in this Order **on or before March 11, 2024.** To the extent the parties are not able to agree on all language, the proposed limiting jury instructions shall include all agreed-upon language, disputed language and any reasons for dispute, and reference to relevant authorities.

IT IS SO ORDERED.

Dated this 6th day of March, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE