UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　　　　Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANTS'<br>MOTION *IN LIMINE* NO. 10<br>**(DKT. 337)** |

## I.   INTRODUCTION

Before the Court is Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka's ("Defendants") "Motion *in Limine* No. 10 to Exclude Evidence of Keith Kaneshiro's Grand Jury Testimony" (the "Motion").[1] The Defendants seek a Court order "excluding any use of [Kaneshiro's] grand jury testimony in this case."[2] The United States opposes the Defendants' Motion.[3] The matter is fully briefed, and a public hearing was held on February 26, 2024.[4] For the following reasons, the Court **GRANTS** the Defendants' Motion, subject to renewal by the United States.

---

[1] Dkt. 337 (Defendants' Motion *in Limine* No. 10).

[2] *Id.* at 2.

[3] Dkt. 374 (United States' Opposition to Defendants' Motion *in Limine* No. 10).

[4] Dkt. 462 (Motion Hearing).

## II. BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are familiar with the factual and procedural history of this case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

Relevant here, Defendants submit a motion *in limine* seeking to exclude any use of Kaneshiro's grand jury testimony in this case.[5] At the hearing on February 26, 2024, the Court orally granted Defendants' Motion, subject to renewal by the United States.[6]

## III. LEGAL STANDARD

*A. Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[7] and may be used to request evidence be either excluded or admitted before trial.[8] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[9] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[10]

---

[5] Dkt. 337 at 2.
[6] *See* Dkt. 462.
[7] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[8] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).
[9] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.
[10] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[11] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[12]

### B. Relevance

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[13] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[14]

### C. Character Evidence

Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."[15] However, there is an exception for a defendant in a criminal case, who may offer evidence of the defendant's "pertinent [character] trait."[16] Such evidence may only be

---

[11] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[12] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[13] Fed. R. Evid. 401.
[14] Fed. R. Evid. 402.
[15] Fed. R. Evid. 404(a)(1).
[16] Fed. R. Evid. 404(a)(2)(A); *see United States v. Weber*, No. CR 21-28-M-DLC, 2022 WL 2463039, at *1 (D. Mont. July 6, 2022).

proved "by testimony about the person's reputation or by testimony in the form of an opinion."[17] If the evidence is admitted, "the prosecutor may offer evidence to rebut it."[18]

### IV.   DISCUSSION

In 2016, Kaneshiro provided grand jury testimony on several occasions as the custodian of records for the City and County of Honolulu Department of the Prosecuting Attorney on matters unrelated to the present case.[19] On July 28, 2023, Kaneshiro filed a motion to compel discovery of his 2016 grand jury testimony.[20] The United States responded that "Kaneshiro's 2016 grand jury testimony does not relate to and is not relevant to the charges in this case. There is no grand jury testimony by Kaneshiro relating to the charges in this case."[21] Defendants submit that "[s]ince the government has clearly taken the position that Kaneshiro's grand jury testimony is not relevant to this case," the Court should issue an order excluding "any use of his grand jury testimony in this case."[22]

"The United States stands by its position that Kaneshiro's prior under oath grand jury statements are not relevant to the charges in this case."[23] However, the United States argues that because "it is unclear whether Kaneshiro seeks to admit evidence of his

---

[17] Fed. R. Evid. 405(a); *see United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987); *Weber*, 2022 WL 2463039, at *1.
[18] Fed. R. Evid. 404(a)(2)(A).
[19] Dkt. 374 at 2.
[20] Dkt. 337 at 2; *see* Dkt. 236 (Motion to Compel Discovery).
[21] Dkt. 337 at 2; *see* Dkt. 250 (United States' Response) at 6. Kaneshiro subsequently withdrew his motion to compel discovery on August 25, 2023. *See* Dkt. 374 at 2; Dkt. 257 (Reply to Government's Response and Withdrawal of Motion to Compel Discovery).
[22] Dkt. 337 at 2.
[23] Dkt. 374 at 2.

character," excluding any use of his grand jury testimony is premature.[24] It observes that Kaneshiro's grand jury testimony may become relevant should he decide to offer evidence of a pertinent character trait under Federal Rule of Evidence ("Rule") 404(a)(2).[25]

Consistent with its oral order, the Court finds that Kaneshiro's 2016 grand jury testimony is not relevant to the present criminal charges and is thus inadmissible under Rules 401 and 402.[26] However, the Court will not bar "any [future] use of [Kaneshiro's] grand jury testimony in this case," as it may become relevant and warrant further rulings.[27] Therefore the Defendants' Motion is granted, but subject to renewal by the United States should Kaneshiro's grand jury testimony become relevant.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion *in Limine* No. 10 at Docket 337, subject to renewal by the United States.

IT IS SO ORDERED.

Dated this 6th day of March, 2024.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[24] *Id.* at 3.
[25] *Id.* (citing *Michelson v. United States*, 335 U.S. 469, 477–78 (1948)).
[26] Dkt. 462.
[27] Dkt. 337 at 2.