UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEITH MITSUYOSHI KANESHIRO (1),
DENNIS KUNIYUKI MITSUNAGA (2),
TERRI ANN OTANI (3),
AARON SHUNICHI FUJII (4),
CHAD MICHAEL MCDONALD (5),
SHERI JEAN TANAKA (6),

Defendants.

Case. No. 1:22-cr-00048-TMB-NC

ORDER ON UNITED STATES'
MOTION *IN LIMINE* NO. 1
**(DKT. 340)**

## I.  INTRODUCTION

Before the Court is the United States' "Motion *in Limine* No. 1: to Admit Emails to

and from Keith Kaneshiro's Executive Assistant ('EA-1')" (the "Motion").[1] The United

States seeks to admit a series of emails between Defendants Sheri Jean Tanaka ("Tanaka")

and Terri Ann Otani ("Otani") and Defendant Keith Kaneshiro's ("Kaneshiro") longtime

executive assistant ("EA-1") at the City and County of Honolulu Department of

Prosecuting Attorney ("DPA").[2] Defendants Kaneshiro, Dennis Kuniyuki Mitsunaga

("Mitsunaga"), Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Tanaka

("Defendants") oppose the Motion.[3] The matter is fully briefed, and a public hearing was

---

[1] Dkt. 340 (United States' Motion *in Limine* No. 1).

[2] *Id.* at 1–2.

[3] Dkt. 380 (Defendants' Opposition to Government's Motion *in Limine* No. 1).

1

held on February 26, 2024.[4] For the following reasons, the Court **GRANTS** the Motion

such that the emails be admitted if and when the United States establishes proper

foundation.

## II.   BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are

familiar with the factual and procedural history of this case. The Court incorporates by

reference the factual and procedural history included in its Order at Docket 484.

Relevant here, EA-1, Tanaka, and Otani exchanged a series of emails facilitating

meetings between Kaneshiro and Mitsunaga, Tanaka, and EA-1 and sharing information

and status updates regarding the L.J.M. investigation between September 2012 and January

2016.[5]

The United States seeks to admit the emails from EA-1 to Tanaka and Otani as

opposing party statements under Federal Rule of Evidence ("Rule") 801(d)(2)(D), and the

emails from Tanaka and Otani to EA-1 as opposing party and coconspirator statements

under Rule 801(d)(2)(A) and (E).[6] In response, Defendants suggest that EA-1 was not

Kaneshiro's agent or employee warranting admission of EA-1's emails as opposing party

statements under Rule 801(d)(2)(D),[7] and further, that the United States must first establish

this relationship and lay foundation prior to admitting these emails at trial.[8]

---

[4] Dkt. 462 (Motion Hearing).
[5] *See* Dkt. 340-1 (EA-1, Tanaka, and Otani Emails); Dkt. 70 (Superseding Indictment) at 10–19.
[6] Dkt. 340 at 9.
[7] Dkt. 380 at 2.
[8] *Id.*

At the Motion Hearing held on February, 26, 2024, Defendants clarified that the emails may be admissible, so long as the United States first lays a proper foundation that the statements were made by EA-1 as Kaneshiro's agent or employee while she was acting in the scope of her employment and on a matter within the scope of that employment.[9] The Court then granted the United States' Motion orally on the record, such that the emails may be admitted provided that the United States establishes foundation.[10]

### III.   LEGAL STANDARD

#### A.   *Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[11] and may be used to request evidence be either excluded or admitted before trial.[12] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[13] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[14]

---

[9] Dkt. 462.

[10] *Id.*

[11] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[12] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[13] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[14] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[15] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[16]

### B. Hearsay

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[17] Statements not offered for the truth of the matter asserted are not hearsay.[18] Under Rule 802, hearsay is inadmissible unless an exclusion or an exception applies.

Under Rule 801(d)(2)(A), an opposing party's statement, when "offered against an opposing party and[] . . . made by the party in an individual or representative capacity" is not hearsay and is thus excluded from Rule 801's prohibition, even if offered for the truth of the matter asserted.[19]

Further, under Rule 801(d)(2)(D), a statement is not hearsay if it "was made by the party's agent or employee on a matter within the scope of that relationship and while it

---

[15] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[16] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[17] Fed. R. Evid. 801(c).

[18] Fed. R. Evid. 801; *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007).

[19] *United States v. Thompson*, 538 F. Supp. 3d 1122, 1129 (D. Nev. 2021) ("Statements made by a party opponent are not hearsay, even if offered for the truth of the matter asserted.").

existed." "Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment."[20] Proper foundation to introduce a statement under Rule 801(d)(2)(D) requires that: "(1) the statement must be made by an agent or employee of the party against whom the statement is being offered; (2) the statement must concern a matter within the scope of that employment relationship; and (3) the statement must be made while the declarant is yet employed by the party."[21]

Further, under Rule 801(d)(2)(E), a statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy."

## IV.   DISCUSSION

The United States argues that the emails from EA-1 to Otani and Tanaka "illuminate . . . milestone events of the charged conspiracy" and are thus relevant to establishing the alleged "corrupt relationship between the MAI defendants (officers, principals, and agents of the MAI engineering firm) and Keith Kaneshiro."[22] It submits that the emails "cleanly" satisfy the admission requirements as statements of an agent or employee of an opposing party under Rule 801(d)(2)(D).[23] First, the United States argues that EA-1 sent the emails while she was employed as Kaneshiro's executive assistant and in the scope of her employment.[24] It notes that EA-1 served as Kaneshiro's "chief of

---

[20] *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986).
[21] *Weil v. Citizens Telecom Servs. Co., LLC*, 922 F.3d 993, 999 (9th Cir. 2019).
[22] Dkt. 340 at 2.
[23] *Id.* at 8.
[24] *Id.* at 7–8.

staff, . . . his trusted right hand[,] and his closest confidant," and that her duties included overseeing his office's budget and hiring decisions, meeting with Kaneshiro on a daily basis, scheduling and attending meetings with Kaneshiro, and meeting with people and receiving materials and money on his behalf.[25] Thus, "[i]t was in this capacity EA-1 interfaced with MAI, [and] served as a conduit between Mitsunaga and Kaneshiro."[26] Second, the statements in EA-1's emails concern a matter within the scope of her employment because they show her "pass[ing] to Kaneshiro the 'evidence' that she received from MAI regarding L.J.M.," "sp[eaking] for Kaneshiro, act[ing] at his direction, and serv[ing] his interests."[27] And third, the emails were sent while EA-1 was employed as Kaneshiro's executive assistant.[28]

Further, the United States submits that the emails from Tanaka and Otani to EA-1 are "easily" admissible as party opponent statements and statements of coconspirators under Rules 801(d)(2)(A) and 801(d)(2)(E), respectively.[29]

Though they do not directly contest the emails' admissibility, Defendants suggest that "EA-1 was not an employee of Kaneshiro himself, but rather an employee of the [DPA]."[30] They note that the United States must "prove by a preponderance of the evidence" that "[EA-1] was Kaneshiro's agent" before the statements may be admitted.[31]

---

[25] *Id.* at 8–9 (internal punctuation omitted).
[26] *Id.* at 9.
[27] *Id.*
[28] *Id.* at 8.
[29] *Id.* at 9.
[30] Dkt. 380 at 2.
[31] *Id.* (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)).

They further remind the Court that "[a]lthough the court may consider the statement itself in determining whether the evidence is sufficient to establish the necessary relationship, the statement alone is not sufficient."[32] Defendants do not dispute or address the admissibility of the emails from Tanaka and Otani to EA-1.[33]

Consistent with its oral order, the Court concludes that the emails from EA-1 to Otani and Tanaka are admissible under Rule 801(d)(2)(D), provided the United States establishes foundation before introducing them. Further, the Court finds that the emails from Otani and Tanaka to EA-1 are admissible as opposing party statements under Rules 801(d)(2)(A) and 801(d)(2)(E).

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion *in Limine* No. 1 at Docket 340, provided the United States first establishes proper foundation for the evidence as appropriate.

IT IS SO ORDERED.

Dated this 7th day of March, 2024.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[32] *Id.*
[33] *Id.* (absence).