UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　　　Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANTS'<br>MOTION *IN LIMINE* NO. 11<br>**(DKT. 338)** |

## I.  INTRODUCTION

Before the Court is Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka's ("Defendants") "Motion *in Limine* No. 11 to Exclude Evidence Regarding Katherine Kealoha" (the "Motion").[1] The Defendants seek to exclude any evidence "naming or referring to Katherine Kealoha" without an offer of proof as to its relevance.[2] The United States opposes the Defendants' Motion.[3] This matter is fully briefed, and a public hearing was held on February 26, 2024.[4] For the following reasons, the Court **GRANTS** the Defendants' Motion, such that the Court will make individualized

---

[1] Dkt. 338 (Defendants' Motion *in Limine* No. 11).
[2] *Id.* at 2.
[3] Dkt. 375 (United States' Opposition to Defendants' Motion *in Limine* No. 11).
[4] Dkt. 462 (Motion Hearing).

1

determinations regarding the admissibility of any evidence referencing Katherine Kealoha before the evidence is introduced. To that end, the Court directs the Parties to prepare witnesses that any mention of Katherine Kealoha during testimony will require the Court's preapproval, and to direct witnesses to identify or otherwise refer to Kealoha by *position* only while testifying (i.e., as a "high ranking prosecutor").

## II.  BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are familiar with the factual and procedural history of this case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

Relevant here, Katherine Kealoha ("Kealoha") is a former Deputy Prosecutor with the City and County of Honolulu Department of the Prosecuting Attorney and was Deputy Prosecuting Attorney Delaplane's supervisor when he filed theft charges against L.J.M. on December 1, 2014.[5] In 2019, Kealoha was convicted of federal conspiracy and obstruction of justice charges in the separate case *United States v. Kealoha*.[6] Defendants submit a motion *in limine* seeking to exclude evidence regarding Katherine Kealoha.[7] At the hearing on February 26, 2024, the Court orally granted the Defendants' Motion.[8]

---

[5] Dkt. 338 at 2.
[6] Cr. No. 17-582 (JMS) (District of Hawaii 2019).
[7] Dkt. 338 at 2.
[8] Dkt. 462.

### III. LEGAL STANDARD

*A. Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[9] and may be used to request evidence be either excluded or admitted before trial.[10] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[11] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[12]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[13] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[14]

---

[9] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[10] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[11] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[12] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[13] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[14] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

### B. Relevance and Prejudice

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[15] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[16] However, relevant evidence may still be excluded under Federal Rule of Evidence ("Rule") 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[17]

### IV. DISCUSSION

"Defendants request a court order preventing the government from introducing evidence naming or referring to Katherine Kealoha without first presenting an offer of proof as to the relevance of the evidence and allowing the court to make a determination as to whether any relevance is substantially outweighed by the danger of unfair prejudice" under Rule 403.[18] They argue that Kealoha "had little, if anything, to do with the L.J.M. prosecution" as Delaplane's supervisor, and thus references to her are irrelevant to the criminal charges in this case.[19] Defendants further argue that, given Kealoha's "notoriety"

---

[15] Fed. R. Evid. 401.
[16] Fed. R. Evid. 402.
[17] Fed. R. Evid. 403.
[18] Dkt. 338 at 2.
[19] *Id.*

4

and the "extensive publicity surrounding [her] 2019 trial and later sentencing," "any mention of her name as associated with the [D]efendants in this case risks drawing unfair prejudice."[20] At the hearing, Defendants clarified they were not seeking a blanket ruling, only an offer of proof of the relevance of any evidence mentioning Kealoha's name before its admission.[21]

The United States confirms that it "will not offer testimony from Katherine Kealoha," but that it "intends to introduce evidence that may tangentially reference Kealoha's name to place Kaneshiro's actions in furthering the conspiracy in context."[22] Thus, it argues, "Defendants' efforts to prevent even the mentioning of her name are inappropriate."[23] First, it argues that evidence suggests "[Kealoha] did not even know that Delaplane had the L.J.M. case, and had no supervisory oversight into it," and therefore reference to her name is relevant to "establish[] Kaneshiro's highly unusual treatment of L.J.M.'s case."[24] Specifically, it references an April 2016 email from Kealoha to Delaplane, in which Kealoha refers to the criminal case against L.J.M. as a "special assigned case" and asks Delaplane to confirm its status as a special assigned case and who assigned it to him.[25] At the hearing, the United States clarified that it may not seek to admit the emails, but that the evidence would come in through an examination of Delaplane.[26]

---

[20] *Id.*
[21] Dkt. 462.
[22] Dkt. 375 at 3.
[23] *Id.*
[24] *Id.* at 4–5.
[25] *Id.* at 4.
[26] Dkt. 462.

5

Second, the United States argues that the probative value of Kealoha's role as Delaplane's supervisor, and the fact that "Delaplane was prosecuting L.J.M.'s case outside of Kealoha's supervisory command," is an "important fact proving Kaneshiro's corrupt agreement with the MAI defendants" and "show[s] the specialized treatment Kaneshiro afforded this low-level 'theft' case."[27] As its probative value outweighs risk of unfair prejudice, the United States argues, "[t]here is no need for an 'offer of proof' preceding any evidence 'naming or referring to' Kealoha."[28] The United States also notes that "it is not hard to imagine that a witness might—prompted or not—mention Kealoha's role within Kaneshiro's supervisory chain" while providing testimony.[29]

### A. The Parties Must First Offer Proof of Relevance Prior to Referencing Kealoha

First, consistent with its oral order, the Court finds that references to Kealoha generally have limited relevance to the present criminal charges under Rules 401 and 402. Moreover, given the publicity surrounding Kealoha's 2019 criminal trial and conviction, the Court finds that the probative value of evidence naming or referring to Kealoha may be substantially outweighed by a risk of unfair prejudice to Defendants under Rule 403. However, the Court declines to issue a blanket order preventing "any mention of [Kealoha's] name as associated with the [D]efendants in this case."[30] Should the United States offer proof that certain evidence "naming or referring to" Kealoha is relevant, the

---

[27] Dkt. 375 at 5–6.
[28] *Id.* at 6 (quoting Dkt. 338 at 2).
[29] *Id.* at 5.
[30] Dkt. 338 at 2.

Court will then determine whether its probative value is substantially outweighed by a risk of unfair prejudice to Defendants and, subsequently, whether it is admissible.[31] But, unless such a circumstance arises, the Court finds that evidence "naming or referring to" Kealoha has limited relevance and risks unfair prejudice to Defendants, and is thus inadmissible at trial.[32]

Further, the Court directs the Parties to instruct their witnesses not to name or reference Kealoha while providing testimony, unless the Court has made a prior determination as to the relevance and admissibility of such evidence. To this end, the Court also directs the Parties to instruct witnesses to identify or otherwise refer to Kealoha by *position* only while testifying (i.e., as a "high ranking prosecutor").

   B. *Should the United States Seek to Admit the Kealoha and Delaplane Emails, the Emails Are Admissible With Redactions*

Second, the Court finds that the United States has presented sufficient proof that the substance of the emails between Kealoha and Delaplane at Docket 375 is relevant to the criminal charges in this case. The emails appear highly relevant to the United States' argument that Kaneshiro gave L.J.M.'s criminal case differential treatment under Rules 401 and 402.

However, the Court also finds the probative value of "naming or referring to" Kealoha in the emails still may be substantially outweighed by a risk of unfair prejudice to

---

[31] *Id.*
[32] *Id.*

Defendants under Rule 403.[33] Kealoha's position as Delaplane's supervisor—rather than her name itself—appears necessary to the email's probative value. Therefore, as a preliminary ruling subject to the possible development of presented evidence, should the United States seek to admit the emails at trial, the Court directs the United States to redact Kealoha's name and any identifying characteristics with a pseudonym conveying her position (i.e., "Supervisor-1" or "high ranking prosecutor") in the emails to prevent a risk of unfair prejudice to Defendants. Further, consistent with its oral order, should the United States seek to develop this evidence through Delaplane's testimony, the Court directs the United States to instruct Delaplane not to name Kealoha and to identify or otherwise refer to her by *position* only while testifying (i.e., as a "high ranking prosecutor"), and to elicit his testimony without requiring mention of her name.[34]

## V.  CONCLUSION

For the foregoing reasons, the Court

1. **GRANTS** Defendants' Motion *in Limine* No. 11 at Docket 338, such that the Court will make individualized determinations regarding the admissibility of any evidence referencing Katherine Kealoha before the evidence is introduced;

2. **DIRECTS** the United States to redact Kealoha's name in the emails at Docket 375 prior to entering them into evidence at trial, should it seek to do so, as a preliminary ruling applicable unless otherwise directed regarding references to Kealoha; and

---

[33] *Id.*
[34] *See* Dkt. 462.

3. **DIRECTS** the Parties to instruct their witnesses not to name or reference Kealoha without prior Court approval and to identify or otherwise refer to Kealoha by *position* only while testifying (i.e., as a "high ranking prosecutor").

IT IS SO ORDERED.

Dated this 7th day of March, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE