UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>     Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br><br>ORDER ON DEFENDANTS'<br>MOTION *IN LIMINE* NO. 14 & 15<br>AND UNITED STATES' MOTION<br>*IN LIMINE* NO. 3<br>**(DKTS. 342 and 343)** |

## I.   INTRODUCTION

Before the Court is Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka's ("Defendants") "Motions *in Limine* No. 14 & 15 Re: Motion to Exclude 'Other Act' Evidence Related To: (1) Masui Police Complaint; and (2) Tax Complaint" (the "Defendants' Motions No. 14–15")[1] and the United States' Motion *in Limine* No. 3 to Admit Evidence of the Conspirators' Malicious Tax Investigation Referral (the "United States' Motion No. 3").[2] The Defendants seek to exclude evidence related to: (1) Mitsunaga and Associates, Inc.'s ("MAI") Police Complaint against Stanford Masui;

---

[1] Dkt. 342 (Defendants' Motions *in Limine* No. 14 & 15).
[2] Dkt. 343 (United States' Motion *in Limine* No. 3).

and (2) a tax complaint filed by Terri Ann Otani alleging tax violations by L.J.M.[3]
Defendants also oppose the United States' Motion.[4] The United States opposes the
Defendants' Motion,[5] and asks the Court to admit evidence of Otani's tax investigation
referral against L.J.M.[6] The matter is fully briefed, and a public hearing was held on
February 26, 2024.[7] For the following reasons, the Court **DENIES** the Defendants'
Motions No. 14–15 and **GRANTS** the United States' Motion No. 3, subject to limiting
instructions as set out below to guide the jury's consideration of the evidence and cure risk
of unfair prejudice where appropriate.

## II.    BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are
familiar with the factual and procedural history of this case. The Court incorporates by
reference the factual and procedural history included in its Order at Docket 484.

Relevant here, on July 17, 2012, Aaron Fujii ("Fujii") filed a police complaint
alleging that L.J.M. and Stanford Masui, an attorney for whom L.J.M. had worked,
committed theft against MAI.[8] The United States has noticed an intent to introduce the
police complaint.[9]

---

[3] Dkt. 342 at 2.
[4] Dkt. 373 (Defendants' Opposition to United States' Motion *in Limine* No. 3).
[5] Dkt. 390 (United States' Opposition to Defendants' Motion *in Limine* No. 14); Dkt. 391
(United States' Opposition to Defendants' Motion *in Limine* No. 15).
[6] Dkt. 343 at 1.
[7] Dkt. 462 (Motion Hearing); Dkt. 474 (Hearing Transcript).
[8] Dkt 70 (Superseding Indictment) at 4.
[9] Dkt. 336 (United States' 404(b) Notice) at 2–3.

Further, on August 7, 2014, Terri Ann Otani ("Otani") emailed a complaint to the State of Hawaii Department of Taxation alleging that L.J.M. committed tax fraud by failing to report income.[10] The United States noticed an intent to introduce the tax complaint.[11]

Here, Defendants submit two consolidated motions *in limine* "to exclude at trial any evidence, questioning, statement, or argument that refers to two categories of 'other act' evidence":

- **Motion No. 14:** MAI's police complaint against Stanford Masui ("Police Complaint")[12]; and

- **Motion No. 15:** a tax complaint filed by Otani with respect to tax violations by L.J.M. ("Tax Complaint").[13]

At oral argument, Defendants asserted that both categories of "other act" evidence are "being offered to show [Defendants'] propensity . . . for litigiousness" and that "the actual nexus between the crime alleged [and the other acts] are not . . . sufficiently intertwined" to warrant their admission.[14] As such, Defendants argued, they are "not . . . necessary to complete the story for the [G]overnment."[15]

Related to Defendants' Motion *in Limine* No. 15, the United States submits Motion *in Limine* No. 3 "to admit evidence of the conspirators' malicious tax investigation referral

---

[10] Dkt. 70 at 15.
[11] Dkt. 336 at 8–10.
[12] Dkt. 342 at 2.
[13] *Id.* at 2–3.
[14] Dkt. 474 at 155, 157.
[15] *Id.* at 159.

against L.J.M. in August 2014."[16] At oral argument, the United States submitted that both acts are "inextricably intertwined by [Defendants'] own writing and their own making" and represent the "beginning of the criminal prosecution" of L.J.M., and thus they are admissible.[17]

## III.    LEGAL STANDARD

### A.  Motions in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[18] and may be used to request evidence be either excluded or admitted before trial.[19] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[20] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[21]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[22] Otherwise,

---

[16] Dkt. 343 at 1.

[17] Dkt. 474 at 161.

[18] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[19] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[20] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[21] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[22] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

"evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[23]

### B. Rule 404(b)

Under Federal Rule of Evidence ("Rule") 404(b)(1), evidence of a defendant's prior conviction, wrong, or act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[24] "This prohibition reflects the 'underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.'"[25]

Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment."[26] Courts have found evidence is "inextricably intertwined" with the crime charged "and therefore need not meet the requirements of Rule 404(b)" where (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) the evidence is necessary for "the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."[27]

Further, under Rule 404(b)(2), evidence falling within the scope of Rule 404(b) "may be admissible for another purpose, such as proving motive, opportunity, intent,

---

[23] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[24] Fed. R. Evid. 404(b)(1).
[25] *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004).
[26] *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (citing *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993)).
[27] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).

preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[28] To introduce evidence under Rule 404(b)(2),

> [t]he Government carries the burden to prove that the proposed evidence satisfies four requirements:
>
> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) [in certain cases,] the act is similar to the offense charged (similarity).[29]

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[30]

### C. Relevance and Prejudice

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[31] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[32] However, relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of

---

[28] Fed. R. Evid. 404(b)(2).

[29] *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).

[30] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

[31] Fed. R. Evid. 401.

[32] Fed. R. Evid. 402.

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[33]

## IV.    DISCUSSION

A. *The Court DENIES Defendants' Motion* in Limine *No. 14, such that the Police Complaint is admissible, subject to a limiting instruction.*

The United States noticed its intent to introduce at trial evidence relating to the Police Complaint.[34] In their Motion *in Limine* No. 14, Defendants argue that "any evidence, questioning, statement or argument" referring to the Police Complaint should be excluded at trial because: (1) it is not "inextricably intertwined" with the criminal charges; (2) it is not admissible "other act" evidence under Rule 404(b); and (3) its probative value is "substantially outweighed by the dangers of wasting time, unfair prejudice, confusing the issues, and misleading the jury."[35]

First, Defendants contend that the Police Complaint is "other act" evidence subject to analysis under Rule 404(b).[36] They posit that "litigiousness" shown through "[a] party's filing of numerous complaints," such as the Police Complaint, "qualifies as a character trait of concern with respect to [Rule] 404(b)" and may not be "admitted to prove propensity."[37]

---

[33] Fed. R. Evid. 403.

[34] *See* Dkt. 336 (United States' 404(b) Notice) at 2–3.

[35] Dkt. 342 at 4.

[36] *Id.* at 5.

[37] *Id.* at 5–6 (quoting *Dupard v. Kringle*, 76 F.3d 385, at *4 (9th Cir. 1996)). Defendants cite to "[n]umerous other circuits [that] have held that litigiousness is the type of conduct that qualifies as [Rule] 404(b) prohibited evidence." *Id.* at 6 (citing *Nelson v. City of Chicago*, 810 F.3d 1061, 1071 (7th Cir. 2016); *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 776 (7th Cir. 2001); *Marcic v. Reinauer Transp. Companies*, 397 F.3d 120, 125 (2d Cir. 2005)).

They further argue that the Police Complaint is not "inextricably intertwined" with the charged offenses because: (1) the filing of the Police Complaint at the same as the complaint against L.J.M. "does not automatically make the two inextricably intertwined"; (2) the Police Complaint "preceded MAI's first contacts with the [City and County of Honolulu Department of Prosecuting Attorney ("DPA")], and there is no allegation that the MAI Defendants tried to bribe anybody to investigate or prosecute Masui"; and (3) the Police Complaint "is not necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the alleged conspiracy to secure a prosecution of L.J.M. through bribery."[38]

Defendants suggest that "[c]oincidence in time is insufficient" to show that evidence is inextricably intertwined with the crime charged because "[t]here must be a criminal relationship between the alleged crime and the offered other act.".[39] Further, Defendants argue that because "[t]here is no accusation that [the Police Complaint] was tainted by any attempts to bribe the prosecuting attorney for the prosecution of Masui," there is no "contextual connection between the Masui police complaint and the act of bribery as related to L.J.M."[40] To support their argument that there is no contextual connection, Defendants cite the Ninth Circuit case *United States v. Williams*[41] for the proposition that "[t]he policies underlying [R]ule 404(b) are inapplicable when offenses committed as part

---

[38] *Id.* at 7 (citing *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)).
[39] *Id.* at 7–8 (quoting and then citing *United States v. Vizcarra-Martinez*, 66 F.3d 1066, 1013 (9th Cir. 1995)).
[40] *Id.* at 8.
[41] 989 F.2d 1061 (9th Cir. 1993).

of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions."[42] They argue that *Williams* is distinguishable because "[t]his is not a case where the Government made a decision to indict Defendants for less than all of their alleged criminal actions (*i.e.*, consciously not indicting criminal activity relating to the [Police Complaint]."[43] Rather, they argue, "[the MAI Defendants'] actions with respect to Masui were not criminal and not part of the alleged bribery conspiracy," indicating a lack of contextual connection.[44] "Moreover, the prosecution does not need to refer to the Masui Complaint in order to tell a coherent and comprehensible story regarding the [commission] of the charged offenses, which relate solely to L.J.M.," and the Police Complaint is thus "subject to a [Rule] 404(b) analysis."[45]

Second, Defendants argue that the "[Police Complaint] fails the *Bailey* test" for admitting Rule 404(b) evidence and "does not qualify under a[n] . . . exception."[46] They note that "there is no factual nexus between the [Police Complaint] and a material point related to the alleged bribery conspiracy besides an attempt . . . . to show litigiousness"; "there is remoteness in time" because the Police Complaint was filed about three months before the alleged bribery attempts began; "there is no nexus between the [Police Complaint] to support a finding that Defendants bribed the prosecutors to criminally charge L.J.M."; and "[t]here is no similarity in the allegations of payment for [L.J.M.'s]

---

[42] Dkt. 342 at 8–9 (quoting *Williams*, 989 F.2d at 1070) (internal quotations omitted).
[43] *Id.* (internal quotations omitted).
[44] *Id.*
[45] *Id.* at 9.
[46] *Id.* at 10 (citing *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).

prosecution and the filing of the [Police Complaint]."[47] Further, Defendants submit that the Police Complaint cannot be used to establish *modus operandi* because identity of the alleged perpetrator is not at issue, and that the Police Complaint, filed "in July 2012, does not support a motive or intent to pay a bribe in October 2012."[48]

Third, Defendants argue that "any probative value that can be shown by the [Police Complaint] . . . is outweighed by the risk of misleading the jury or undue prejudice."[49] They submit that the probative value of "litigiousness . . . is outweighed by the substantial danger of jury bias against the chronic litigant" and that "permitting the [Police Complaint] runs the risk of confusing the jury and potentially drawing a prejudicial bias against Defendants."[50]

---

[47] *Id.* at 10–11.

[48] *Id.* at 11–12. The Court is not yet persuaded by Defendants' frequently raised argument that *modus operandi* evidence is admissible solely when identity is at issue, though this is certainly a common purpose under Rule 404(b). For one, expert testimony on *modus operandi* is often used to explain complex crimes to the jury in conspiracy cases. *See, e.g.*, *United States v. Hernandez-Silva*, 32 F. App'x 856, 859 (9th Cir. 2002) (affirming that *modus operandi* evidence on drug couriers via expert testimony on drug trafficking practices was not erroneously admitted when identity was not at issue because "[w]here, as here, the defendant is charged with participating in a drug distribution conspiracy, expert testimony on the *modus operandi* of drug traffickers may serve this purpose"); *United States v. Burchfield*, 719 F.2d 356, 358 (11th Cir. 1983). For another, it has been properly admitted to demonstrate a defendant's knowledge and intent. *See, e.g.*, *United States v. Garcia*, 445 F. App'x 281, 283–84 (11th Cir. 2011); *United States v. Vazquez*, 370 F. App'x 459, 470 (5th Cir. 2010) (affirming admissibility of non-expert *modus operandi* evidence on drug couriers when identity was not at issue because "extrinsic evidence of the defendants' prior travel . . . contributed 'to a showing of knowledge and intent through demonstration of a modus operandi'" and "was relevant because it tended to show that [defendants] lied to the ICE agents[,] . . . that this was not an isolated incident[,] . . . and that [defendant] was not 'merely present' but was a regular and willing participant" in the drug conspiracy (quoting *United States v. Williams*, 900 F.2d 823, 826 (5th Cir. 1990))).

[49] Dkt. 342 at 12.

[50] *Id.* at 12–13 (quoting *Walker v. Schult*, 365 F. Supp. 3d 266, 280 (N.D.N.Y. 2019)).

In response, the United States argues that the Police Complaint is admissible as it is "direct evidence of" and "inextricably intertwined with the charged offenses."[51] Alternatively, the United States argues it is "other act" evidence because "[Rule 404(b)]'s admissibility requirements are easily satisfied," and that "there is no risk of confusion . . . . [or] . . . any unfair prejudice substantially outweighing the probative value of [the Police Complaint]."[52]

Arguing first for admission as direct evidence, the United States submits that the Defendants "used [the Police Complaint] directly against L.J.M. during the timeframe of the charged conspiracies" and that it is "central to the charged offenses and is direct evidence of the plot against L.J.M."[53] Thus, it "is not 'other act' evidence at all" under Rule 404(b).[54] The United States argues that the Police Complaint is "inextricably intertwined with the charged offenses" and is thus "admissible[] without need for Rule 404(b) analysis."[55] It posits that it "must be able to introduce the malicious police report Fujii filed against L.J.M. and Masui" "to tell a coherent story" because "by filing the report, the [Defendants] laid the framework for pursuing criminal charges against L.J.M."[56]

The United States disagrees with Defendants' asserted legal standard, offered without citation to authority, that there "must be a *criminal relationship* between the

---

[51] Dkt. 390 at 2.
[52] *Id.* at 2, 7–8 (internal quotations omitted).
[53] *Id.* at 8.
[54] *Id.* (citing *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016)).
[55] *Id.* at 8–9 (citing *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018); *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003); *United States v. Young*, No. CR 10-00923-SJO, 2019 WL 9518227, at *2 (C.D. Cal. Apr. 17, 2019)).
[56] *Id.* at 9.

alleged crime and the offered other act."[57] Instead it submits that the correct legal standard is "a sufficient *contextual or substantive connection* between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)."[58] The United States argues such "connections are abundant here" and the allegations are "inextricably intertwined in a literal sense" such that "[i]t is impossible to extricate Masui from Fujii's report" because it "would leave gaping holes in the report, rendering it unintelligible."[59]

Alternatively arguing for admission under Rule 404(b), the United States argues that even if the Police Complaint is not direct evidence of or inextricably intertwined with the charged offenses, it is admissible as "other act" evidence under Rule 404(b).[60] It contends it does not offer the Police Complaint to show propensity or "general litigiousness," but to "show[] the [D]efendants' malicious intent, motive, and plan to ensnare L.J.M. with criminal charges."[61] As "Fujii's report was made for the purpose of subjecting L.J.M. and Masui to unwarranted police scrutiny" and "named Masui as a 'suspect' in the *same* theft report as L.J.M.," the United States argues the Police Complaint is "foundational . . . in the conspiracy" and admissible to show "the beginnings of an illegal conspiracy."[62]

---

[57] *Id.* at 9–10 (quoting Dkt. 342 at 8).

[58] *Id.* (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995)) (emphasis in original).

[59] *Id.* at 10.

[60] *Id.* (citing *United States v. Sneezer*, 983 F.2d 920, 924 (9th Cir. 1992); *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988)).

[61] *Id.* at 10–11 (internal quotations omitted).

[62] *Id.*

Finally, the United States argues that the Police Complaint is not excluded by Rule 403 because it is "highly probative evidence of the charged offenses," and "there is no risk of unfair prejudice [because] it is proper for the jury to learn how the [Defendants] schemed and executed their plan of harassing [L.J.M. and Masui] with the specter of criminal proceedings."[63] Further, "[t]here is no risk of confusion . . . that Kaneshiro did not prosecute Masui in the end."[64]

1. <u>The Police Complaint is admissible as direct evidence of, or evidence inextricably intertwined with, the charged offense.</u>

First, the Court finds that the Police Complaint filed by Fujii against L.J.M. and Masui is admissible as direct evidence of the charged offenses in this case. The United States notes that the Defendants "used Fujii's report directly against L.J.M." and that alleged overt acts described in the Superseding Indictment cite directly to the Police Complaint.[65] Moreover, the Court notes that the theft allegations in the Police Complaint stem from the same alleged conduct by Masui and L.J.M., and the Police Complaint references both Masui and L.J.M., names them both as "suspect[s]," and includes details about their "arrangement and agreement" for L.J.M. to "work on [Masui's] project."[66] Further, although the Police Complaint preceded certain alleged overt acts of the

---

[63] *Id.* at 11 (citing *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002)) (internal quotations omitted).
[64] *Id.*
[65] *Id.* at 8; *see* Dkt. 70 at 10 (noting that "Otani sent an email . . . list[ing] the police report number of a report MAI, through Fujii, filed against L.J.M." and that "Tanaka sent . . . an email referencing "evidence in support of the complaint filed with the police regarding [L.J.M.].").
[66] Dkt. 390-6 (Theft Complaint Against Stanford Masui and L.J.M.) at 9.

conspiracy, it occurred around the timeframe of the alleged conspiracy and appears probative of the "beginnings of [the alleged] conspiracy."[67] Thus, the Court is persuaded that the Police Complaint is direct evidence of the charged offenses in this case.

Second, the Court finds that it is inextricably intertwined with the charged offenses. Although Defendants note that "their actions with respect to Masui were not criminal and not part of the alleged bribery conspiracy," Masui and L.J.M. are both named as suspects in the Police Complaint, and the theft allegations levied therein are predicated on their shared work agreement.[68] Further, as overt acts of the alleged conspiracy reference and implicate the Police Complaint, there is a "sufficient contextual or substantive connection between the proffered evidence and the alleged crime"—and more than mere "coincidence in time"—to warrant its admission as inextricably intertwined evidence.[69] Thus, *United States v. Vizcarra-Martinez* appears distinguishable from the present facts. Additionally, the United States is offering the Police Complaint not to prove propensity or to show that it "made a decision to indict Defendants for 'less than all of their alleged criminal actions,'" but to establish "Defendants' intent, motive, and plan" in pursuing criminal charges against L.J.M.[70] Moreover, "to extricate Masui from Fujii's report" may hinder the United States' ability to "offer a coherent and comprehensible story regarding the commission of the

---

[67] Dkt. 390 at 11.
[68] Dkt. 390-6 at 9.
[69] *United States v. Vizcara-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).
[70] Dkt. 390 at 10; Dkt. 342 at 8–9 (quoting *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993)).

crime" alleged.[71] Thus, the Police Complaint is admissible as evidence inextricably intertwined with the charged offenses.

2.   Alternatively, the Police Complaint is admissible as "other act" evidence under Rule 404(b).

The Court is persuaded that the Police Complaint is direct evidence of the charged offenses. Nevertheless, the Court determines that, even if the Police Complaint were not established as direct or inextricably intertwined evidence, it would be admissible as proper "other act" evidence to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" under Rule 404(b).[72] Defendants claim the Police Complaint is being offered for a propensity purpose—to demonstrate Defendants' "litigiousness." But the United States clarifies that it will offer it for the permissible purpose to show "Defendants' intent, motive, and plan to [pursue criminal charges against] L.J.M."[73] Given that the Police Complaint names both Masui and L.J.M., "MAI's two civil courtroom adversaries," it appears central to the United States' argument that "MAI's [subsequent] case against L.J.M. was based on malice, not a bona fide concern about criminal conduct."[74] Moreover, the Court finds that the Police Complaint is probative of a material point related to the alleged conspiracy, is not too remote in time from the alleged conspiracy, shares a sufficient nexus to support a finding that Defendants engaged in the alleged conspiracy to criminally charge L.J.M., and to the extent it is offered to show

---

[71] Dkt. 390 at 10; *United States v. Wells*, 879 F.3d 900, 928 (9th Cir. 2018).
[72] Fed. R. Evid. 404(b)(2).
[73] Dkt. 390 at 10.
[74] *Id.* at 10–11.

intent, is sufficiently similar to the offense charged.[75] Thus, the Court finds that the Police Complaint is admissible in the alternative as "other act" evidence under Rule 404(b).

3.   The probative value of the Police Complaint is not substantially outweighed by a danger of unfair prejudice against Defendants or confusing the jury.

The Court also finds that the Police Complaint is not barred by Rule 403. The Police Complaint seems highly probative to the United States' argument that the Defendants sought to leverage the criminal justice system against L.J.M. and as evidence of the alleged conspiracy. Defendants contend the United States cannot offer the Police Complaint to show evidence of the Defendants' "litigiousness," which is "outweighed by the substantial danger of jury bias against the chronic litigant."[76] But the United States does not seek to use the Police Complaint to show propensity or litigiousness, but rather to show "how the [Defendants] . . . executed their plan" to pursue criminal charges against L.J.M.[77] Defendants also do not explain precisely how the Police Complaint "runs the risk of confusing the jury."[78] Moreover, concerns about the propriety of Defendants' behavior in lodging the Police Complaint go to the weight of the evidence as considered by the jury, not to its admissibility. Thus, the probative value of the Police Complaint is not substantially outweighed by a danger of unfair prejudice or confusing the jury. Nonetheless, out of an abundance of caution, the Court finds that a limiting instruction directing the jury on proper consideration of evidence of litigiousness and avoiding

---

[75] *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 1996).

[76] Dkt. 342 at 12.

[77] Dkt. 390 at 11.

[78] Dkt. 342 at 13.

improper inferences that could be drawn as to the Defendants' character or propensity is necessary to mitigate any such risks to Defendants. For these reasons, the Court **DENIES** without prejudice Defendants' request to exclude the Police Complaint, subject to a limiting instruction.

> B. *The Court DENIES Defendants' Motion* in Limine *No. 15 and GRANTS United States' Motion* in Limine *No. 3, such that the Tax Complaint is admissible, subject to a limiting instruction.*

The United States has given notice that it intends to introduce at trial evidence relating to the Tax Complaint.[79] In their Motion *in Limine* No. 15, Defendants argue that "any evidence, questioning, statement or argument" referring to the Tax Complaint should be excluded at trial because: (1) it "is not inextricably int[ert]wined with the conspiracy to bribe the prosecution for criminal charges"; (2) it is not admissible as "other act" evidence under Rule 404(b) to show *modus operandi*, motive, or intent; and (3) its "limited probative value . . . is far outweighed by the prejudicial impact as it relates to charges of conspiracy to commit bribery."[80]

First, as to whether it is admissible as direct evidence, Defendants contend that "[t]he Tax Complaint was independent of the criminal complaint," and that "there is no showing that [it] serve[d] as the basis for the criminal charges" or was "related to the alleged payments to [DPA] to commence criminal charges."[81] Moreover, they argue that the Tax Complaint is not necessary "to offer a coherent story regarding the commission of

---

[79] *See* Dkt. 336 at 8–10.
[80] Dkt. 342 at 2, 14, 16–19.
[81] *Id.* at 16 (citing *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)).

the crime" because "[t]here is no indication that [DPA] was even aware of this complaint."[82] Thus, they contend, the Tax Complaint is not inextricably intertwined with the charged offense.[83]

Second, Defendants argue that the Tax Complaint is inadmissible as "other act" evidence under Rule 404(b).[84] They submit that it cannot be used to prove *modus operandi* "of trying to 'harass and intimidate L.J.M.'" because this is a "narrow exception," and this conduct is "not sufficiently similar to" the alleged bribery conspiracy.[85] They further argue that *modus operandi* "does not apply if identity is not at issue," citing a number of cases in which *modus operandi* evidence is admitted to prove identity.[86] Defendants also argue that the Tax Complaint cannot be used to prove motive or intent because "notifying the Hawai'i Department of Taxation of L.J.M.'s failure to pay her taxes is not similar to the offense charged—*i.e.* paying a county prosecutor a bribe for criminal prosecution" and "does not go to motive to bribe the county prosecutor to commence a criminal action against that person."[87]

Third, Defendants submit that the Tax Complaint is barred by Rule 403.[88] They argue that the Tax Complaint "is not probative of [Defendants'] intent as . . . related to the

---

[82] *Id.*

[83] *Id.* at 15–16.

[84] *Id.* at 16–19.

[85] *Id.* at 17 (first quoting Dkt. 336 at 9; then quoting *United States v. Curtin*, 443 F.3d 1084, 1092 (9th Cir. 2006), *on reh'g en banc*, 489 F.3d 935 (9th Cir. 2007)).

[86] *Id.* at 16 (citing *United States v. Andreis*, 802 F. App'x 272, 275 (9th Cir. 2020); *United States v. Schram*, 746 F. App'x 688, 690 (9th Cir. 2018); *United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir. 1994)). *See supra* note 46.

[87] Dkt. 342 at 18–19 (citing *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).

[88] *Id.* at 19.

charges in this case" and "has the potential to confuse the jury."[89] Further, argument on the issue "will cause undue delay . . . [by] creat[ing] a trial within a trial as to L.J.M.'s tax payment practices that are unrelated to whether or not a bribe was paid to commence a criminal prosecution."[90]

Related to Defendants' Motion *in Limine* No. 15, in its Motion *in Limine* No. 3, the United States "seek[s] to admit evidence of the [Defendants'] . . . tax investigation referral against L.J.M."[91] It argues that the Tax Complaint "is relevant and admissible . . . (1) as direct evidence of the charged offenses; (2) as evidence inextricably intertwined with the charged offenses; and (3) [alternatively] as 'other act' evidence under Rule 404(b)."[92] First, the United States submits that the Tax Complaint "is charged as an overt act committed in furtherance of the conspiracy" because it "occurs squarely within the temporal scope of the conspiracy" and "was one act . . . designed to injure, oppress, threaten, and intimidate L.J.M. in the free exercise of her federal rights."[93]

Second, it argues the Tax Complaint is also inextricably intertwined with the charged offense because its falls "directly within the timeframe of the charged conspiracies, constitutes an overt act in furtherance of those conspiracies, and provides the full context of the [Defendants'] efforts."[94] It also cites *United States v. Rizk*[95] and *United States v.*

---

[89] *Id.* at 19–20.
[90] *Id.* at 20.
[91] Dkt. 343 at 1.
[92] *Id.* at 4–5.
[93] *Id.* at 5 (citing *United States v. Bernal*, 719 F.2d 1475, 1478 (9th Cir. 1983); U*nited States v. Cooper*, 556 F. App'x 75, 83 (3d Cir. 2014)).
[94] *Id.* at 7 (citing *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004)).
[95] 660 F.3d 1125 (9th Cir. 2011).

*Young*[96] for the proposition that "in conspiracy cases, the government . . . may also submit proof pertaining to the chain of events explaining the context, motive, and set-up of the crime, which is considered inextricably intertwined with the charged conspiracy."[97]

Third, the United States argues that even if the Tax Complaint is not direct evidence of or inextricably intertwined with the charged offense, it is still admissible as "other act" evidence under Rule 404(b).[98] It states that the Tax Complaint is admissible to "prov[e] the knowledge, intent, plan, and modus operandi of the conspirators in their effort to falsely entangle L.J.M. in spurious investigations" and "to show Otani herself had knowledge of the conspiracy and was a member of it."[99] It also contends that the Tax Complaint satisfies the *Bailey* test because "(1) . . . it tends to prove that the conspirators sought to injure L.J.M. through false and malicious prosecutions[;] (2) . . . it is squarely within the time period of the charged conspiracies; (3) the act is proven . . . [;] and (4) as to intent [which requires a showing of similarity]. . . the false referral matches *exactly* the false police report lodged by Fujii against L.J.M. and [Masui], and the [Defendants'] false referral to Kaneshiro's office seeking L.J.M.'s prosecution."[100]

---

[96] No. CR 10-00923 SOJ-31, 2019 WL 9518227 (C.D. Cal. Apr. 17, 2019).
[97] Dkt. 343 at 6 (quoting *Young*, 2019 WL 9518227, at *2).
[98] *Id.* at 8–9.
[99] *Id.* at 8.
[100] *Id.* at 8–9.

Finally, the United States argues that the Tax Complaint is not barred by Rule 403 because it "is highly probative of the conspiracy against L.J.M." and "there is no risk of unfair prejudice."[101]

In response to the United States' Motion *in Limine* No. 3, Defendants incorporate by reference their Motion *in Limine* No. 15 and argue that the Tax Complaint is not direct evidence of the charged offense because "[t]here is no allegation that the prosecuting attorney was involved in any actions within the Tax Division."[102] They also argue that the Tax Complaint is not inextricably intertwined because it "was submitted months prior to the criminal charges against L.J.M." and "[t]here is no indication . . . [it] played a role or factored into the decision to commence a prosecution against L.J.M."[103] They further reassert that the Tax Complaint is not admissible under Rule 404(b) to show *modus operandi*, motive, knowledge, or intent because "Otani alerting the [Tax Department] of suspicions that L.J.M. was delinquent on her tax obligations is not related to whether or not [she] knew of payments for criminal prosecution."[104] And, even if otherwise admissible, its "limited relevance . . . is outweighed by the danger of prejudice to [D]efendants."[105]

In response to Defendants' Motion *in Limine* No. 15, the United States incorporates by reference its Motion *in Limine* No. 3 and reasserts that the Tax Complaint is "an overt

---

[101] *Id.* at 9 (citing *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1344 (3d Cir. 2002)) (emphasis in original) (internal quotations omitted).

[102] Dkt. 373 at 4.

[103] *Id.* at 5.

[104] *Id.* at 8.

[105] *Id.* at 3–4.

act in furtherance of the charged conspiracies," and is thus direct evidence of and inextricably intertwined with the charged offenses.[106] It also argues that the Tax Complaint is admissible 404(b) evidence because it evidences Defendants' "plan, scheme, modus operandi, etc. . . . to [criminally charge] L.J.M.," including "Otani's knowledge and involvement in the charged conspiracy and . . . [Defendants'] plan to falsely entangle L.J.M. in spurious investigations."[107] Moreover, it again asserts the Tax Complaint is highly probative of the charged offense and does not pose a risk of unfair prejudice, confusing the jury, or causing undue delay because it is "central to the charged conspiracies and lays bare the [Defendants'] malice toward[] L.J.M."[108]

1. <u>The Tax Complaint is admissible as direct evidence of, or evidence inextricably intertwined with, the charged offense.</u>

First, the Court finds that the Tax Complaint filed by Otani is admissible as direct evidence of the charged offenses in this case. The Court observes that the Tax Complaint is described as an overt act in furtherance of the charged conspiracy in the Superseding Indictment and that it occurred in August 2014 during the timeframe of the alleged conspiracy.[109] Thus, the Tax Complaint is being "offered as direct evidence of the fact in issue, not as circumstantial evidence requiring an inference as to the character of the accused" otherwise requiring 404(b) analysis.[110]

---

[106] Dkt. 391 at 6.
[107] *Id.* at 8–9 (internal quotations omitted).
[108] *Id.* at 10–11.
[109] Dkt. 70 at 15.
[110] *United States v. Loftis*, 843 F.3d 1173, 1176 (9th Cir. 2016).

Second, the Court finds the Tax Complaint is inextricably intertwined with the charged offense. The Tax Complaint was filed after Defendants allegedly sought L.J.M.'s prosecution and before she was charged, and it is probative and central to the United States' argument that a successful tax investigation "could influence the senior prosecutor at Kaneshiro's office to change his mind about [pursuing criminal charges against] L.J.M."[111] Because the Tax Complaint "occurred within the temporal scope of the conspiracy and comprised [it]," it is inextricably intertwined with the charged offense and necessary for "the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."[112] Moreover, the Court observes that, in addition to being an overt act in furtherance of the conspiracies levied in Count 1, the Tax Complaint appears highly probative of the charges levied in Count 2, namely "conspir[ing] and agree[ing] . . . to injure, oppress, threaten, and intimidate L.J.M. . . . in the free exercise and enjoyment of rights secured to her."[113] Thus, regardless that "[t]here is no allegation of payment of a bribe involved with [the Tax Complaint] to the Hawai'i Department of Taxation," the Court finds that it is admissible as evidence inextricably intertwined with the charged offense.[114]

---

[111] *See* Dkt. 70 at 15; Dkt. 391 at 6.

[112] *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004); *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).

[113] Dkt. 70 at 20–21.

[114] Dkt. 342 at 15.

2.  Alternatively, the Tax Complaint is admissible as "other act" evidence under
    Rule 404(b).

Alternatively, though the Court concludes that the Tax Complaint is direct evidence of and inextricably intertwined with the charged offense, the Court also finds it is admissible as "other act" evidence under Rule 404(b). The United States does not seek to use the Tax Complaint to prove Defendants' propensity but rather for the permissible purpose to "prov[e] [their] knowledge, intent, plan, and *modus operandi* . . . in their effort[s] to [pursue criminal charges against] L.J.M."[115] The Tax Complaint appears probative of Otani's knowledge of the alleged conspiracy and the Defendants' method for pursuing criminal charges against L.J.M. As the United States further clarified, *modus operandi* here refers to its attempt to "identif[y] the [Defendants'] go-to method of harassment . . . plan, [or] scheme."[116] These are permissible purposes to admit the Tax Complaint as "other act" evidence under Rule 404(b).[117] Moreover, the Court finds that the Tax Complaint is probative of a material point related to the alleged conspiracy; is not too remote in time from the alleged conspiracy; shares a sufficient nexus to support a finding that Defendants engaged in the alleged conspiracy to criminally charge L.J.M.; and as relevant to intent, is similar to the offense charged in that it levied similar charges and was allegedly made for a similarly "improper . . . purpose[]."[118] Thus, the Court finds that the Police Complaint is admissible as "other act" evidence under Rule 404(b).

---

[115] Dkt. 343 at 8.
[116] Dkt. 391 at 8.
[117] *See* Fed. R. Evid. 404(b)(2).
[118] Dkt. 391 at 9; *see United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 1996).

3. <u>The probative value of the Tax Complaint is not substantially outweighed by a danger of unfair prejudice to Defendants, confusing the jury, or causing undue delay.</u>

The Court also finds that the Tax Complaint is not barred by Rule 403. The Tax Complaint appears highly probative to the United States' argument that the Defendants sought to leverage the criminal justice system against L.J.M. and as evidence of the alleged conspiracy. Moreover, concerns about the propriety of Defendants' behavior in lodging the Tax Complaint go to the weight of the evidence as considered by the jury, not to its admissibility. Therefore, the probative value of the Tax Complaint is not substantially outweighed by a danger of unfair prejudice, confusing the jury, or causing undue delay. Nonetheless, out of an abundance of caution, the Court finds that a limiting instruction directing the jury on proper consideration of evidence of litigiousness and avoiding improper inferences that could be drawn as to the Defendants' character or propensity is necessary to mitigate any such risks to Defendants. For these reasons, the Court **DENIES** without prejudice Defendants' request to exclude the Tax Complaint and **GRANTS** the United States' request to admit the Tax Complaint, subject to a limiting instruction.

## V.   CONCLUSION

For the foregoing reasons, the Court

1. **DENIES without prejudice** Defendants' Motion at Docket 342, with appropriate limiting instructions as follows:

   a. **DENIES** without prejudice Defendants' request to exclude the Police Complaint as direct evidence of the charged offense, inextricably intertwined

evidence, or "other act" evidence under Rule 404(b) and Rule 403, with appropriate limiting instructions;

b.     **DENIES** without prejudice Defendants' request to exclude the Tax Complaint as direct evidence of the charged offense, inextricably intertwined evidence, or "other act" evidence under Rule 404(b) and Rule 403, with appropriate limiting instructions.

2.     **GRANTS** the United States' Motion at Docket 343, with appropriate limiting instructions as follows:

a.     **GRANTS** the United States' request to admit the Tax Complaint as direct evidence of the charged offense, inextricably intertwined evidence, or "other act" evidence under Rule 404(b) and Rule 403, with appropriate limiting instructions.

The Parties are directed to confer, and attempt to jointly file a complete set of proposed limiting jury instructions **on or before March 11, 2024.** Counsel shall separately file any disputed proposed limiting jury instructions, supported by legal authority. A full set of agreed-upon and disputed proposed limiting instructions in Word format and modified to conform to the facts of the case shall also be emailed to Chambers' Proposed Orders Box.

IT IS SO ORDERED.

Dated this 8th day of March, 2024.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE