UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> KEITH MITSUYOSHI KANESHIRO (1), <br> DENNIS KUNIYUKI MITSUNAGA (2), <br> TERRI ANN OTANI (3), <br> AARON SHUNICHI FUJII (4), <br> CHAD MICHAEL MCDONALD (5), <br> SHERI JEAN TANAKA (6), <br><br> Defendants. | Case No. 1:22-cr-00048-TMB-NC <br><br> ORDER ON DEFENDANTS' OBJECTIONS TO UNITED STATES' PROPOSED JURY INSTRUCTION NO. 7 <br> AND <br> UNITED STATES' OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 42: ELEMENTS OF CONSPIRACY AGAINST RIGHTS <br><br> **(DKTS. 497 and 500)** |

## I.   INTRODUCTION

Before the Court are Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka's ("Defendants") "Objections to Government's Proposed Instruction No. 7" ("Defendants' Objection")[1] and the United States' "Objections to Defendants' Proposed Instruction No. 42 Elements of Conspiracy Against Rights" ("United States' Objection").[2] The Parties disagree on whether Count Two of the First Superseding Indictment ("FSI"), alleging a Conspiracy Against Rights in violation of 18 U.S.C. § 241 ("§ 241"), requires the United States to prove a *quid pro quo* element.

---

[1] Dkt. 497 (Defendants' Objections to United States' Proposed Jury Instructions) at 17–21.
[2] Dkt. 500 (United States' Objections to Defendants' Proposed Jury Instructions) at 11–13.

Generally, the Court declines to rule piecemeal on issues surrounding jury instructions and will set a hearing to hold a fulsome discussion on all instructions and objections. But at a hearing held on March 12, 2024, the Parties asked the Court to expediently resolve this jury instruction issue due to its possible bearing on opening statements.[3] The Parties agreed that in resolving this matter, the Court should rely on the Defendants' Objection, the United States' Objection, and relevant portions of the Parties' trial briefs.[4]

For the following reasons, the Court OVERRULES the Defendants' Objection to United States' Proposed Instruction No. 7, and ADOPTS the United States' Proposed Instruction No. 7 to the extent consistent with this Order, subject to further rulings on jury instructions.

## II.   DISCUSSION

The Parties disagree on whether the "Order Denying Defendant Sheri J. Tanaka's Motion to Dismiss Count Two of the First Superseding Indictment ["FSI"]. . . and Denying Related Substantive Joinders" (the "Order") establishes as a rule of the case that the United States must prove a *quid pro quo* to establish the § 241 violation charged in Count Two.[5] The Parties agree that § 241 does not require a *quid pro quo* showing generally.[6] The Parties also agree that the Order adds an overt act requirement to the Count Two conspiracy as a

---

[3] Dkt. 525 (Status Hearing).
[4] *Id.*; *see* Dkt. 442 (Defendants' Trial Brief) at 9–11; Dkt. 444 (United States' Trial Brief) at 35–42.
[5] *See* Dkt. 195 (Order Denying Defendant Tanaka's Motion to Dismiss Count Two and Denying Related Substantive Joinders); Dkt. 497 at 17; Dkt. 500 at 11.
[6] Dkt. 497 at 17; Dkt. 500 at 13.

rule of the case, under an interpretation of the Ninth Circuit precedent in *United States v. Brown*.[7] Thus, the Parties' limited disagreement is whether the Order also requires, as a rule of the case, the United States to prove a *quid pro quo* as an element of Count Two under § 241.

    A. *The Order Does Not Add a* Quid Pro Quo *Element to § 241.*

Defendants argue that "[a]lthough a *quid pro quo* is not a standard element of § 241 prosecutions, it is an element here because of the way that the government charged the case."[8] They offer two main points in support. First, citing the Order, Defendants argue that "this *quid pro quo* requirement is what saved Count Two from dismissal on vagueness grounds."[9] Second, they assert that in the Order, "Judge Seabright similarly found that, on the facts of this case, the reasonableness of the Fourth Amendment seizure alleged in Count Two also hinged on the existence of an illicit *quid pro quo*—that is, whether the seizure was procured by bribery."[10] Upon review of the Order, the Court disagrees with both of these interpretations.

    1. <u>The Order does not add a *quid pro quo* requirement to save Count Two from dismissal on vagueness grounds.</u>

The Court rejects the Defendants' first argument that the *quid pro quo* requirement "saved Count Two from dismissal on vagueness grounds."[11] The Court observes that the

---

[7] 936 F.2d 1042, 1048 (9th Cir. 1991); *see* Dkt. 500 at 3–4; Dkt. 497 at 3; Dkt. 442 at 14; Dkt. 444 at 36.
[8] Dkt. 497 at 17.
[9] *Id.*
[10] *Id.*
[11] *See id.*

Order expressly declined to rule on the issue of vagueness.[12] Rather, the Order is clear that "the court decline[d] to decide this issue pre-trial" because "factual determinations made at trial may inform the court's decision on whether § 241 is unconstitutionally vague as applied to Tanaka."[13] In fact, the Order further clarifies that the Defendants "may seek a ruling from the court on the vagueness as-applied challenge pursuant to Federal Rule of Criminal Procedure 29(a)" after the prosecution rests at trial.[14] Therefore, the Court sees nothing in the Order to suggest that the Court added a *quid pro quo* requirement to "save[] Count Two from dismissal on vagueness grounds."[15]

   2. The Order does not require proving a *quid pro quo* in the § 241 charge in Count Two.

The Court also rejects the Defendants' second argument that Judge Seabright found that the conduct charged in Count Two "hinged on the existence of an illicit *quid pro quo*" such that a *quid pro quo* element must be added to the § 241 instruction.[16] The Order states in relevant part:

> First, Tanaka's argument is based on a faulty premise. By arguing that the FSI fails to allege a specific seizure, Tanaka ignores that § 241 charges a conspiracy, not a substantive offense. And to be convicted under § 241, the object of the offense (a violation of LJM's Fourth Amendment rights) need not in fact ever happen. *See, e.g.*, *United States v. Parker*, 165 F. Supp. 2d 431, 456 (W.D.N.Y. 2001).

---

[12] *See id.*; Dkt. 195 at 15.
[13] Dkt. 195 at 15.
[14] *Id.*
[15] Dkt. 497 at 17.
[16] *Id.* In contrast, the Parties agree that, consistent with the Court's prior orders, a *quid pro quo* element is required as to each conspiratorial object charged in Count One. *See* Dkt. 444 at 26–34; Dkt. 442 at 6–8 (citing Dkt. 442-1 (Hearing Transcript) at 9–11, 65–67); *see also United States v. Benjamin*, No. 22-3091, 2024 WL 995569, at *4, *7–10 (2d Cir. Mar. 8, 2024).

> Rather, to prove a § 241 violation, the United States must show that two or more of the Defendants agreed to deprive LJM of the right to be free from an unlawful seizure and that those Defendants knowingly joined the agreement and intended to deprive LJM of her right to be free from an unlawful seizure. *See United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018) (setting forth elements of a § 241 offense). And it is reasonable to infer that the prosecution of an individual (in return for campaign contributions) could have been intended to result in an unlawful incarceration, a clear Fourth Amendment seizure. In short, under the facts alleged in the FSI, whether Defendants intended to deprive LJM of her right to be free from unlawful seizure is a question for the jury, not this court.[17]

Quoting this text, the Defendants interpret the Order to mean that "Judge Seabright found that the FSI alleged one conspiracy—a *quid pro quo* conspiracy—that this conspiracy applied to all counts and all conspiratorial objects, and that the government was therefore required to prove the charge *quid pro quo* as to each," including Count Two.[18]

The Court disagrees. The Order does not add a *quid pro quo* element to the requirements of § 241. Rather, the Order indicates that the facts alleged, including the alleged *quid pro quo*, could tend to support a "reasonable . . . infer[ence]" that Defendants intended L.J.M.'s prosecution, in exchange for campaign contributions, to deprive her of her right to be free from unlawful seizure as relevant to the elements of § 241.[19]

The Order states that the elements of a § 241 offense here include "show[ing] that two or more of the Defendants agreed to deprive LJM of the right to be free from an unlawful seizure and that those Defendants knowingly joined the agreement and intended

---

[17] Dkt. 195 at 16.
[18] Dkt. 442 at 9–10.
[19] Dkt. 195 at 16.

to deprive LJM of her right to be free from an unlawful seizure."[20] The Order further comments that a violation of § 241 could be a reasonable inference drawn from evidence of a *quid pro quo* "prosecution of an individual . . . for campaign contributions."[21]

The Order clarifies that proving a *quid pro quo* could also demonstrate a conspiracy against rights in violation of § 241, but it does not add a *quid pro quo* element to the § 241 violation alleged in Count Two.[22] Rather, the Order indicates that a *quid pro quo* could reasonably demonstrate an "agree[ment] to deprive LJM of" rights as required to establish a § 241 violation.[23] As the Defendants note, in the context of arguing the motions underlying the Order, the United States has asserted that evidence of *quid pro quo* bribery would support conviction under § 241.[24] That could be true. But that does not mean that the United States must show an additional *quid pro quo* element to establish a § 241 violation, and nothing in the Order's text adds such a requirement. Thus, the Court concludes that the Order does not require proving a *quid pro quo* in the § 241 charge in Count Two.

B. *A* Quid Pro Quo *Element Is Not Otherwise Required.*

Defendants further argue that the additional *quid pro quo* element is required here because "absent this requirement, which would require the government to establish that

---

[20] *Id.* (citing *United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018)).
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] Dkt. 497 at 19–20 (citing Dkt. 171 (United States' Response in Opposition as to Sheri Jean Tanaka's Motion to Dismiss Count Two of FSI) at 19).

[D]efendants violated § 241 by acting corruptly, the jury could convict [D]efendants based on completely legal conduct, such as referring a criminal case to the DPA in the absence of bribery."[25]

The Court is not convinced. The Parties agree that § 241 does not require a *quid pro quo* showing.[26] Moreover, the allegations of conspiracy against rights as charged in Count Two would require showing that the Defendants agreed to conspire against L.J.M. as retaliation for exercising her rights by agreeing to deprive her of her liberty, which is significantly beyond the Defendants' characterization of "completely legal conduct."

The Defendants may be correct that merely "referring a criminal case to the DPA in the absence of bribery" might be insufficient to establish a conspiracy against rights.[27] But the conspiratorial conduct alleged in the FSI is an *agreement* between the Defendants to prosecute L.J.M. in retaliation for her exercise of her rights.[28] The conduct charged is beyond a mere "referral" to a prosecutor and, absent any bribery allegation whatsoever, certainly not "completely legal conduct."[29] Therefore, the Court rejects the Defendants' argument that a *quid pro quo* showing is required under § 241 to prevent a jury from convicting Defendants on "completely legal conduct."

---

[25] Dkt. 497 at 17.
[26] *Id.*; Dkt. 500 at 13.
[27] Dkt. 497 at 17.
[28] Dkt. 70 (First Superseding Indictment) at 20–21.
[29] *Id.*

### III.    CONCLUSION

For the reasons outlined in this Order, the Court:

1. **OVERRULES** the Defendants' Objection to Government's Proposed Instruction No. 7;

2. **ADOPTS** the United States' Proposed Instruction No. 7 to the extent consistent with this Order, subject to further rulings on jury instructions;

3. **DENIES** as moot the Government's Objection to Defendants' Proposed Instruction No 42; and

4. **REJECTS** the Defendants' Proposed Instruction No. 42.

IT IS SO ORDERED.

Dated this 15th day of March, 2024.

/s/  Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE