UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5), and<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER DIRECTING<br>NAKAMURA WITNESSES<br>TO COMPLY WITH<br>SUBPOENA TO TESTIFY<br>AT TRIAL |

## I.   INTRODUCTION

At a hearing on March 14, 2024, the United States raised the issue that two subpoenaed non-party witnesses for the United States, Carol Nakamura and Kyle Nakamura (the "Nakamura Witnesses"), would not be present in Hawaii to testify at trial due to a trip out of country. The United States noted that the Nakamura Witnesses are percipient witnesses to events in this case as well as critical witnesses for laying foundation for important evidence and exhibits the United States intends to introduce at trial. The United States represented that the Nakamura Witnesses were subpoenaed on or about February 21, 2024. The United States further represented that while the Nakamura Witnesses had originally planned to be present to testify at trial for the original trial dates,

1

the two-week continuance conflicted with an upcoming family trip such that they would not be present in Hawaii between the dates of March 16, 2024, and April 7, 2024, and they would be out of country and unavailable between March 24, 2024, and April 4, 2024.

The Nakamura Witnesses attended a hearing before the Court on March 15, 2024. At the hearing, the Nakamura Witnesses provided further details about their travel plans and the United States further explained the nature of their testimony. The United States also clarified that the Nakamura Witnesses were only subpoenaed for trial beginning March 12, 2024, after the Court issued its two-week continuance.

## II.  LEGAL STANDARDS

Noncompliance with a subpoena is deemed a contempt of court.[1] A witness who disobeys a subpoena or subpoena-related order may be subject to contempt citations.[2] The duty to respond to a subpoena is a continuing one; delays due to continuations do not negate the witness's obligation to obey the subpoena.[3] The Court's use of contempt powers is

---

[1] Fed. R. Crim. P. 17(g); *see United States v. Cederquist*, 641 F.2d 1347, 1352 (9th Cir. 1981).
[2] Fed. R. Crim. P. 17(g) and accompanying 2002 Advisory Committee Notes; *see also* Fed. R. Civ. P. 45(g) and accompanying 2013 Advisory Committee Notes.
[3] *United States v. Snyder*, 413 F.2d 288, 289 (9th Cir. 1969) (holding subpoenaed witness in contempt for failure to obey and departing state after he requested his attorney to arrange for him to be "on call," agreed to stand in readiness, was notified via his attorney that the subpoena had been continued to particular date, and then departed the state, even though witness was not told personally by the court to return at particular time). The Court in *Snyder* stated: "There is here no excuse . . . [The witness's] failure to respect the subpoena was knowing, deliberate, planned and wilful. No excuse adequate or otherwise is here offered on his behalf. . . . Thus, he was disobeying the court, not the district attorney, when he failed to appear." *Id.*; *see also Blackmer v. United States*, 284 U.S. 421, 443 (1932) (finding witness in contempt when continuation of trial delayed witness's testimony because "[i]t was the duty of the [witness] to respond to the subpoena and to remain in attendance until excused by the court or by the government's representatives").

discretionary.[4]

Prior to issuing contempt citations, courts generally first order the witness to comply with the subpoena.[5] Additionally, "before a person can be found in contempt, it must be shown that [the person] had the ability to comply with the subpoena."[6] A witness may also provide an "adequate excuse" to disobey a subpoena.[7] An adequate excuse is "subject to appraisal by the [trial] court," and the trial court is "the judge of [the witness's] credibility and of the weight to be given to [the witness's] testimony."[8]

If the Court finds a non-party witness in contempt, relevant citations are imposed against the witness rather than an adverse party, unless the party took steps to ensure the witness's non-compliance.[9] Further, if the Court finds a witness in contempt of court, it may issue a bench warrant for the witness's arrest.[10] Under 18 U.S.C. § 3144:

If it appears from an affidavit filed by a party that the testimony of a person

---

[4] Fed. R. Crim. P. 17(g) ("The court . . . *may* hold in contempt a witness who, without adequate excuse, disobeys a subpoena.") (emphasis added); *see also Marquis v. Iaria*, No. 07-CV-730 W (POR), 2010 WL 11530777, at *6 (S.D. Cal. Feb. 23, 2010).
[5] 2013 Advisory Committee Notes to Fed. R. Civ. P. 45(g).
[6] *United States v. Cederquist*, 641 F.2d 1347, 1352 (9th Cir. 1981) (citing *United States v. Jacobs*, 322 F.Supp. 1299, 1302 (C.D. Cal. 1971) (finding that without showing that subpoenaed witness had ability to comply with subpoena directing him to produce records, there was no basis for granting motions to dismiss for preindictment delay on government's failure to produce the subpoenaed records, even if district court could properly impose such a sanction); *cf. United States v. Washington*, No. 216CR00279JADPAL, 2018 WL 3872129, at *2 (D. Nev. June 1, 2018) (finding no contempt where defendant failed to show subpoenaed witness "had the ability to comply with the subpoenas" because defendant did not provide "sufficient information to accomplish service" or enough time for service to be completed).
[7] *See* Fed. R. Crim P. 17(g).
[8] *Nilva v. United States*, 352 U.S. 385, 395 (1957).
[9] *Subpoenas: Enforcing a Subpoena (Federal)*, Practical Law Practice Note w-012-4100; *see Francois v. Blandford*, 2012 WL 777273, at *3 (E.D. La. Mar. 7, 2012); *see also GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc.*, 282 F.R.D. 346, 353-59 (S.D.N.Y. 2012) (noting that court may sanction parties for non-party's alleged spoliation of evidence).
[10] *See* 18 U.S.C. § 3144.

3

is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

"Any person who commits criminal contempt may be punished for that contempt after prosecution on notice."[11]

### III.  DISCUSSION

The Court finds that Nakamura Witnesses' presence at trial is necessary and warranted because of the nature of their percipient witness testimony about events in this case and testimony providing foundation for and authenticating evidence and exhibits the United States seeks to introduce at trial. Further, the Nakamura Witnesses have not shown that their trip is an adequate excuse for disobeying a subpoena to appear at trial, in light of their continuing duty to comply with the subpoena to testify and that they have had more than reasonable notice of the trial dates set in this case. Therefore, the Court hereby ORDERS the Nakamura Witnesses to comply with their existing subpoena to appear at trial. The Nakamura Witnesses are directed to be available to testify during trial until excused. If the Nakamura Witnesses subsequently fail to appear at trial as directed, or otherwise disobey the subpoena or this Order, they may be subject to contempt citations,

---

[11] Fed. R. Crim. P. 42(a).

to include a possible fine or an arrest warrant. The Court further instructed the United States and the Nakamura Witnesses to work together to try to accommodate the Nakamura Witnesses' travel plans in scheduling their testimony during trial.

IT IS SO ORDERED.

Dated at this 15th day of March, 2024.

<u>/s/  Timothy M. Burgess</u>
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE