UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON UNITED STATES'<br>MOTION *IN LIMINE* NO. 6<br>**(DKT. 477)**<br><br>[CORRECTED] |

## I.   INTRODUCTION

Before the Court is the United States' "Motion *in Limine* No. 6: to Preclude an Improper Advice of Counsel Defense" (the "United States' Motion No. 6").[1] Defendant Dennis Kuniyuki Mitsunaga ("Mitsunaga") responded.[2] Defendants Chad Michael McDonald ("McDonald") and Aaron Shunichi Fujii ("Fujii") opposed, and Terri Ann Otani ("Otani") joined McDonald's and Fujii's oppositions.[3] This matter is fully briefed, and the Court finds that oral argument would not be helpful in deciding the issues. For the following reasons, the Court GRANTS the United States' Motion No. 6.

---

[1] Dkt. 477 (United States' Motion *in Limine* No. 6).
[2] Dkt. 509 (Mitsunaga's Response to United States' Motion *in Limine* No. 6).
[3] Dkt. 516 (McDonald's Opposition to United States' Motion *in Limine* No. 6); Dkt. 520 (Fujii's Opposition to United States' Motion *in Limine* No. 6); Dkt. 523 (Otani's Substantive Joinder to Defendants' McDonald's and Fujii's Opposition to United States Motion *in Limine* No. 6).

## II. BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are familiar with the factual and procedural history of this case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

*A. The Motion*

Relevant here, the United States seeks to "preclude[]" Defendants "from soliciting testimony or making arguments suggesting advice of counsel negates their intent to commit the charged offenses."[4] The United States offers two main reasons: first, Tanaka "is a coconspirator," which negates "a good faith basis to rely upon advice of counsel" and precludes availability of the defense;[5] and second, Defendants "have not met any of the foundational prerequisites for an advice of counsel instruction."[6]

Relatedly, the United States argues that the Defendants failed to meet reciprocal discovery obligations relevant to this defense "because they have neither specifically identified the facts provided to any attorney nor the advice received in return."[7] Thus, allowing the defense without "the requisite information pertaining to any advice of counsel

---

[4] Dkt. 477 at 1.
[5] *Id.* at 1–3.
[6] *Id.* at 3–4.
[7] *Id.* at 5.

claim" should be prohibited because it "seriously prejudices the United States at this late stage" in the proceedings.[8]

Finally, the United States indicates that the Defendants' intent to assert an advice of counsel defense implicates attorney-client privilege issues because Mitsunaga and Associates, Inc. ("MAI"), as a corporate entity, holds attorney-client privilege with its corporate counsel Tanaka, and MAI's current CEO and President Lois Mitsunaga indicated that MAI would not waive attorney-client privilege.[9]

### B. Mitsunaga's Response, McDonald and Fujii's Oppositions, and Otani's Substantive Joinder

#### 1. Mitsunaga's Response.

In response, Mitsunaga clarifies that his defense team represents only him, and not Lois Mitsunaga or MAI.[10] Mitsunaga also asserts that he "noticed the Court that the issue of application of the attorney client privilege may arise during the trial" in his trial brief, and that Lois Mitsunaga's declaration was submitted to assert MAI's attorney-client privilege "[a]s required for this notice."[11]

#### 2. McDonald's Opposition.

McDonald opposes the Motion first because his "constitutional right to due process, and to present a complete defense, would be violated if he was precluded from soliciting evidence or making arguments suggesting that he relied in good faith on the advice of Attorney Sheri Tanaka, and that doing so negates his intent to commit the charged

---

[8] *Id.*
[9] *Id.* at 6–7.
[10] Dkt. 509 at 2.
[11] *Id.*

offenses."[12] McDonald seeks to show that one aspect of his complete defense is that "Attorney Tanaka wrote the declaration" he signed that is "one of the main overt acts alleged against" him, "assured him of its accuracy, and that he relied upon her advice that it was appropriate to sign it."[13]

Second, McDonald argues that the Motion is premature at this stage, as the issue of whether "McDonald would be entitled to a jury instruction related to advice of counsel" should be decided "at the close of evidence."[14] He argues that there is no requirement of a "prima facie showing pre-trial in order to have the right to attempt to establish a foundation for the advice of counsel jury instruction at trial."[15]

Third, McDonald argues that the Motion "ignores the presumption of innocence" by precluding the defense based on a "presumption of guilt pre-trial."[16]

Finally, McDonald argues that others' decisions whether "to waive their attorney-client privilege should not infringe upon Mr. McDonald's constitutional right to present a complete defense" because he "will attempt to establish a foundation in the evidence at

---

[12] Dkt. 516 at 2.
[13] *Id.* at 4.
[14] *Id.*
[15] *Id.* at 6.
[16] *Id.* at 7–8.

trial that, as an officer of [MAI], he relied on the advice of Ms. Sheri Tanaka, the corporate attorney for [MAI]" and waives his attorney-client privilege to the extent necessary.[17]

### 3. Fujii's Opposition.

Fujii also opposes the Motion as "premature and [] overbroad."[18] He argues that Tanaka's role is "central to the case," particularly "in preparing the July 2012 police report" as relevant to Fujii.[19] He also argues that it would "prohibit Fujii from presenting his complete defense" regarding "the preparation of a police report by Fujii, which [the United States] [is] aware was presented in connection with Sheri Tanaka," along with "any other declarations signed by Aaron Fujii," "the preparation of the unemployment hearing[,] and 2014 civil trial."[20] Fujii asserts that the "Defendants should be allowed to elicit testimony as to how the events occurred" and that "if proper foundation is laid, the advice of counsel defense should be read to the jury."[21]

### 4. Otani's Joinder.

Otani substantively joins McDonald and Fujii's oppositions.[22] Adopting and incorporating their arguments, Otani adds that the Motion "asks this Honorable Court to do the jury's job and become the finder of facts" regarding the grounds for establishing an advice-of-counsel defense; is premature without taking evidence first; and "incorrectly assumes the defense is only available based upon undisclosed attorney-client

---

[17] *Id.* at 8.
[18] Dkt. 520 at 2.
[19] *Id.* at 2–3.
[20] *Id.* at 5, 7.
[21] *Id.* at 8.
[22] Dkt 523.

communications."[23] Otani also argues that her right to present a complete defense and "to establish a foundation for the giving of an instruction to the jury" includes an advice of counsel instruction and "variants of the advice of counsel instruction, such as an 'involvement of counsel' instruction."[24] Otani indicates that "there is legal precedent for" an "involvement of counsel" instruction and "anticipates submitting a proposed jury instruction as soon as practicable."[25]

### III. LEGAL STANDARD

#### A. *Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[26] and may be used to request evidence be either excluded or admitted before trial.[27] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[28] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[29]

---

[23] *Id.* at 2–3.
[24] *Id.* at 4.
[25] *Id.*
[26] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).
[27] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).
[28] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.
[29] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[30] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[31]

### B. Relevance and Prejudice

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[32] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[33] However, relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[34]

### C. Advice of Counsel Defense

"A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence."[35] "[A]dvice

---

[30] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[31] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[32] Fed. R. Evid. 401.
[33] Fed. R. Evid. 402.
[34] Fed. R. Evid. 403.
[35] *United States v. Bello–Bahena*, 411 F.3d 1083, 1088–89 (9th Cir. 2005) (quoting *United States v. Fejes*, 232 F.3d 696, 702 (9th Cir. 2000)).

of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent."[36]

"An advice-of-counsel instruction requires the defendant show that he made a full disclosure of all material facts to his attorney and that he then relied 'in good faith on the specific course of conduct recommended by the attorney.'"[37]

## IV. DISCUSSION

*A. The Court may rule on the advice-of-counsel defense* in limine.

As a threshold matter, the Court concludes that the United States' motion *in limine* to preclude an advice-of-counsel defense is not premature, and that the Court may rule on it before close of evidence. To present an affirmative defense to the jury, a defendant's "proffer must meet the minimum standard as to each element of the defense" or the affirmative defense is precluded at trial.[38] Courts have precluded *in limine* the advice-of-counsel defense when the minimum standard as to each and every element is not satisfied.[39]

---

[36] *United States v. Bush*, 626 F.3d 527, 540 (9th Cir. 2010) (quoting *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961)); *accord Howard v. S.E.C.*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) ("[R]eliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter.").
[37] *Bush*, 626 F.3d at 539 (quoting *United States v. Ibarra–Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987)).
[38] *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002).
[39] *See, e.g.*, *United States v. Kahrig*, No. 21-CR-30022-SPM, 2022 WL 2703945, at *1 (S.D. Ill. July 12, 2022) (excluding *in limine* defendants' advice of counsel defense because they failed to provide evidence to meet minimum requirements of each and every element).

There is no requirement that the Court wait until close of evidence to determine whether the minimum standard is met.[40]

### B. The advice-of-counsel defense is unavailable to Defendants as a matter of law.

Turning to the merits, the Court concludes that the advice-of-counsel defense is unavailable as a matter of law under either of two theories. Primarily, the defense is inapplicable because the attorney in question, Tanaka, is an alleged coconspirator. Alternatively, even if Tanaka were not a coconspirator, the defense would be unavailable at this time because none of the predicate requirements are met.

1. <u>The advice-of-counsel defense is not available because Tanaka is a coconspirator.</u>

First, the Court precludes the advice-of-counsel defense as inapplicable because Tanaka is a coconspirator. "The defense of advice of counsel necessarily fails where counsel acts as an accomplice to the crime."[41] "When the lawyer is a partner in a venture, takes a share of the profits, or is not a lawyer who had no interest save to give sound advice for a reasonable fee the advice of counsel defense is unavailable."[42] In fact, the advice-of-counsel defense "presupposes that (1) an attorney-client relationship existed between the

---

[40] *See id.*
[41] *United States v. West*, 392 F.3d 450, 456–57 (D.C. Cir. 2004); *see also United States v. Shewfelt*, 455 F.2d 836, 839 (9th Cir. 1972), *abrogated by United States v. Zolin*, 491 U.S. 554 (1989) (advice of counsel defense unavailable where "facilitation of [defendants'] scheme was the essence of the attorney-client relationship in controversy").
[42] *United States v. Carr*, 740 F.2d 339, 347 (5th Cir. 1984) (internal quotation marks omitted).

defendant and counsel; and (2) the attorney did not act as an accomplice to the defendant's crime."[43]

Here, Tanaka's involvement in the case is as a charged coconspirator, not as an attorney. When attorneys are "positioned as a business partner," "not serving in the role of [a defendant's] legal adviser," and "'up to [their] eyeballs'" in the crime charged, an advice-of-counsel instruction is not appropriate.[44] In such a circumstance, evidence that actions were taken on advice of an attorney does not support an advice-of-counsel instruction.

McDonald argues that this reasoning erroneously presumes guilt pre-trial.[45] The Court acknowledges McDonald's concern for Tanaka's presumption of innocence, as relevant to the advice-of-counsel defense. But in this context, the perceived conflict between the presumption of innocence and the advice-of-counsel defense is a false conflict. Tanaka is an indicted coconspirator. Her presumption of innocence remains. But the advice-of-counsel defense requires that the attorney has "no interest" in the venture beyond "giv[ing] sound advice for a reasonable fee" and rests on the presupposition that "the

---

[43] *United States v. Michel*, No. CR 19-148-1 (CKK), 2023 WL 7140058, at *1 (D.D.C. Apr. 13, 2023); *see id.* at *2 (precluding defendant from arguing advice-of-counsel defense because attorney acted as accomplice and "not [as] a lawyer who had no interest save to give sound advice for a reasonable fee" (quoting *Carr*, 740 F.2d at 347)).

[44] *United States v. Bush*, 626 F.3d 527, 539–40 (9th Cir. 2010); *see also United States v. Brandner*, No. 3:13-CR-00103-SLG, 2016 WL 354866, at *2 (D. Alaska Jan. 28, 2016) (finding that statement in declaration that fraudulent transactions were done on advice of attorney did not constitute evidence that defendant relied in good faith on legal advice because attorney "was 'up to his eyeballs'" in the fraudulent scheme (quoting *Bush*, 626 F.3d at 539)).

[45] Dkt. 516 at 7–8.

attorney did not act as an accomplice" in the conduct charged.[46] Therefore, without these two presuppositions, the Defendants may not rely on the advice-of-counsel defense.

Further, the Court has yet to see Otani's proposed jury instruction regarding "involvement of counsel," but notes that an "involvement of counsel" instruction reflecting an incomplete advice-of-counsel defense would be strongly disfavored due to the severe risk of confusion and unfair prejudice.[47]

### 2. Even if the advice-of-counsel defense were available, Defendants have not yet established a sufficient factual foundation.

If the advice-of-counsel defense were available to the Defendants, the Court still could not allow it here because the Defendants have not yet established the minimum sufficient factual foundation to prevent it from being precluded at trial. The Court finds that the Defendants have not yet met the minimum standards of a showing as to each element.

The Court is mindful that a balance must be struck between preserving Defendants' right to present a complete defense and managing the risks of presenting an incomplete defense that broadly risks confusing the jury. To qualify for an "advice of counsel"

---

[46] *Carr*, 740 F.2d at 347; *Michel*, 2023 WL 7140058, at *1.
[47] *See, e.g.*, *Abdo v. Fitzsimmons*, No. 17-CV-00851-TSH, 2022 WL 2276898, at *1–2 (N.D. Cal. June 23, 2022) ("[E]ach of the four elements of an advice of counsel argument is irrelevant to scienter unless the other three are also present. . . . [The Court] ha[s] to be concerned if a defendant suggests he's just going to argue that *lawyers were involved*, and he's not planning to tell the jury that all four elements are satisfied. In that situation, we have a Rule 401 problem that the references to attorneys may be irrelevant, and more importantly, we have a Rule 403 problem that the references to attorneys may confuse the jury and unfairly prejudice the plaintiff." (emphasis in original)).

instruction, a "defendant must show that [he made] full disclosure to his attorney of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney."[48] Under this high bar, even the presence of a corporate attorney and a defendant's belief that the corporate attorney would approve of the legality of a course of action is insufficient to address each of these elements, without affirmative evidence that the defendant sought out legal advice within an attorney-client relationship, disclosed all material facts in full, and relied in good faith on the specific course advised.[49]

Here, the Court is not convinced that the Defendants have yet established each of the elements. They have not established that an attorney-client relationship existed between Tanaka and any of the Defendants, nor have they established that any Defendant sought Tanaka's advice with full disclosure of material facts and relied in good faith on her specific recommended actions. As such, the Defendants cannot establish a defense based on advice of counsel.

This is an *in limine* ruling. It is subject to modification at trial. But until such a modification, the Court requires the Defendants to limit opening statements and evidence consistent with this Order. Defendants can briefly and factually state that lawyers were involved in the process—including Tanaka—but may not indicate or argue that lawyers communicated to any defendant that certain conduct was appropriate, nor that any defendant relied upon anything the lawyers said or did, including in their preparation of

---

[48] *United States v. Ibarra–Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987).
[49] *See United States v. Travers*, 114 F. App'x 283, 288 (9th Cir. 2004).

any declarations. Nor may Defendants attribute fault to their lawyers for advice or failure to provide advice.

However, the Defendants are not foreclosed from a good-faith instruction, which would subsume the inapplicable advice-of-counsel instruction and allow them to assert a defense under the more complete issue of good-faith intent.[50]

Finally, because the Court concludes that Defendants cannot establish an advice-of-counsel defense as a matter of law, for purposes of the advice-of-counsel defense, any issues regarding whether attorney-client privilege is waived or waivable by MAI or any defendants are moot.

However, if MAI continues to seek to assert an attorney-client privilege in this case from Tanaka's role as corporate counsel, the Court will require MAI to intervene expediently. Further, the Court will require MAI to brief the elements and all relevant issues regarding its assertion of attorney-client privilege in this case, including how it plans to raise any objections. The Court will also require responses from the Defendants and the United States.

---

[50] *See United States v. Bush*, 626 F.3d 527, 540 (9th Cir. 2010) (finding no error in district court's refusal of an advice-of-counsel instruction because "even if [the Defendant] had established a basis for the advice-of-counsel instruction, the broader good-faith instruction given by the district court subsumes [the] proposed [advice-of-counsel] instruction" (citing *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1960) ("Advice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent."))).

## CONCLUSION

For the foregoing reasons, the United States' Motion No. 6 is **GRANTED**.

IT IS SO ORDERED.


Dated this 19th day of March, 2024.

                                                /s/  *Timothy M. Burgess*
                                                TIMOTHY M. BURGESS
                                                UNITED STATES DISTRICT JUDGE