UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>                    Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANTS'<br>MOTION *IN LIMINE* NO. 18<br>**(DKT. 540)** |

## I.   INTRODUCTION

Before the Court is Defendants Keith Mitsuyoshi Kaneshiro ("Kaneshiro"), Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald and Sheri Jean Tanaka's ("Defendants") "Motion *in Limine* No. 18 to Exclude Non-Noticed 'Other Act' Evidence Related to Yoshimura Prosecution" (the "Defendants' Motion No. 18").[1] The United States submitted a "Response in Opposition to Defendants' Motion *in Limine* No. 18" ("United States' Response in Opposition").[2] The matter is fully briefed. For the following reasons, the Court **DENIES** the Defendants' Motion No. 18.

---

[1] Dkt. 540 (Defendants' Motion *in Limine* No. 18).
[2] Dkt. 557 (United States' Response in Opposition to Defendants' Motion *in Limine* No. 18).

## II.   BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are familiar with the factual and procedural history of this case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

*A. The Motion*

Relevant here, the Defendants seek to "exclude at trial any evidence, questioning, statement, or argument that refers to 'other act' evidence for which the government has never given required written notice." [3] Specifically, Defendants raise concerns about "extensive evidence," including witnesses and exhibits, related to the "unrelated prosecution and connected civil cases" involving Kaneshiro and the Honolulu City and County Department of the Prosecuting Attorney's ("DPA") case against "Tracy Yoshimura and others for illegal gambling" and "related civil cases," including Yoshimura and his co-defendants' subsequent civil rights case following the prosecution (the "Yoshimura Matters").[4]

The Defendants argue that the Yoshimura Matters evidence should be excluded because the United States failed to properly and timely give notice of its use under Federal Rule of Evidence ("Rule") 404(b).[5] The Defendants note that in reviewing the United States' trial exhibits and witnesses, they have identified at least nine exhibits related to the Yoshimura Matters and one related witness, a "local reporter" who wrote an article about

---

[3] Dkt. 540 at 2.
[4] *Id.*
[5] *Id.* at 2–3.


the Yoshimura Matters.[6] Defendants correctly note that the United States did not identify this evidence in its Notice of Intent to Use Evidence Pursuant to [Rule] 404(b).[7] However, Defendants argue, it "is blatant 404(b) evidence regarding Kaneshiro, [witness] Delaplane, [witness] Branco and [Katherine] Kealoha that should have been disclosed by the government months ago" such that "defendants can only speculate as to the government's theory of relevance for this evidence."[8]

Moreover, Defendants argue, even if properly noticed, the Yoshimura Matters evidence would be inadmissible for failing the Ninth Circuit standard under Rule 404(b); for irrelevance under Rule 402; and for being "more prejudicial than probative under Rule 403."[9]

## B. The Response in Opposition

Opposing, the United States responds that Defendants' characterization of its "intended use of the subject evidence at issue is well off the mark," and that "Defendants did not seek to confer with the United States about their motion before filing."[10] The United States clarifies that it "simply intends to elicit limited information" contextualizing the testimony of certain witnesses involved in the DPA's prosecution of L.J.M.[11] In fact, the

---

[6] *Id.* at 2.
[7] *Id.*; *see* Dkt. 336 (Notice of Intent to Use Evidence Pursuant to Federal Rule of Evidence 404(b)) (absence).
[8] Dkt. 540 at 8.
[9] *Id.* at 3. As a courtesy, the Court reminds the parties that the correct standard under Federal Rule of Evidence 403 is whether relevant evidence's "probative value is **_substantially_** outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).
[10] Dkt. 557 at 1 & n.1.
[11] *Id.* at 5–6.

United States argues, the "actual intended purpose for the [Yoshimura Matters] is limited and does not implicate Rule 404(b) at all."[12]

The United States argues that the Yoshimura Matters evidence is "inextricably intertwined" with the charged conspiracy because it is necessary "to tell a 'coherent and comprehensible' story regarding the commission of the crime" by demonstrating "the professional pressures facing [the witnesses], and their indebtedness to Keith Kaneshiro, when they received the [L.J.M.] case" assignment from Kaneshiro at the DPA.[13] According to the United States, certain events in the Yoshimura Matters contextualize, and sometimes coincide closely with, key events in the DPA's prosecution of L.J.M..[14] Therefore, it suggests that the Yoshimura Matters evidence is "inextricably intertwined with the charged offenses" because it demonstrates "[t]he precarious professional circumstances" of the witnesses at the DPA and tends to show how Kaneshiro identified "uniquely vulnerable" individuals within the office "to handle [L.J.M.'s] case—and why [the witnesses] would be willing to so eagerly do the job."[15]

The United States further clarifies that it "does not intend to offer play-by-play evidence of the *Yoshimura* case, introduce any evidence pertaining to Katherine Kealoha's involvement in that case (alongside Delaplane and Branco), or introduce any testimony from members of the media about the *Yoshimura* case."[16]

---

[12] *Id.* at 1.
[13] *Id.* at 4–5.
[14] *Id.* at 2–3.
[15] *Id.* at 4.
[16] *Id.* at 5.

Finally, the United States argues that the evidence is not precluded under Rule 403 because "[i]t is highly probative that Keith Kaneshiro selected newly hired Jacob Delaplane (out of the Career Criminal Unit) and Vernon Branco (instead of the DPA investigator who conducted more than 15 interviews about the Mau case) to press charges against Mau."[17] Equally probative, the United States asserts, are these witnesses' "history . . . in Kaneshiro's office, and the contemporaneous pressures facing them at the time they received the [L.J.M.] case, all arising from the *Yoshimura* case."[18] It argues that this highly probative evidence is not substantially outweighed by any unfair prejudice, risk of a "trial within a trial," or risk of wasting time due to a "need to tell the story of the *Yoshimura* cases."[19] Moreover, the United States notes, the Defendants' Rule 403 analysis is "inapposite because it is not tailored to the United States' intended evidence" but was rather based on "how they *conceived* the evidence might be used."[20]

### III. LEGAL STANDARD

*A. Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[21] and may be used to request evidence be either excluded

---

[17] *Id.* at 6.
[18] *Id.* at 6–7.
[19] *Id.* at 7 (internal quotations omitted).
[20] *Id.* (emphasis in original).
[21] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

or admitted before trial.[22] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[23] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[24]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[25] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[26]

## B. Relevance and Prejudice

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[27] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[28] However, relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of

---

[22] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).
[23] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.
[24] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).
[25] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[26] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[27] Fed. R. Evid. 401.
[28] Fed. R. Evid. 402.

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[29]

### C. Rule 404(b)

Under Federal Rule of Evidence ("Rule") 404(b)(1), evidence of a defendant's prior conviction, wrong, or act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[30] "This prohibition reflects the 'underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.'"[31]

Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment."[32] Courts have found evidence is "inextricably intertwined" with the crime charged "and therefore need not meet the requirements of Rule 404(b)" where (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) the evidence is necessary for "the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."[33]

Further, under Rule 404(b)(2), evidence falling within the scope of Rule 404(b) "may be admissible for another purpose, such as proving motive, opportunity, intent,

---

[29] Fed. R. Evid. 403.
[30] Fed. R. Evid. 404(b)(1).
[31] *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004).
[32] *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (citing *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993)).
[33] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).

preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[34] To introduce evidence under Rule 404(b)(2),

> [t]he Government carries the burden to prove that the proposed evidence satisfies four requirements:
>
> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) [in certain cases,] the act is similar to the offense charged (similarity).[35]

The burden is on the party seeking to admit "other act" evidence to prove that the evidence meets Rule 404(b) admissibility.[36] Further, if the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[37]

## IV. DISCUSSION

Considering the United States' articulated purposes for the Yoshimura Matters evidence, the Court concludes that the evidence does not appear to be offered for Rule 404(b) purposes, and that it is admissible as evidence "inextricably intertwined" with

---

[34] Fed. R. Evid. 404(b)(2).
[35] *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021); *see United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012).
[36] *Bailey*, 696 F.3d at 799 (citing *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993)).
[37] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

the charged offense as necessary to provide the jury a "coherent and comprehensible story regarding the commission of the crime."[38]

As an initial matter, the Court notes that several of the Defendants' concerns appear to be fully addressed by the United States' Response in Opposition, including clarifications that the United States "does not intend to offer play-by-play evidence of the *Yoshimura* case, introduce any evidence pertaining to Katherine Kealoha's involvement in that case (alongside Delaplane and Branco), or introduce any testimony from members of the media about the *Yoshimura* case."[39] Given the United States' clarifications, it also appears that the Defendants' concerns regarding the evidence's introduction for "the invidious purpose of smearing Kaneshiro, Delaplane and Branco by insinuating that they habitually band together to bring charges against defendants that are ultimately dismissed by state court judges" are misplaced.[40]

Rather, the Court is persuaded that the United States' proposed purpose of introducing the Yoshimura Matters evidence is such that the evidence "inextricably intertwined" with the conspiracies charged. The evidence could tend to give essential context for the DPA's prosecution of L.J.M. and demonstrate the "precarious professional circumstances" that precipitated particular DPA witnesses' involvement in the conspiracies charged.[41] Because the Court finds the Yoshimura Matters evidence admissible under the

---

[38] *See Vizcarra-Martinez*, 66 F.3d at 1012–13.
[39] Dkt. 557 at 5.
[40] Dkt. 540 at 8.
[41] Dkt. 557 at 7.

"inextricably intertwined" analysis, and the United States confirms that it will seek to introduce the evidence as "inextricably intertwined" with the charged offense and not under Rule 404(b), the Court need not address whether it is admissible or improperly noticed under Rule 404(b).

Turning to Rule 403, the Court is not persuaded that the Yoshimura Matters evidence should be excluded because its probative value is substantially outweighed by any risks of unfair prejudice, confusion of issues, misleading the jury, delay, waste of time, or needlessly cumulative evidence. Given the United States' position in its Response in Opposition, the Court does not agree with Defendants that the Yoshimura Matters evidence will "result in a substantial waste of time" or "prompt a 'trial within a trial.'"[42] The United States' clarification also addresses the Defendants' concerns that the evidence "would invite the jury to find Kaneshiro guilty of [] uncharged conduct."[43] Rather, the United States has confirmed that it seeks to introduce the evidence for limited purposes only, and any potential risks or concerns under Rule 403 do not substantially outweigh the strong probative value of the evidence it suggests to demonstrate the charged conspiracies.

---

[42] Dkt. 540 at 10.
[43] *Id.* at 11.

## V. CONCLUSION

For the foregoing reasons, the Defendants' Motion No. 18 is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated this 20th day of March, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE