UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>                             Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANTS'<br>PROPOSED LIMITING<br>INSTRUCTION NO. 15<br>**(DKTS. 546 and 551)** |

I.     INTRODUCTION

Before the Court is Defendants Keith Mitsuyoshi Kaneshiro ("Kaneshiro"), Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald and Sheri Jean Tanaka's ("Defendants") "Proposed Limiting Instruction No. 15" (the "Limiting Instruction No. 15").[1] The Limiting Instruction No. 15 responds to evidence of sexual harassment L.J.M. experienced as an employee at Mitsunaga and Associates, Inc., as described in Defendants' Motion *in Limine* No. 7 and the Court's Order at Docket 485 (the "Order").[2] The United States did not submit a corresponding proposed limiting

---

[1] Dkt. 546 (Notice of Defendants Proposed Limiting Instructions) at 17; Dkt. 551 (Notice of Supplement to Defendants Proposed Limiting Instructions) at 26.
[2] Dkt. 551 at 26; *see* Dkt. 339 (Defendants' Motions *in Limine* No. 6–9); Dkt. 485 (Order on Defendants' Motions *in Limine* No. 6–9 and United States' Motion *in Limine* No. 4).

instruction, but it did submit a response to the Defendants' Limiting Instruction No. 15 (the "United States' Response").[3] For the following reasons, the Court **ACCEPTS** the Defendants' Proposed Limiting Instruction No. 15, with minor edits.

## II.   BACKGROUND

Given the voluminous litigation in this case, the Court assumes the Parties are familiar with the factual and procedural history of this case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

Relevant here, the Defendants ask the Court to read a limiting instruction for evidence related to incidents of alleged sexual harassment involving Steven Wong and L.J.M. while both worked for Mitsunaga and Associates, Inc. ("MAI").[4] They recommend the following language:

> You are about to hear [OR HAVE HEARD] evidence that Laurel J. Mau may have experienced sexual harassment in while working at MAI. You are not to consider evidence of sexual harassment at MAI as attributable to the defendants nor encouraged by them. You may not consider it as evidence of the character of any defendant, or of any defendant's character or propensity to engage in illegal or harassing conduct.[5]

Defendants argue the Limiting Instruction, which they indicate is "modified" from Ninth Circuit Model Jury Instruction No. 2.12, is "necessary to ensure the jury does not impute alleged sexual harassment to Defendants."[6] As "Steve Wong was an employee of MAI,

---

[3] Dkt. 547 (United States' Amended Proposed Limiting Instructions and Objections to Defendants' Proposed Limiting Instructions) at 21.
[4] Dkt. 551 at 26.
[5] *Id.*
[6] *Id.* at 26–27 (citing Ninth Circuit Model Jury Instruction No. 2.12 ("You are about to hear evidence that [describe evidence to be received for limited purpose]. I instruct you that this

and the [United States] will be presenting extensive evidence regarding the close-knit relationship of MAI employees and officers," Defendants assert such evidence, absent an instruction, may lead "the jury [to] improperly infer" that Defendants were responsible for Wong's sexual harassment of L.J.M.[7] Thus, the "inflammatory nature of the claims and the Government's theory of the case" warrants a limiting instruction.[8] Defendants further note this reflects the Court's Order, which noted it "would consider limiting instructions appropriate to ensure the evidence is introduced and considered only for proper purposes and directing the jury not to impute sexual harassment evidence to Defendants."[9]

The United States did not submit a Proposed Limiting Instruction for this evidence. In its Response to Defendants' Proposed Limiting Instruction No. 15, it "respectfully submits that no limiting instruction is necessary" for three reasons.[10] First, it notes that the Court did not explicitly order the Parties to craft a limiting instruction, only that the Court "would consider" limiting instructions to ensure such evidence is not attributed to Defendants.[11] Second, the United States argues that the evidence will clearly indicate Steven Wong, not Defendants, is responsible for these incidents of sexual harassment, and thus "there [is no] risk that the jury will attribute the conduct to anyone else besides Steve Wong."[12] Third, presuming such a limiting instruction is unnecessary, the United States

---

evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.")).
[7] *Id.* at 27.
[8] *Id.*
[9] *Id.* at 26–27 (quoting Dkt. 485 at 15).
[10] Dkt. 547 at 22.
[11] *Id.* (quoting Dkt. 485 at 15).
[12] *Id.*

asks the Court to decline the limiting instruction because it would "bog[] down the presentation of evidence and could risk confusing the jury."[13]

### III.  LEGAL STANDARD

*A. Limiting Instructions*

"If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."[14]

### IV.  DISCUSSION

Considering the Defendants' purpose for the Limiting Instruction, and consistent with the Court's Order, the Court concludes that the Defendants' limiting instruction is appropriate to address the Defendants' concerns that the jury will attribute evidence of sexual harassment to Defendants. Although the United States indicates "[t]he evidence will show [L.J.M.] was sexually harassed by [Steve Wong]" and make it "clear [he] was responsible," not Defendants, "[g]iven the inflammatory nature of the claims" involved and the close professional nexus between Wong and MAI, the Court is sensitive to the Defendants' concerns that jurors may improperly ascribe such conduct to Defendants.[15] Moreover, the Court is not convinced such language will significantly "bog[] down" or in any other way hinder the presentation of evidence or "confus[e] the jury"; rather, the Court finds the instruction is more likely to enhance and guide the jury's consideration of the

---

[13] *Id.*
[14] Fed. R. Evid. 105.
[15] Dkt. 547 at 22; Dkt. 551 at 27.

evidence. Therefore, consistent with its Order, the Court finds the language proposed by Defendants will "ensure the evidence is introduced and considered only for proper purposes and [direct] the jury not to impute sexual harassment evidence to Defendants."[16]

The Court suggests the following amendment to Defendants' Proposed Limiting Instruction No. 15, to correct a minor clerical error:

> You are about to hear [OR HAVE HEARD] evidence that Laurel J. Mau may have experienced sexual harassment ~~in~~ while working at MAI. You are not to consider evidence of sexual harassment at MAI as attributable to the defendants nor encouraged by them. You may not consider it as evidence of the character of any defendant, or of any defendant's character or propensity to engage in illegal or harassing conduct.

Thus, the Proposed Limiting Instruction would read as follows:

> You are about to hear [OR HAVE HEARD] evidence that Laurel J. Mau may have experienced sexual harassment while working at MAI. You are not to consider evidence of sexual harassment at MAI as attributable to the defendants nor encouraged by them. You may not consider it as evidence of the character of any defendant, or of any defendant's character or propensity to engage in illegal or harassing conduct.

With this amendment, the Court therefore ACCEPTS Defendants' Proposed Limiting Instruction No. 15, and hereby refers to it as Limiting Instruction No. 1. The Court will read the Defendants' Proposed Limiting Instruction upon presentation of the relevant evidence at trial.

---

[16] Dkt. 485 at 15.

## V. CONCLUSION

For the foregoing reasons, the Defendants' Proposed Limiting Instruction No. 15 at Dockets 546 and 551 is **ACCEPTED** as Limiting Instruction No. 1.

IT IS SO ORDERED.

Dated this 20th day of March, 2024.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE
