UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON UNITED STATES'<br>MOTION *IN LIMINE* NO. 8<br>**(Dkt. 571)** |

## I.    INTRODUCTION

Before the Court is the United States' "Motion *in Limine* No. 8: To Introduce Prior Statements Proving the False and Misleading Statements in Chad McDonald's Declaration Against Laurel Mau" ("United States' Motion No. 8").[1] The United States asks the Court to admit prior statements by L.J.M. "to prove that [Chad] McDonald gave false and misleading statements about Mau's prior statements in the declaration he signed to get her charged."[2] Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii ("Fujii"), Chad Michael McDonald ("McDonald") and Sheri Jean Tanaka ("Tanaka") (collectively, "Defendants") oppose the United States'

---

[1] Dkt. 571 (United States' Motion *in Limine* No. 8).
[2] *Id.* at 3.

-1-

Motion No. 8.[3] With the Court's leave, the United States filed a reply.[4] The matter is fully briefed. For the following reasons, the Court **GRANTS** the United States' Motion.

## II.   BACKGROUND

Given the voluminous litigation in this matter, the Court assumes the Parties are familiar with the factual and procedural history of the case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

Relevant here, in 2014, L.J.M. provided testimony in *Mau v. Mitsunaga & Associates, Inc.*[5] ("L.J.M. Civil Case") and in *Stanford H. Masui, et al. v. Edgar Kamaka, et al.*[6] ("Masui Civil Case"). On October 31, 2014, McDonald signed a declaration containing statements about L.J.M.'s performance of side jobs while she was working at Mitsunaga and Associates, Inc. ("MAI") ("McDonald Declaration").[7] On November 3, 2014, Tanaka sent an email stating "[p]lease find attached the Declaration of Chad McDonald and Exhibits '1' – '8'" to Jacob Delaplane,[8] Deputy Prosecuting Attorney for the City and County of Honolulu Department of Prosecuting Attorney ("DPA") whom Kaneshiro had previously assigned to lead L.J.M.'s prosecution.[9] The McDonald

---

[3] Dkt. 620 (Defendants' Response in Opposition to United States' Motion *in Limine* No. 8).

[4] Dkt. 650 (United States' Reply to Defendants' Response in Opposition); *see* Dkt. 637 (United States' Motion for Leave to File Reply Brief); Dkt. 645 (Order Granting Leave to File Reply Brief).

[5] No. 1:12-cv-00468-DKW-BMK (D. Haw. 2014); *see* Dkt. 571-2 (July 16, 2014 Transcript); Dkt. 571-4 (April 18, 2014 Deposition); Dkt. 571-5 (July 16, 2014 Transcript); Dkt. 571-6 (July 15, 2014 Transcript); Dkt. 571-7 (July 17, 2014 Transcript).

[6] Civ. No. 12-1-0524-02 (Haw. Cir. Ct. 2014); *see* Dkt. 571-3 (July 9, 2014 Deposition).

[7] Dkt. 70 (First Superseding Indictment) at 17; *see* Dkt. 571-1 (McDonald Declaration).

[8] Dkt. 70 at 17.

[9] *Id.* at 15.

Declaration was subsequently submitted to the Hawai'i Circuit Court in support of the criminal charges against L.J.M.[10]

### A. *United States' Motion* in Limine *No. 8*

The United States contends that McDonald "gave false and misleading statements . . . in his declaration" indicating that "[L.J.M.] admitted facts amounting to probable cause of theft," and that McDonald made these statements "to secure felony criminal charges against [L.J.M.]."[11] The United States seeks to admit prior statements by L.J.M. that it argues "prove [McDonald's] false and misleading statements . . . about [her] purported admissions" to theft.[12] It clarifies that these statements "are not being offered for the truth of anything they contain" but rather to cure misimpressions by "prov[ing] McDonald's false and misleading statements about [L.J.M.'s] prior statements."[13]

First, the United States asserts the McDonald Declaration contains a selectively edited quote from L.J.M.'s testimony in the L.J.M. Civil Case that "make[s] it appear that [L.J.M.] admitted she did side jobs in violation of MAI policy" and "without permission" while under oath.[14] The United States argues that this is "false clipping" because the original transcript "makes clear that [MAI's lawyer] was asking [L.J.M.] about [statements contained in a letter authored by Tanaka]—not anything that [L.J.M.] admitted doing."[15]

---

[10] *Id.* at 17.

[11] Dkt. 571 at 1–2 (emphasis omitted).

[12] *Id.*

[13] *Id.* at 3 (emphasis omitted) (citing *United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985).

[14] *Id.* at 3, 6 (emphasis omitted) (citing Dkt. 571-1 at 3).

[15] *Id.* at 6 (citing Dkt. 571-2 (Transcript of Jury Trial (Day 3)) at 4–5).

Further, the United States observes "McDonald omitted [L.J.M.'s] testimony" about receiving permission from Fujii to perform side jobs, and only briefly mentions L.J.M.'s testimony in a footnote, "calling it a 'lie.'"[16] Thus, the United States "intends to introduce [L.J.M.'s] prior statements to prove McDonald's lies about what [L.J.M.] had previously said."[17]

Next, the United States argues the McDonald Declaration contains numerous statements and "clipped selective . . . testimony" that, cumulatively, falsely support McDonald's assertion that L.J.M. "'admitted to performing over 13 side jobs, year after year, using MAI's time, money, and resources.'"[18] Observing that L.J.M. never made such admissions in either the L.J.M. Civil Case or the Masui Civil Case, the United States contends the McDonald Declaration's "description of [L.J.M.'s] 'admissions' to using MAI's 'time' to conduct side jobs is misleading, false, and highly selective."[19] It again notes that L.J.M.'s prior statements are perfunctorily addressed in a footnote that first, "misstates" her testimony and further, omits that McDonald's testimony from the federal civil trial reveals he himself used a similar approach to "make-up" time on his own timesheets.[20]

Finally, the United States asserts that the McDonald Declaration inaccurately claims that L.J.M. "admitted . . . working for a competing architectural firm Jenken Architecture"

---

[16] *Id.* at 7.
[17] *Id.*
[18] *Id.* at 7–8 (quoting Dkt. 571-1 at 5).
[19] *Id.* at 9.
[20] *Id.* at 13–14

and "admitted that [such] conduct . . . was 'weird' and 'unethical.'"[21] The United States argues that neither statement is accurate as to her testimony. Pointing to L.J.M.'s full testimony, the United States argues that it does not reflect L.J.M. admitted to working for Jenken Architecture while at MAI.[22] Rather, that L.J.M. plainly articulated in her testimony that she never worked for Jenken Architecture on the page McDonald cites.[23]

Further, the United States notes that while L.J.M. did use the words "weird" and "unethical," the full context reveals that McDonald's claim misconstrues her meaning.[24] It argues that L.J.M.'s "full statements prove that McDonald's declaration was false and misleading" and "should be admitted to independently prove McDonald's mendacity, and by extension, the lack of probable cause for charging [L.J.M.]."[25] As it "will offer [L.J.M.'s] prior statements for a purpose other than the truth of the matter asserted in her prior statements: to show what [she] actually said and prove that McDonald gave false and misleading testimony," the United States maintains her statements are not hearsay and are admissible.[26]

---

[21] *Id.* at 14–15.

[22] *Id.* at 15.

[23] *Id.*

[24] *Id.* at 16.

[25] *Id.* at 17.

[26] *Id.* at 18. In a footnote, the United States refers to "other false and misleading statements in McDonald's declaration" but clarifies these statements "will be proven in other ways and are thus not described in this notice." *Id.* at 16 n.4. Thus, the Court refrains from ruling on the admissibility of any other statements not specifically raised in the Motion No. 8.

### B.  Defendants' Response in Opposition

Opposing the United States' Motion No. 8, Defendants argue that it "relitigate[s] the Court's Order on Defendants' Motion *in Limine* No. 5," which allowed the admission of L.J.M.'s prior testimony "for the non-hearsay purpose of effect on the listener."[27] Defendants submit that allowing L.J.M.'s "prior testimony to demonstrate alleged falsehoods in [the McDonald Declaration] does not fall within any recognized hearsay exception," and that, to demonstrate McDonald made false statements in his declaration, the United States is "by definition" offering L.J.M.'s statements for their truth.[28] As such, "permit[ting] the introduction of [L.J.M.'s] prior testimony without giving defendants an opportunity to cross-examine her" would be "a clear violation of the Confrontation Clause" because "trial and deposition testimony is unquestionably testimonial in nature."[29] Should the United States examine L.J.M. about the veracity of her prior testimony, Defendants request that "the Court . . . require the government to call her as a witness."[30]

Defendants also observe that "the Court explicitly recognized that if [L.J.M.'s] prior statements were introduced, it might be appropriate under [Rule] 106 to include other parts of her testimony for proper context."[31]

---

[27] Dkt. 620 at 2 (quoting Dkt. 486 (Order)).
[28] *Id.* at 3 (emphasis omitted).
[29] *Id.* at 2–3; *see id.* at 4 (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004); *United States v. W.R. Grace*, 455 F.Supp.2d 1199, 1202 (D. Mont. 2006)).
[30] *Id.* at 4.
[31] *Id.* at 2.

### C.  *United States' Reply*

Replying to Defendants' Response in Opposition, the United States raises two main arguments regarding its Motion No. 8. First, it contests Defendants' argument that the Confrontation Clause is a basis for excluding L.J.M.'s prior testimony.[32] It argues that the Confrontation Clause is "irrelevant here" because "[L.J.M.'s] statements are not offered for the truth of the matter asserted" but "to prove the Defendants' false and misleading statements *about what she previously said*."[33] It clarifies that "the truth of what [L.J.M.] said previously is irrelevant" and argues it "should be able to introduce [her] prior statements at any point in its case—whether she is on the stand or not."[34]

Second, the United States contests that L.J.M.'s "prior testimony is not a Rule 106 issue," contrary to Defendants' arguments[35] Rather, that Defendants made "false and misleading statements . . . about [her] prior testimony is substantive evidence of the charged conspiracies—they misrepresented her testimony to get charges filed against her."[36] Her prior testimony thus falls outside the scope of Rule 106 because, juxtaposed with Defendants' statements, it is "substantive evidence to prove the charged offenses."[37]

---

[32] Dkt. 650 at 1.

[33] *Id.* at 1–2 (emphasis in original) (citing *United States v. Gouveia*, 468 F. App'x 793, 796 (9th Cir. 2012)); *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017)).

[34] *Id.* at 2 (citing *United States v. Solomon*, 825 F.2d 1292, 1299–1300 (9th Cir. 1987)).

[35] *Id.* at 3.

[36] *Id.*

[37] *Id.*

### III.   LEGAL STANDARD

*A.  Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[38] and may be used to request evidence be either excluded or admitted before trial.[39] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[40] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[41]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[42] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[43]

---

[38] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[39] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[40] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[41] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[42] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[43] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

### B. *Hearsay*

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[44] Statements not offered for the truth of the matter asserted are not hearsay.[45] Under Federal Rule of Evidence ("Rule") 802, hearsay is inadmissible unless an exclusion or an exception applies. "A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.'"[46]

"Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted."[47] Statements introduced "simply to prove that the statements were made . . . to establish . . . that they were false" are non-hearsay.[48] Further,

---

[44] Fed. R. Evid. 801(c).

[45] Fed. R. Evid. 801; *United States v. Moran*, 493 F.3d 1002, 1013 (9th Cir. 2007).

[46] *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) (quoting *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004)).

[47] *Anderson v. United States*, 417 U.S. 211, 219 (1974).

[48] *Id.* at 220 (1974) (finding prior testimony admissible where "the point of the prosecutor's introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false"); *United States v. Anyanwu*, 449 F. App'x 639, 641 (9th Cir. 2011) (affirming district court's admission of immigration documents containing false statements "because [the documents] were not admitted to prove the truth of the matters asserted, but rather, to prove the very falsity of the assertions made in the documents"); *see United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985) (affirming district court's admission of false representations made to potential investors as non-hearsay statements because "their probative value [was] independent of their truth"); *United States v. Hathaway*, 798 F.2d 902, 905 (6th Cir. 1986) ("When statements are offered to prove the falsity of the matter asserted, there is no need to assess the credibility of the declarant. Since there is no need to assess the credibility of the declarant of a false statement, we know of no purpose which would be served by extending the definition of hearsay to cover statements offered for the falsity of the matter asserted. We therefore join those courts which have concluded that statements offered to prove the falsity of the matter asserted are not hearsay."); *Moreno v. Los Angeles Cnty. Sheriff's Dep't*, No. 2:13-cv-07570-CAS, 2015 WL 4652637, at *9 (C.D. Cal. Aug. 3, 2015) (admitting statement as non-hearsay because it was "proffered for its falsity, rather than its truth"); *United States v. Frantz*, No. CR 02-01267(A)-MMM, 2004 WL 5642909, at *5 (C.D. Cal. Apr. 23, 2004)

statements "admitted to prove [a] witness's knowledge . . . are not hearsay under [the Federal Rules]."[49] Courts have extended this non-hearsay purpose to statements offered to prove a defendant's knowledge of the falsity of their statements.[50]

Under Rule 801(d)(2)(A), an opposing party's statement, when "offered against an opposing party and[] . . . made by the party in an individual or representative capacity" is not hearsay and is thus excluded from Rule 801's prohibition, even if offered for the truth of the matter asserted.[51]

### C. Rule of Completeness

Under Federal Rule of Evidence 106, which codifies the "rule of completeness," "[i]f a party introduces all or part of a statement, an adverse party may require the

---

(commenting that if government sought to introduce document "solely to establish defendant's knowledge of the allegedly false statement it contained, the document would not be hearsay").

[49] *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1449 (9th Cir. 1994).

[50] *See United States v. Shannon*, 137 F.3d 1112, 1118 (9th Cir. 1998) *overruled in part on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (affirming district court's decision that admission of witness' letter to defendant "did not constitute hearsay" because it was offered "to prove [defendant's] knowledge of the threat letter on the basis that she received a warning from [witness]," but concluding letter did not satisfy other admissibility requirements under Rules 402 and 403); *United States v. Candoli*, 870 F.2d 496, 508 (9th Cir. 1989) (affirming district court's admission of statements where "prosecution presented evidence that [defendant's] statement was inconsistent with [another defendant's] extrajudicial declaration" and holding that"[b]ecause [the first defendant's] statement was not admitted for the truth of the matter asserted, but to demonstrate that [both defendants] were concealing their true reasons for being in the alley, it was properly admissible"); *Does I-XIX v. Boy Scouts of Am.*, No. 1:13-cv-00275-BLW, 2019 WL 1231672, at *4 (D. Idaho Mar. 15, 2019) (noting that documents were not hearsay when introduced to show "extent of [defendant organization's] knowledge regardless of the truth of the contents, and hence the [documents were] not being offered for their truth and [were] therefore not hearsay when introduced for that purpose.").

[51] *United States v. Thompson*, 538 F. Supp. 3d 1122, 1129 (D. Nev. 2021) ("Statements made by a party opponent are not hearsay, even if offered for the truth of the matter asserted.").

introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."[52]

## IV.   DISCUSSION

A. *The United States' Motion* in Limine *No. 8 is GRANTED, such that L.J.M.'s prior statements are admissible for the non-hearsay purpose of establishing the falsity of McDonald's statements in his declaration, to the extent his statements misstate, misconstrue, or deviate from L.J.M.'s testimony.*

The Court finds that L.J.M.'s prior testimony in the L.J.M. Civil Case and Masui Civil Case is admissible for the non-hearsay purpose of establishing the falsity of statements in the McDonald Declaration, to the extent his statements misrepresent L.J.M.'s testimony. The Court agrees that demonstrating that McDonald misstated or misrepresented her testimony for the purposes of filing charges against L.J.M. would constitute "evidence of the charged conspiracies" in this case. Moreover, because these statements are being offered to prove the falsity of McDonald's statements, and not for the truth of the matters L.J.M. asserted in her testimony, the Court agrees that their admission does not pose a Confrontation Clause issue.

1. L.J.M.'s prior testimony is admissible for the non-hearsay purpose of establishing the falsity of McDonald's statements in his declaration.

The Court finds that certain prior statements by L.J.M. may be admissible for the non-hearsay purpose of showing the falsity of McDonald's statements in the declaration, to the extent they contradict, misrepresent, or deviate from L.J.M.'s prior testimony, and that such falsity may be evidence of the charged conspiracy.

---

[52] Fed. R. Evid. 106.

Under United States Supreme Court and Ninth Circuit law, statements used to establish falsity may be admissible as non-hearsay because they are not being offered to prove the truth of the matters asserted.[53] In *Anderson v. United States*,[54] the Supreme Court found admissible out-of-court statements where the prosecutor introduced them for the purpose of showing such statements were made "so as to establish a foundation for later showing, through other admissible evidence, that they were false."[55] Because such statements were "not admitted to prove the truth of anything asserted therein," they were admissible non-hearsay.[56] Moreover, "[s]ince these prior statements were not hearsay," but would rather be used to establish that defendants had perjured themselves to cover up a conspiracy against rights, the Supreme Court also found they were "admissible simply if relevant in some way to prove the conspiracy charged."[57]

Further, statements admitted "to prove a [declarant's] knowledge . . . are not hearsay under [the Federal Rules]."[58] Courts extend this premise to statements offered to prove a defendant's knowledge of the falsity of their statements.[59] For instance, in *United*

---

[53] *Anderson v. United States*, 417 U.S. 211 (1974); *United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985) (finding out-of-court statements admissible to prove falsity and non-hearsay because "their probative value [was] independent of their truth").
[54] 417 U.S. 211 (1974).
[55] *Id.* at 220.
[56] *Id.* at 219–20.
[57] *Id.* at 221.
[58] *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1449 (9th Cir. 1994).
[59] *See United States v. Shannon*, 137 F.3d 1112, 1118 (9th Cir. 1998) *overruled in part on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007); *United States v. Candoli*, 870 F.2d 496, 508 (9th Cir. 1989); *Does I-XIX v. Boy Scouts of Am.*, No. 1:13-CV-00275-BLW, 2019 WL 1231672, at *4 (D. Idaho Mar. 15, 2019).

*States v. Shannon*,[60] the Ninth Circuit considered whether a witness' letter to the defendant was non-hearsay when it contained information regarding a threat letter the defendant had denied sending to a third party.[61] Although the court concluded the letter did not satisfy other admissibility requirements, it found that the witness letter "did not constitute hearsay because the government did not offer the letter to prove the truth of the matter asserted" but rather "to prove [the defendant's] knowledge of [the threat letter]."[62] Further, the court noted that "[n]o Confrontation Clause issue is raised where the statements are not offered for the truth of the matter asserted."[63]

Additionally, in *United States v. Candoli*,[64] the Ninth Circuit affirmed the admission of out-of-court statements introduced to show that one defendant's statement "was inconsistent with" the statements of another defendant regarding their whereabouts during the commission of a crime.[65] The court found that "[b]ecause [the first defendant's] statement was not admitted for the truth of the matter asserted, but to demonstrate that [both defendants] were concealing their true reasons for being in the alley, it was properly admissible."[66]

Here, the Court agrees that portions of L.J.M.'s prior testimony could tend to demonstrate the "falsity" of McDonald's statements to the extent they misrepresent

---

[60] 137 F.3d 1112 (9th Cir. 1998).
[61] *Id.* at 1118.
[62] *Id.*
[63] *Id.* (quoting *United States v. Lujan*, 936 F.2d 406, 410 (9th Cir. 1991) (per curiam) (citation omitted)).
[64] 870 F.2d 496 (9th Cir. 1989).
[65] *Id.* at 508.
[66] *Id.*

L.J.M.'s testimony, and thereby his knowledge of her original testimony. As the "probative value [of these statements] is independent of their truth,"[67] the Court finds the relevant portions of L.J.M.'s prior testimony identified by the United States admissible for the non-hearsay purpose of proving the falsity of certain statements in the McDonald Declaration. Further, the Court agrees L.J.M.'s prior testimony is relevant to establish the fact that McDonald misrepresented portions of her testimony, and that such misrepresentation could tend to establish the charged conspiracy to pursue criminal charges against L.J.M.[68] As these statements are not being offered to prove the truth of the matter asserted in L.J.M.'s testimony, but rather to prove the falsity of McDonald's statements, the Court agrees they are not barred by the Confrontation Clause.[69]

First, the United States identifies a specific quotation from L.J.M.'s testimony in the McDonald Declaration that appears to be selectively edited to substantively alter its meaning to indicate L.J.M. admitted to "doing side jobs against company policy, in violation of company policy" where her testimony does not so reflect.[70] The Court agrees this edited quotation misleadingly misstates—and indeed substantively alters—L.J.M.'s testimony, and that her prior testimony is admissible for the non-hearsay purpose of

---

[67] *United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985).

[68] *See Anderson v. United States*, 417 U.S. 211, 221 (1974).

[69] *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004); *United States v. Shannon*, 137 F.3d 1112, 1118 (9th Cir. 1998).

[70] Dkt. 571 at 3; Dkt. 571-1 at 3.

-14-

showing McDonald's knowledge of her original testimony and the falsity of his excerpts of her testimony.[71]

Second, the United States identifies a statement in footnote 1 of the McDonald Declaration that alleges that "[L.J.M.] claim[ed] that, although she did falsify her timesheets, she would *sometimes* 'make-up' the time on weekends or after hours," and further alleges that "[L.J.M.] knew she was stealing from the company, which is why she falsified the timesheets."[72] The Court notes that this statement substantively misstates L.J.M.'s testimony, which does not reflect such an admission as to falsifying timesheets and does not quantify her "make-up" time. The Court agrees these statements misstate L.J.M.'s testimony and that her prior testimony is admissible for the non-hearsay purpose of showing McDonald's knowledge of her original testimony and the falsity of his misstatements of her testimony.[73]

Third, the United States identifies a statement in the McDonald Declaration that alleges that "[L.J.M.] admitted that her own conduct, working for a competing architectural firm Jenken Architecture while she was employed by MAI."[74] The Court notes that this statement substantively misstates L.J.M.'s testimony by implying that L.J.M. admitted to working for Jenken Architecture while working for MAI. Her testimony does not reflect this proposition. Therefore, the Court agrees this statement misstates L.J.M.'s testimony

---

[71] Dkt. 571 at 3; *see* Dkt. 571-1 at 3.
[72] Dkt. 571 at 13; Dkt. 571-1 at 6 n.1.
[73] Dkt. 571 at 13–14.
[74] *Id.* at 14; Dkt. 571-1 at 7.

and that her prior testimony is admissible for the non-hearsay purpose of showing McDonald's knowledge of her original testimony and the falsity of his misstatements of her testimony.[75]

Fourth, the United States identifies a statement wherein McDonald attributes L.J.M.'s use of the terms "weird" and "unethical" to "her own conduct, working for a competing architectural firm Jenken Architecture" and further states that she "admitted" such work was "weird and unethical." The Court observes that L.J.M.'s testimony neither attributes "weird" and "unethical" to this conduct, nor does she admit such work generally was "weird" and "unethical." Rather, the prior testimony reflects that L.J.M. acknowledged a specific instance of her signing a document was "weird" and "unethical."[76] The Court agrees this statement misstates and misattributes L.J.M.'s testimony and that her prior testimony is admissible for the non-hearsay purpose of showing McDonald's knowledge of her original testimony and the falsity of his misattribution.[77]

Fifth, the United States argues that "McDonald omitted [L.J.M.'s] testimony about getting permission to do side jobs from Defendant Fujii" and that his "clipping" of and giving "extremely short shrift to [L.J.M.'s] actual testimony" falsely suggests she admitted performing side jobs without permission.[78] However, in her testimony, L.J.M. claims she asked for and received permission for such side jobs from Fujii. Thus, the Court finds that

---

[75] Dkt. 571 at 14; *see* Dkt. 571-1 at 7.
[76] Dkt. 571 at 16.
[77] *Id.* at 15–16; *see* Dkt. 571-1 at 7.
[78] Dkt. 571 at 2, 6–7.

McDonald's statements regarding L.J.M.'s performance of side jobs without permission contradict or misstate this portion of L.J.M.'s testimony.[79]

Sixth, the United States argues that McDonald's statement that "[L.J.M.] admitted to performing over 13 side jobs, year after year, using MAI's time, money, and resources" and his "selective" "clip[ing] [of] questions and answers" from L.J.M.'s testimony is "misleading, false, and highly selective."[80] The Court notes that L.J.M.'s testimony reflects admissions to "us[ing] MAI's time, money, and resources to perform" certain projects.[81] However, L.J.M.'s prior statements also clarify that she made up this time.[82] Thus, McDonald's selective editing of her testimony tends to misstate, misconstrue, and contradict L.J.M.'s prior testimony in this instance.[83] The Court thus finds L.J.M.'s prior statements are admissible non-hearsay in response to these portions of the McDonald Declaration.

Thus, the Court finds that L.J.M.'s prior testimony is admissible for the non-hearsay purpose of establishing the falsity of these portions of McDonald's declaration to the extent they misrepresent L.J.M.'s testimony.[84] Moreover, because these statements are offered to prove the falsity of McDonald's statements—and his knowledge of the falsity of his

---

[79] *Id.* at 7.
[80] *Id.* at 8–9.
[81] Dkt. 571-1 at 5, 8.
[82] Dkt. 571 at 10–12.
[83] *Id.* at 10–11.
[84] Further, to the extent Defendants request the Court to require L.J.M. to provide testimony and be subject to cross-examination, the Court observes that the United States called L.J.M. as a witness on April 3, 2024.

statements—and not for the truth of the matter asserted in L.J.M.'s prior testimony, the Court agrees that the Confrontation Clause does not bar their admission. The Court would consider any party's submission of a proposed limiting instruction to effectively guide the jury's consideration of L.J.M.'s prior statements in this context only for the purpose of establishing the falsity of McDonald's statements in his declaration, not for the truth of the matter asserted, if the parties so desire.[85]

2. <u>L.J.M.'s prior statements are inadmissible to prove the truth of the matters asserted in her testimony, nor may they be offered as improper character evidence.</u>

To the extent any of L.J.M.'s prior statements are offered to rebut McDonald's subjective arguments about the veracity of L.J.M.'s claims, rather than to prove the falsity of McDonald's statements, the Court finds L.J.M.'s prior statements are inadmissible hearsay.[86] For instance, where the United States seeks to admit a witness' sworn testimony to prove the falsity of a defendant's sworn testimony (i.e., to "prove . . . fals[e]" McDonald's allegations that L.J.M. actually "falsif[ied] her timesheets" or that she "lie[d]"

---

[85] As to Defendants' argument that the Motion No. 8 "relitigate[s]" issues previously raised in Defendants' Motion No. 5 and decided by the Court's responsive Order, and that L.J.M.'s testimony may not be admitted for another purpose, the Court is not persuaded that L.J.M.'s prior testimony may only be admissible for one non-hearsay purpose. Here, the United States seeks to admit selective portions of L.J.M.'s testimony for the non-hearsay purpose of "prov[ing] McDonald's false and misleading statements." Dkt. 571 at 2. This is a different purpose from Defendants' purpose, which is to show effect on the listener. These purposes are neither contradictory nor mutually exclusive.

[86] Dkt. 571 at 2.

in receiving permission to perform side jobs), L.J.M.'s prior statements are inadmissible for this purpose.[87]

The Court agrees that admitting L.J.M.'s statements to dispute McDonald's subjective opinion, "and by extension, the lack of probable cause for charging [L.J.M.]," absent her live testimony, could constitute a violation of the Defendants' rights under the Confrontation Clause.[88] Moreover, the Court refrains from ruling on the veracity and credibility of L.J.M.'s and McDonald's statements, which go to the weight of the evidence and are for the jury to decide. Thus, unless offered for a proper non-hearsay purpose (such as to establish the falsity of McDonald's statements that misrepresent L.J.M.'s testimony), the Court finds L.J.M.'s prior testimony in such instances inadmissible hearsay.

Further, the Court is troubled by the United States' language that L.J.M.'s prior testimony "should be admitted to independently prove McDonald's mendacity."[89] Though the Court presumes the United States intended to argue regarding proof of McDonald's knowledge of the falsity of his statements, the Court strongly cautions all parties that improper character and propensity evidence will not be admitted and, to that end, urges all parties to strive for precision in identifying the purposes for which they seek to introduce evidence.

---

[87] *Id.* at 13; Dkt. 571-1 at 6 n.1.
[88] Dkt. 571 at 16.
[89] *Id.* at 17.

3. Rule 106 does not apply to the admission of L.J.M.'s prior statements.

The Court finds that Rule 106 does not apply to the admission of the proposed portions of L.J.M.'s testimony for the purpose of showing the falsity of McDonald's statements. Rather, the Court agrees that evidence demonstrating that McDonald misrepresented L.J.M.'s prior testimony would constitute evidence of the charged offense. Moreover, as Rule 106 allows only the adverse party to require the introduction of all or part of a statement, it would make little sense to restrict admission of L.J.M.'s prior testimony under the scope of Rule 106.

4. McDonald's prior statements are admissible as party-opponent statements.

The United States also quotes McDonald's testimony during the federal civil trial and insinuates that such statements were "omitted" from the McDonald Declaration.[90] To the extent the United States seeks to admit McDonald's prior testimony and statements from the civil case, the Court notes that such statements are admissible as statements of party opponents under Rule 801(d)(2), presuming they are not barred by Rules 401 and 402.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' Motion No. 8 at Docket 571. If the Parties wish for the Court to consider a proposed limiting instruction to effectively guide the jury's consideration of L.J.M.'s prior statements in this context only

---

[90] *Id.* at 13.

for the purpose of establishing the falsity of McDonald's statements in his declaration, not for the truth of the matter asserted, the Parties are directed to confer and attempt to jointly file a proposed limiting instruction **on or before 4:30 p.m., April 10, 2024**. Counsel shall separately file any disputed proposed limiting instruction, supported by legal authority. Additionally, any proposed limiting instruction(s) shall be in Word format and emailed to Chambers' Proposed Orders Box.

IT IS SO ORDERED.

Dated this 9th day of April, 2024.

/s/   *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE