UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>                    Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON DEFENDANT DENNIS MITSUNAGA'S MOTION *IN LIMINE* NO. 21<br>**(DKT. 603)** |

## I.   INTRODUCTION

Before the Court is Defendant Dennis Mitsunaga's ("Mitsunaga") "Motion *in Limine* No. 21 to Exclude Evidence of Refusal to Accept Subpoena for Bert Mitsunaga" ("Mitsunaga's Motion No. 21").[1] The United States opposes Mitsunaga's Motion No. 21 ("United States' Response").[2] The matter is fully briefed. For the following reasons, the Court **GRANTS** Mitsunaga's Motion No. 21.

---

[1] Dkt. 603 (Mitsunaga's Motion No. 21).
[2] Dkt. 630 (United States' Response in Opposition).

-1-

## I.  BACKGROUND

Given the voluminous litigation in this matter, the Court assumes the Parties are familiar with the factual and procedural history of the case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484.

*A.  Mitsunaga's Motion No. 21*

Relevant here, Mitsunaga seeks "to exclude at trial any testimony or evidence regarding Dennis Mitsunaga['s] refusal of acceptance of a subpoena issued to his son Bert Mitsunaga" as irrelevant, "more prejudicial than probative," and improper evidence under Federal Rule of Evidence ("Rule") 404(b).[3]

Mitsunaga indicates that the United States will "seek[] to admit testimony of process server Lowen Young regarding his service of a subpoena on Bert Mitsunaga (Dennis Mitsunaga['s] son) in the matter of [*Mau v. MAI*, the federal civil trial]."[4] Mitsunaga states that the United States "intends to argue that Dennis Mitsunaga's refusing to accept service on behalf of his son was an attempt to 'send a message to Mr. Osaki and Ms. Mau' and is therefore direct evidence of Dennis Mitsunaga injury, oppressing, threatening, and intimidating Mau" in the conspiracy of rights alleged in Count. 2.[5]

As for the evidence, Mitsunaga points to a Federal Bureau of Investigations ("FBI") 302 report indicating that Young attempted to serve Bert Mitsunaga ("Bert") a subpoena at Mitsunaga's home, but that when Mitsunaga answered the door, Mitsunaga

---

[3] Dkt. 603 at 2.
[4] *Id.*
[5] *Id.* at 3.

refused to accept the subpoena for Bert, told Young to "[t]ell Osaki we do not want the subpoena," and shut the door on Young.[6] The FBI 302 report also apparently confirms that Young left the subpoena at Mitsunaga's residence because Young was able to serve a subpoena on a family member.[7] Further, Young took video of his attempt to serve Mitsunaga with the subpoena for Bert.[8] The FBI 302 report allegedly confirms that Young reviewed the video and "advised that the recording was of him attempting to serve Bert a subpoena at [Mitsunaga's] residence."[9]

Mitsunaga argues that Young's testimony and the video "have no evidentiary value" because Mitsunaga's "refusal to accept service of process on behalf of his son does not make it more or less probable that Dennis Mitsunaga was in a conspiracy to 'injure, oppress, threaten, or intimidate' Laurel Mau's rights."[10] Mitsunaga points out that he "was under no legal obligation to accept service on" Bert's behalf.[11]

Further, Mitsunaga states that the accompanying verbal statements in the video are not "evidence of Dennis Mitsunaga trying to injure, oppress, threaten, or intimidate" Laurel Mau or of an attempt to "send a message to Osaki and Mau."[12] Rather, Mitsunaga argues,

---

[6] *Id.* at 2.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 2–3.
[10] *Id.* at 3.
[11] *Id.* at 4.
[12] *Id.* (emphasis omitted).

"[t]he actual evidence demonstrates that Dennis Mitsunaga refused to accept service of a subpoena on his son which he had no legal obligation to accept."[13]

Mitsunaga also argues that introducing this evidence "is likely to both confuse the jury and lead to the litigation of collateral issues."[14] He suggests that if the evidence is introduced, "[t]he defense would then be forced to call a witness, probably a lawyer, to explain that Dennis Mitsunaga was not obligated to accept service on behalf of his son," which would create a "sideshow."[15] Therefore, Mitsunaga argues, the "limited probative value in Mr. Young's testimony or the video is substantially outweighed by the danger of misleading the jury, confusing the issues, and wasting time."[16]

Finally, Mitsunaga argues that Young's testimony and video are inadmissible as "other act" evidence under Rule 404(b) because the United States failed to timely notify this evidence under the Rule 404(b) deadline applicable in this case, and because it would constitute improper character evidence.[17]

B. *The United States' Response*

The United States responds in opposition that Mitsunaga's Motion No. 21 "fails" because Mitsunaga's rejection of the subpoena "is an overt act in furtherance of the conspiracy against Laurel Mau's rights, as charged in Count 2."[18] The United States

---

[13] *Id.*
[14] *Id.* at 5.
[15] *Id.*
[16] *Id.* at 5–6 (citing Fed. R. Evid. 403).
[17] *Id.* at 6 (noting a notice of 404(b) evidence deadline of January 16, 2024).
[18] Dkt. 630 at 1.

suggests that it is not "other act" evidence under Rule 404(b), but rather "direct evidence of the conspiracy, performed in the middle of the charged conspiracy, and done in furtherance of the conspiracy."[19] It views "Mitsunaga's refusal to accept service, headlined by his choice words for Osaki" as "one of the many acts designed to 'injure, oppress, threaten, and intimidate' Mau in the free exercise of her rights."[20] Therefore, it argues, "the evidence in question is a straightforward overt act in furtherance of the Count 2 conspiracy."[21]

The United States also suggests that this incident is particularly relevant as "is one of the few overt acts" Mitsunaga performed himself, rather than directing others to perform.[22] Disputing Mitsunaga's argument that it is irrelevant because he was not legally obligated to accept service on his son's behalf, the United States points out "that Mitsunaga repeated Osaki's name twice and told the process server to "[t]ell Osaki we're not accepting it."[23] It argues this would tend to show that "Mitsunaga was a member of the intimidation crusade against Mau" and "shows Mitsunaga taking steps to thwart Mau's efforts to exercise her right to pursue her federal discrimination lawsuit."[24] Specifically, the United States argues that beyond rejection of service, "the evidence shows Mitsunaga gratuitously

---

[19] *Id.* at 2.
[20] *Id.* at 3–4.
[21] *Id.* at 4.
[22] *Id.*
[23] *Id.* at 5.
[24] *Id.*

and vindictively instructing the process server to deliver a message back to Mau's attorney."[25]

Further, addressing Mitsunaga's concerns that this evidence would waste time and "confuse the jury" by insinuating that "Mitsunaga was obligated to accept service on behalf of his son," the United States confirms that it "does *not* contend Mitsunaga had [such] a legal obligation" and that "the process server himself will likely agree that Mitsunaga had no legal obligation to accept service."[26]

Finally, the United States confirms its intent to introduce the evidence not as "other act" evidence under Rule 404(b), but rather "as part of the conspiracy against Mau's rights" as "Mitsunaga's own verbalization of his animus toward[] Laurel Mau and her agent in the federal civil case, Carl Osaki," which "goes to prove the existence of the Count 2 conspiracy and Mitsunaga's participation" therein.[27]

## II.   LEGAL STANDARD

### A.  *Motions* in Limine

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[28] and may be used to request evidence be either excluded

---

[25] *Id.*
[26] *Id.* at 6.
[27] *Id.* at 8.
[28] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

or admitted before trial.[29] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[30] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[31]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[32] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[33]

### B. Rule 404(b)

Under Federal Rule of Evidence ("Rule") 404(b)(1), evidence of a defendant's prior conviction, wrong, or act is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[34] "This prohibition reflects the 'underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.'"[35]

---

[29] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).
[30] *Barnard*, 2011 WL 221710, at *1 (quoting BLACK'S LAW DICTIONARY 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.
[31] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).
[32] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4534406, at *1 (D. Mont. Oct. 28, 2010) (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[33] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).
[34] Fed. R. Evid. 404(b)(1).
[35] *United States v. Verduzco*, 373 F.3d 1022, 1026 (9th Cir. 2004).

Rule 404(b) "is inapplicable, however, where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment."[36] Courts have found evidence is "inextricably intertwined" with the crime charged "and therefore need not meet the requirements of Rule 404(b)" where (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge" or (2) the evidence is necessary for "the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime."[37]

Further, under Rule 404(b)(2), evidence falling within the scope of Rule 404(b) "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[38] To introduce evidence under Rule 404(b)(2),

> [t]he Government carries the burden to prove that the proposed evidence satisfies four requirements:
>
> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) [in certain cases,] the act is similar to the offense charged (similarity).[39]

If the Court finds these requirements are met, it must then determine, under Rule 403, whether the "probative value [of the evidence] is substantially outweighed by a

---

[36] *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003) (citing *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993)).
[37] *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).
[38] Fed. R. Evid. 404(b)(2).
[39] *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).

danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[40]

### C. Relevance and Prejudice

Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence[] and . . . the fact is of consequence in determining the action."[41] Relevant evidence is admissible unless the United States Constitution, a federal statute, the rules of evidence, or the Supreme Court provide otherwise; irrelevant evidence is inadmissible.[42] However, relevant evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[43]

### III. DISCUSSION

At this time, the Court is not persuaded that the evidence is relevant based on an attenuated connection between Young's attempt to serve Bert at Mitsunaga's residence and the conspiracy against rights charged in Count 2.[44] Further, assuming *arguendo* that the evidence is relevant, any probative value would be so slight that it would be easily substantially outweighed by the risks of misleading the jury and confusing the issues.

---

[40] Fed. R. Evid. 403; *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).
[41] Fed. R. Evid. 401.
[42] Fed. R. Evid. 402.
[43] Fed. R. Evid. 403.
[44] *See, e.g.*, *Crockett v. Shields*, 8 F. App'x 604, 605 (9th Cir. 2001) (affirming exclusion of evidence because "nexus between [evidence and allegations] was too attenuated to make the proffered evidence relevant").

*A. The Court is not convinced that the evidence is relevant.*

The Court questions the relevance of Young's testimony and video. "[R]ule 401 provides a low hurdle for finding evidence relevant."[45] But it sets a threshold nevertheless, and "[i]rrelevant evidence is not admissible."[46] Based on the record and upon review of the video, the Court cannot conclude at this time whether Mitsunaga's refusal to accept the subpoena for Bert and his accompanying statements make more or less probable any fact of consequence in this case. At this time, Mitsunaga's reaction to a process server attempting to deliver a subpoena for his son to testify in a civil trial appears to the Court too attenuated to constitute relevant evidence. The Court is also unpersuaded by the United States' argument that Mitsunaga's refusal constitutes an overt act in furtherance of a conspiracy.[47] Though an overt act need not be unlawful itself to establish a conspiracy under the relevant law, the Court is not persuaded that Mitsunaga's refusal of the subpoena tends to show implementation of a conspiratorial agreement against Laurel Mau's rights.[48]

---

[45] *United States v. Aranda-Diaz*, 31 F. Supp. 3d 1285, 1296 (D.N.M. 2014) (citing *Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 WL 1698289, at *4 (D.N.M. May 8, 2012) ("Rule 401 contains a low threshold for relevance, because '[a]ny more stringent requirement is unworkable and unrealistic.'" (quoting Fed. R. Evid. 401 advisory committee's note))).

[46] Fed. R. Evid. 402.

[47] The conspiracy against rights charge under "18 U.S.C. § 241 does not require proof of an overt act—the jury need only find an agreement within the limitations period." *United States v. Garcia*, 114 F. App'x 292, 294–95 (9th Cir. 2004) (citing *United States v. Skillman*, 922 F.2d 1370, 1373 n.2, 1375–76 (9th Cir. 1990)). Further, an overt act is required as a law of the case for this charge only to allow Count 2 to survive the statute of limitations. *See* Dkt. 170 at 49 (citing *United States v. Brown*, 936 F.2d 1042, 1048 (9th Cir. 1991)).

[48] *See United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) ("To prove a conspiracy under 18 U.S.C. § 371, the government must establish three elements: (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.") (citation and internal quotation marks omitted).

Nevertheless, without firmly concluding that the evidence is irrelevant, the Court will exclude it because the risks of issue confusion and waste of time substantially outweigh any limited probative value it may have.

    B. *Even assuming the evidence is relevant, the risks of issue confusion, misleading the jury, and wasting time substantially outweigh any probative value it may have.*

Without deciding whether the evidence is relevant, the Court determines it should nonetheless be excluded because the risks of issue confusion, misleading the jury, and wasting time substantially outweigh any slight probative value it may have. "[E]ven modestly prejudicial evidence must be excluded where the evidence is of low probative value."[49] Further, "as the probative value of evidence decreases, the potential increases for it to be substantially outweighed by the dangers identified in [Rule 403]."[50] Evidence may be excluded where its "[a]dmission . . . pose[s] the substantial risk of permitting the trial to degenerate into an unfocused presentation of facts and testimony that would confuse the issues and mislead the jury."[51] Here, the low probative value of the evidence regarding Mitsunaga's response to Young's attempt to serve Bert with a subpoena is substantially outweighed by the risks of misleading the jury or confusing the issues with an unfocused presentation of evidence.

---

[49] *United States v. Christensen*, 624 F. App'x 466, 479 (9th Cir. 2015) (citing *United States v. Gonzalez–Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (holding that moderately prejudicial evidence should not be admitted when it "does not go to an element of the charge")).
[50] *United States v. Rewald*, 889 F.2d 836, 853 (9th Cir. 1989), *amended*, 902 F.2d 18 (9th Cir. 1990) (citing *Lucas v. Bechtel Corp.*, 800 F.2d 839, 849 (9th Cir.1986)).
[51] *Id.* (citing *Lucas*, 800 F.2d at 849).

*C. The Court does not reach Mitsunaga's arguments regarding Rule 404(b).*

Although Mitsunaga argues that evidence of Mitsunaga's response to Young's subpoena service attempt would fail admissibility under Rule 404(b),[52] the United States indicates that it does not seek to introduce it under Rule 404(b).[53] Therefore, at this time, the Court will not rule on its admissibility on that basis.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mitsunaga's Motion No. 21 at Docket 603.

IT IS SO ORDERED.

Dated this 17th day of April, 2024.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[52] Dkt. 603 at 6.
[53] Dkt. 630 at 8.