UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>　　　　　　　Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON THE UNITED STATES'<br>MOTION TO COMPEL THE<br>TESTIMONY OF MAI EMPLOYEE<br>LILLIAN WONG<br>**(Dkt. 690)** |

## I.   INTRODUCTION

Before the Court is the United States' Motion to Compel the Testimony of Mitsunaga and Associates, Inc. ("MAI") Employee Lillian Wong ("United States' Motion to Compel").[1] Defendants Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka took no position on the United States' Motion to Compel.[2] Witness Lillian Wong ("Wong") appeared and opposed the United States' Motion to Compel ("Wong's Opposition").[3] The United States replied

---

[1] Dkt 690 (Motion to Compel).
[2] Dkt. 694 (Defendants' Response). Defendant Keith Mitsuyoshi Kaneshiro neither joined the Defendants' Response nor filed his own response. *See* Dkt. (absence).
[3] Dkt. 733 (Wong's Opposition); *see* Dkts. 695 (Wong's Motion to Appear *Pro Hac Vice*), 704 (Order Granting Wong's Motion to Appear *Pro Hac Vice*).

-1-

("United States' Reply").[4] The matter is fully briefed. For the following reasons, the Court **GRANTS in part** the United States' Motion to Compel. Wong must testify if called, but the Court first will conduct an *ex parte* hearing on the record to determine any remaining issues regarding the validity of Wong's Fifth Amendment claim. To assist the Court's determination, the Court directs the United States to submit Wong's grand jury transcripts *ex parte* and under seal for the Court's *in camera* review.

## II.   LEGAL STANDARD

### A. Fifth Amendment Privilege

The Ninth Circuit has recognized that "[t]he most precise guidance for determining the extent of a claimed privilege against self-incrimination is found in *Hoffman v. United States*."[5] The United States Supreme Court held in *Hoffman* that to sustain a claim of Fifth Amendment privilege against self-incrimination, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."[6]

Further, in *United States v. Pierce*,[7] the Ninth Circuit held that:

> A proper application of [the *Hoffman*] standard requires that the Fifth Amendment claim be raised in response to specific questions propounded by the investigating body. This permits the reviewing court to determine

---

[4] Dkt 740 (United States' Reply).
[5] *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982) (citing *Hoffman v. United States*, 341 U.S. 479 (1951)).
[6] *Hoffman*, 341 U.S. at 486–87.
[7] 561 F.2d 735 (9th Cir. 1977), *cert. denied*, 435 U.S. 923 (1978).

whether a responsive answer might lead to injurious disclosures. Thus a blanket refusal to answer any question is unacceptable.[8]

"Only after an invocation of the privilege with respect to a specific question can a reviewing court determine whether a responsive answer might lead to injurious disclosures."[9] Thus, "[t]he only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis."[10]

The Ninth Circuit recognizes only one exception to this rule, articulated in *United States v. Tsui*.[11] There, the court found "an exception to the general rule" applied where "the court, based on its knowledge of the case and of the testimony expected from the witness, can conclude that the witness could 'legitimately refuse to answer essentially all relevant questions.'"[12] In *Tsui*, anticipating that "further . . . questioning would only lead to answers which would, in all probability, furnish a link in the chain . . . or lead to evidence having a tendency to incriminate," the court was in a position to "say that any response to all possible questions would tend to incriminate the witness."[13] "This exception, however, is a narrow one, only applicable where the trial judge has some special or extensive knowledge of the case that allows evaluation of the claimed fifth amendment privilege even in the absence of specific questions to the witness."[14]

---

[8] *Id.* at 741 (citations omitted); *see United States v. Sanders*, 591 F.2d 1293, 1298 n.9 (9th Cir. 1979); *United States v. Ellsworth*, 460 F.2d 1246, 1248 (9th Cir. 1972).
[9] *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996) (citing *Pierce*, 561 F.2d at 741; *United States v. Bell*, 448 F.2d 40, 42 (9th Cir. 1971)).
[10] *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir.1995).
[11] 646 F.2d 365 (9th Cir. 1981)
[12] *Id.* at 367–68 (quoting *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980)).
[13] *Id.*
[14] *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982).

### III.   DISCUSSION

1. <u>Wong's blanket Fifth Amendment assertion is improper and provides no basis for denying the Motion to Compel.</u>

After Wong was subpoenaed to testify for trial in this case, she "informed the United States that she would assert her Fifth Amendment privilege against compulsory self-incrimination if she were called to testify at the trial in this matter, unless she received a full grant of immunity."[15] Thereafter, the United States moved to compel Wong to provide testimony at trial.[16] The United States argues that Wong "wrongfully asserted a blanket invocation of her Fifth Amendment privilege"[17] because she had not established that her testimony would "'support a conviction under a federal criminal statute' or 'furnish a link in the chain of evidence needed to prosecute [her] for a federal crime.'"[18] The United States points to the Ninth Circuit's holding in *Pierce* to argue that "a blanket refusal to answer any question is unacceptable"[19] and observes that "the proper process requires 'the Fifth Amendment claim be raised in response to specific questions propounded by the

---

[15] Dkt 733 at 1; *see* Dkt. 690-2 (Letter to United States from Wong's Counsel) ("I have now had an opportunity to review the transcripts of Ms. Wong's grand jury testimony on her behalf, in the presence of counsel for Dennis Mitsunaga, in accordance with the provisions of paragraph 8 of the Protective Order re Discovery filed in this matter. . . . In any event, this is to let you know that, *should you call Ms. Wong to testify at the trial in this matter, she would assert her Fifth Amendment right against compulsory self-incrimination, unless she received full immunity.* Please let me know how you would like to proceed.") (emphasis added).
[16] Dkt. 690 at 1–2.
[17] *Id.* at 1.
[18] *Id.* at 4 (citing *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984); *Hoffman v. United States*, 341 U.S. 479, 486 (1951)).
[19] *Id.* at 5 (citing *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977)).

investigating body[] [to] . . . permit[] the reviewing court to determine whether a responsive answer might lead to injurious disclosures.'"[20]

The Court rejects Wong's Fifth Amendment assertion in this case as an improper blanket invocation under *Pierce*.[21] The Court agrees that Wong's initial Fifth Amendment assertion is a blanket refusal as it is not "in response to specific questions."[22] Therefore, Wong's blanket Fifth Amendment assertion to testifying at all is improper and provides the Court no basis for denying the Motion to Compel.

2. The *Tsui* exception does not apply.

Wong next argues that since *United States v. Tsui*,[23] "[t]he Ninth Circuit has long recognized an exception to *Pierce* in cases where the trial judge has extensive knowledge of the case that allows evaluation of the claimed privilege without specific questions to the witness," and that here, "[t]he Court's extensive knowledge of the record in this matter warrants application of the *Tsui* exception."[24]

The United States responds that "[t]his is an ordinary scenario, far from the facts of *Tsui*."[25] It argues that "it cannot be said that the Court is equipped to follow *Tsui*'s narrow exception and permit Wong to assert a blanket invocation of her Fifth Amendment

---

[20] *Id.* (quoting *Pierce*, 561 F.2d at 741).
[21] *See Pierce*, 561 F.2d at 741.
[22] *Pierce*, 561 F.2d at 741.
[23] 646 F.2d 365 (9th Cir. 1981).
[24] Dkt. 733 at 2.
[25] Dkt. 740 at 4.

privilege" and that, accordingly, "the 'ordinary' practice of asserting the Fifth Amendment on a question-by-question basis should apply to Wong's invocation."[26]

Here, the Court does not possess sufficient "special or extensive knowledge of the case" to allow it to independently determine the validity of Wong's Fifth Amendment assertion, such that the *Tsui* exception does not apply.[27] In *Tsui*, "[t]he District Court knew from the Government's case-in-chief that [the witness] was up to his neck in criminal investigations and that further passing-of-the-blame questioning would only lead to answers which would, in all probability, furnish a link in the chain of evidence needed to prosecute [the witness] or lead to evidence having a tendency to incriminate him."[28] Further, as the witness' underlying conduct "would not be barred by the applicable limitations period," the United States there "suggested . . . that some of [the witness's] answers . . . would in all probability lead to evidence relevant to a prosecution for later years."[29]

Here, no such exceptional circumstances are present. Wong asserts that "[t]he Court has extensive knowledge of this case after sitting through countless motions hearings and several weeks of trial and would be in a position to evaluate Ms. Wong's claimed Fifth Amendment privilege even in the absence of specific questions to her."[30] The Court is not so confident. Rather, this case presents a vast and complicated array of issues, witnesses,

---

[26] *Id.*
[27] *United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982).
[28] *Tsui*, 646 F.2d at 367–68.
[29] *Id.* at 368.
[30] Dkt. 733 at 6–7.

and evidence involved in voluminous litigation. Moreover, the presiding judge was designated and this case reassigned mere weeks before the trial date, about a year and a half after the case was charged.[31] Therefore, the Court is not persuaded that it possesses the requisite knowledge of the case to allow it to ascertain the validity of Wong's Fifth Amendment claim on the record before it alone.

> 3. <u>The Court will conduct a hearing before Wong testifies and require the United States to file her grand jury testimony *ex parte* for *in camera* review to assist its determination of the validity of her Fifth Amendment assertion.</u>

Wong requests that if the Court declines to find her Fifth Amendment assertion "on the record alone, the Court should alternatively hold an *in camera* proceeding outside the presence of the jury and all other parties and conduct a limited inquiry on a separate sealed record that provides the wide deference necessary in an *in camera* setting to Ms. Wong's right against compulsory self-incrimination."[32] To support this alternative, Wong points to *United States v. Rendahl*,[33] in which the Ninth Circuit noted that a district court conducted *in camera* proceedings on the record to evaluate respondents' "offer of proof to support their claims of a Fifth Amendment privilege," which allowed the Ninth Circuit to determine on review that the district court correctly found the respondents' testimony would be incriminating under the *Hoffman* standard.[34]

---

[31] *See* Dkt. 352 (Chief Judge of the Ninth Circuit's Order on Designation of a District Judge) (reassigning case and designating Judge Burgess on April 25, 2024); Dkt. 1 (Indictment) (showing date June 2, 2022).
[32] Dkt. 733 at 7.
[33] 746 F.2d 553 (9th Cir. 1984).
[34] *Id.* at 555–56. The Ninth Circuit further concluded that it was error for the district court to hold "nevertheless . . . that respondents were required to answer questions, despite the likelihood of self-incrimination." *Id.* at 556.

The United States suggests that "the 'ordinary' practice of asserting the Fifth Amendment on a question-by-question basis should apply to Wong's invocation."[35] It argues that Wong "fails to account for an important fact: the historical conduct in question relates to events from 2014 and earlier."[36] Pointing to certain federal and state statutes of limitations, it suggests that "Wong has not carried her burden of establishing that" she faces "substantial and real, and not merely trifling or imaginary, hazards of incrimination"[37] because "the operative limitations periods would render her fear of incrimination remote, unlikely, and speculative."[38] The United States cites the Ninth Circuit's holding in *Earp v. Cullen*[39] for the proposition that "there is 'no substantial risk' of prosecution where the relevant limitations period has expired."[40] But the United States also acknowledges that it remains unanswered "whether Wong's testimony at trial could somehow tend to establish that she committed, or was part of a conspira[cy] to commit, perjury or obstruction during her grand jury appearances in 2021," which "would remain in the limitations period."[41] It clarifies it "does not oppose an *in camera* filing by Wong to attempt to establish the propriety of her Fifth Amendment invocation," nor does it oppose providing Wong's grand jury transcripts for the Court's review *ex parte* and *in camera*.[42]

---

[35] Dkt. 740 at 4.
[36] *Id.* at 1.
[37] *Id.* at 2 (citing *United States v. Rubio-Topete*, 999 F.2d 1334, 1338 (9th Cir. 1993)).
[38] *Id.*
[39] 623 F.3d 1065 (9th Cir. 2010).
[40] Dkt. 740 at 2 (citing *Earp*, 623 F.3d at 1071; *Tomlin v. United States*, 680 A.2d 1020, 1022 (D.C. 1996) ("For example, the privilege does not apply when immunity has been granted, when the statute of limitations has run, or when a pardon has been granted.")).
[41] *Id.* at 3.
[42] *Id.* at 5.

On the limited record before it, the Court is not convinced that Wong's concerns regarding self-incrimination are wholly speculative, unsubstantial, or imaginary, though it notes that much of the conduct that could be elicited in her testimony indeed appears to be historical and likely beyond relevant statutes of limitations. The Court is cognizant of its obligations both to protect Wong's Fifth Amendment rights and to produce a sufficiently robust record for appellate review. Therefore, before Wong testifies in this case, the Court will conduct a brief *ex parte* hearing to determine whether she may validly assert any Fifth Amendment privilege over the fields of testimony in this matter. To assist the Court's determination, the Court directs the United States to expediently submit *ex parte* for *in camera* review Wong's grand jury testimony.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** the United States' Motion to Compel at Docket 690. Wong must testify if called, but first, the Court will conduct a hearing on any remaining issues regarding her Fifth Amendment claims and require the United States to submit Wong's grand jury testimony for the Court's *ex parte in camera* review.

IT IS SO ORDERED.

Dated this 29th day of April, 2024.

/s/   *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE