UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

IN RE:

PUBLIC FIRST LAW CENTER,

          Movant.

Case No. 1:24-mc-00215-TMB-NC

ORDER ON PUBLIC FIRST LAW
CENTER'S MOTION TO UNSEAL
COURT RECORDS
**(Dkt. 1)**

## I.   INTRODUCTION

Before the Court is Public First Law Center's ("Public First") Motion to Unseal Court Records (the "Motion to Unseal").[1] Public First seeks to unseal several documents sealed by the court in Case No. 1:22-00048-TMB-NC, *United States v. Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka.*[2] Defendants Keith Mitsuyoshi Kaneshiro, Dennis Kuniyuki Mitsunaga, Terri Ann Otani, Aaron Shunichi Fujii, Chad Michael McDonald, and Sheri Jean Tanaka ("Defendants") and the United States did not submit responsive briefing.[3] A public motion hearing was held on April 16, 2024.[4] The matter is fully briefed. For the following reasons, the Court **GRANTS in part and DENIES in part** Public First's Motion to Unseal.

---

[1] Dkt. 1 (Public First Law Center's Motion to Unseal).
[2] *Id.* at 4.
[3] *See* Dkt. (absence).
[4] Dkt. 6 (Minute Entry).

## II.   BACKGROUND

Given the voluminous litigation in this matter, the Court assumes the parties are familiar with the factual and procedural history of the case. The Court incorporates by reference the factual and procedural history included in its Order at Docket 484 in Case No. 1:22-00048-TMB-NC.

Relevant here, on April 5, 2024, Public First Law Center ("Public First") (formerly, Civil Beat) filed a motion to unseal several court records in this case that had been sealed for "good cause" under Federal Rule of Criminal Procedure ("Rule") 6(e),[5] including:

1. Dkt. 421: Defendants' Response to United States' Motion *in Limine* No. 5;
2. Dkt. 422: United States' Response to Defendants' Motion *in Limine* No. 12;
3. Dkt. 423: United States' Motion *in Limine* No. 5;
4. Dkt. 511: Order on Defendants' Motions *in Limine* No. 12-13 and United States' Motion *in Limine* No. 5;
5. Dkt. 581: United States' Motion *in Limine* No. 9;
6. Dkt. 606: Defendant Terri Ann Otani's Motion *in Limine* No. 20;
7. Dkt. 615: United States' Motion *in Limine* No. 12; and
8. Dkt. 618: Defendants' Response to United States' Motion *in Limine* No. 9.[6]

Since the Motion to Unseal was filed, the following court records have also been filed under seal in this case:

9. Dkt. 652: United States' Response to Defendants' Motion *in Limine* No. 20;
10. Dkt. 654: United States' Brief on Attorney-Client Privilege;
11. Dkt. 666: Order on United States' Motion *in Limine* No. 9;

---

[5] Dkt. 1 at 4.
[6] *Id.* at 4.

12. Dkt. 686: United States' Response in Opposition to Defendants' Motion to Compel;

13. Dkt. 714: United States Motion *in Limine* No. 13;

14. Dkt. 724: Defendant Mitsunaga's Motion re: OSC Why Pretrial Release Should Not Be Revoked; and

15. Dkt. 732: Order on United States' Motion *in Limine* No. 13.[7]

The Court invited the parties to respond to the Motion to Unseal and set a hearing for April 16, 2024.[8] The parties did not file a response.[9]

### A. *Public First's Motion to Unseal*

Public First seeks to unseal the court records listed above as Nos. 1–8 on the basis that the public has a constitutional and common law right to access these documents and that grand jury secrecy does not justify sealing them in this case.[10] Further, Public First argues that, to the extent a compelling interest warrants sealing, the Court's orders may be redacted or, in the event the Court maintains the seal, the Court should provide Public First with a redacted version of the Court's order.[11] It provides four main points in support.

1. The public has a presumed constitutional right of access to records of criminal proceedings.

First, Public First argues that the "public has a presumed constitutional right of access to records of criminal proceedings," which it argues is necessary "to ensure that the individual citizen can effectively participate in and contribute to our republican system of

---

[7] The Court also filed a redacted version of this Order. *See* Dkt. 731 (Redacted Order on the United States' Motion *in Limine* No. 13).

[8] Dkt. 641 (Text Order).

[9] *See* Dkt. (absence).

[10] 1:24-mc-00215-TMB-NC, Dkt. 1 at 8–16.

[11] *Id.* at 16–17.

self-government."[12] It submits that "[t]he same First Amendment standards for closing courtroom proceedings apply to sealing documents for criminal pretrial proceedings."[13] Quoting *Press-Enterprise Co. v. Superior Ct.*,[14] it argues that proceedings must be closed only upon a showing that "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."[15]

Public First also submits that these First Amendment protections apply to preliminary evidentiary motions, positing that because the right of access applies to motions to *exclude* evidence, it must also apply to motions to *admit* evidence.[16] A court's findings regarding motions to seal may not be "conclusory" and the proponent of sealing must establish that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and

---

[12] *Id.* at 8 (quoting *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982)); citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980); *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984)).

[13] *Id.* at 10 (quoting *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983) ("There can be little dispute that the press and public have historically had a common law right of access to most pretrial documents—though not to some, such as transcripts of grand jury proceedings. . . . We thus find that the public and press have a first amendment right of access to pretrial documents in general.").

[14] 464 U.S. 501 (1984).

[15] Dkt. 1 at 10–11 (quoting *id.* at 509–10).

[16] Dkt. 1 at 11 (citing *United States v. Brooklier*, 685 F.2d 1162, 1171 (9th Cir. 1982); *accord Waller v. Georgia*, 467 U.S. 39, 44-47 (1984); *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 10-15 (1986)).

(3) there are no alternatives to closure that would adequately protect the compelling interest."[17]

## 2.  <u>The public retains a common law right of access to court records.</u>

Second, Public First contends that the public also retains a common law right of access to court records.[18] It argues that, while certain records are "categorically exempt" from a common law right of access "because the records have traditionally been kept secret for important policy reasons,"[19] these exemptions are limited to "grand jury proceedings and warrant materials *during pre-indictment investigation.*"[20] For all other records, the "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . articulating compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure" and the court must "articulat[e] both a compelling reason and a factual basis" in its decision to seal such documents.[21]

## 3.  <u>Grand Jury secrecy is not justification for sealed here.</u>

Third, Public First argues that grand jury secrecy may be "a compelling reason for secrecy in some instances" but "is not a justification for sealing here."[22] It interprets the Ninth Circuit's holding in *United States v. Index Newspapers LLC*[23] to suggest that Rule

---

[17] *Id.* (quoting *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998)).
[18] *Id.* at 12.
[19] *Id.* (quoting *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011)).
[20] *Id.*
[21] *Id.* (citing *Bus. of the Custer Battlefield Museum & Store*, 658 F.3d at 1194–96).
[22] *Id.* at 13.
[23] 766 F.3d 1072 (9th Cir. 2014).

6(e) protects materials related to *ongoing* grand jury investigations[24] and that "[w]hen grand jury proceedings have completed, the investigation[']s target has been indicted, and the defendant has access to the grand jury documents, any need for secrecy is greatly diminished."[25] Thus, "sealing as provided in Rule 6 is no longer necessary to protect an ongoing grand jury investigation" in this case.[26] Public First further notes that Ninth Circuit law supports the later disclosure of pre-trial motions, such as pre-indictment search warrants, by recognizing that such materials "may, in due course, be disclosed to a defendant so she can challenge the constitutionality of the search at a suppression hearing to which the public has a First Amendment right of access."[27] It argues that such disclosure "has been the practice in this District, including in this case, to provide public access to grand jury records attached to pretrial motions after an indictment, unless other compelling reasons justify sealing or redaction."[28]

Further, Public First submits that "the general reasons for sealing grand jury proceedings [as enumerated by the United States Supreme Court in *Douglas Oil Co. of California v. Petrol Stops Northwest*[29]] do not apply in this instance":

---

[24] *Id.* at 1088 n.8 ("Our holding is specifically limited to the public's right of access while the grand jury investigation is ongoing. This is consistent with Rule 6(e)(6), "Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal *to the extent and as long as necessary* to prevent the unauthorized disclosure of a matter occurring before a grand jury.") (emphasis in original).

[25] Dkt. 1 at 13.

[26] *Id.*

[27] *Id.* at 14 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1217–18 (9th Cir. 1989)).

[28] *Id.* at 14–15 (citing Dkt. 241; *United States v. Kealoha*, No. 17-CR-582 JMS-RLP, Dkt. 419; United States v. Leong, No. 21-CR-142 LEK, Dkt. 127).

[29] 441 U.S. 211 (1979).

(1) To prevent the escape of those whose indictment may be contemplated;

(2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;

(3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it;

(4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and

(5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.[30]

Rather, it argues, "when a[] grand jury investigation is completed and the defendant has access to the transcript, 'the considerations justifying secrecy become less relevant.'"[31] Here, such concerns regarding "absconding targets, witness or grand juror intimidation, or the privacy of innocent targets . . . disappeared once Defendants were indicted and given access" to such documents.[32] Thus, "[n]either Rule 6(e) nor general principles of grand

---

[30] *Id.* at 15 (quoting *Douglas Oil Co.*, 441 U.S. at 219 n.10).
[31] *Id.* at 16 (quoting *Douglas Oil Co.*, 441 U.S. at 223).
[32] *Id.*

jury secrecy justify continued sealing of grand jury records attached or referenced in these evidentiary motions and related order[s]."[33]

4. <u>The scope of sealing must be narrowly tailored to address the purported harm.</u>

Fourth, Public First argues that, even if the Court were to identify a compelling interest to justify maintaining a seal on these court records, "the scope of sealing must be narrowly tailored to address the purported harm."[34] It recommends the Court instead may redact portions of its orders, and notes that "[t]o the extent the order at issue here identifies a non-government witness or grand juror not already publicly known, Public First would not object to redacting the identity of the witness or grand juror."[35] Further, if the court records warrant sealing for more specific reasons than to preserve grand jury secrecy generally, Public First submits that the public cannot suggest alternatives to sealing "[a]bsent further information regarding the specific concerns."[36] Thus, it requests the Court unseal the court records enumerated above.

B. *Motion Hearing*

At the motion hearing on April 16, 2024, rearticulating arguments in its Motion to Unseal, Public First asked the Court to unseal the court documents identified in its Motion,

---

[33] *Id.*
[34] *Id.* at 16–17.
[35] *Id.* at 16.
[36] *Id.* at 17–18 (citing *Brooklier*, 685 F.2d at 1169).

as well as several documents that had recently been filed under seal.[37] It maintained that grand jury secrecy was no longer a concern given that the investigation was no longer ongoing.[38]

The United States maintained that its decisions to seal and redact documents have been "surgical" and carefully tailored to optimize public access, and further asserted that the need for grand jury secrecy under Rule 6 continued in light of recent "significant concerns of witness tampering that has occurred and is occurring through the use of grand jury testimony."[39] Citing the *Douglas Oil* factor No. 3, "to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it," the United States argued there were ongoing concerns that unsealing may impact future witness testimony in this case.[40] When asked by the Court whether it could further unredact filed documents, the United States responded that this was unlikely and maintained that it has already been "as careful and as conservative" as possible in making redaction decisions.[41] However, it noted that it would ultimately "defer to the Court's judgment" about unsealing.[42]

---

[37] Dkt. 6 (citing Dkt. 652 (United States' Sealed Response to Defendants' Motion *in Limine* No. 20); Dkt. 654 (United States' Sealed Brief on Attorney-Client Privilege); Dkt. 666 (Sealed Order on United States' Motion *in Limine* No. 9)).

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

Defendant Kaneshiro, through counsel, argued that the court documents remain sealed.[43] Defendant McDonald, through counsel, noted that the United States was "conflating the issue" of unsealing generally with needing to keep certain documents sealed "because of its emergency motion."[44] Other Defendants took no position.[45]

In response, Public First clarified that retaining a seal on documents concerning witnesses who have not yet testified may be warranted.[46] However, it argued that some motions and orders may be unsealed because they are "not related to defendants' grand jury testimony" or contain information that may "already [be] in the public domain."[47] Further, if generally unsealing every document was not appropriate at this time, Public First asked the Court to consider alternatives, such as approaching unsealing on a "witness-by-witness basis," unsealing documents related to grand jury testimony after witnesses testify (alleviating perjury concerns), and to consider redactions instead of wholesale sealing.[48]

### III.   LEGAL STANDARD

*A.  Rule 6(e)*

Under Rule 6(e)(3)(E), "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury

---

[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] *Id.*

matter . . . preliminarily to or in connection with a judicial proceeding." Further, Rule 6(e)(6) dictates that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." The Advisory Committee's comment to Rule 6(e) notes that the purpose of the rule is to "continue[] the traditional practice of secrecy on the party of members of the grand jury, except when the court permits a disclosure."[49] In 1983, the phrase "[r]ecords, orders and subpoenas relating to grand jury proceedings" was added "to prevent 'leaks' resulting from the disclosure of motions, briefs and orders concerning grand jury proceedings."[50]

Although Rule 6(e) "clearly requires that 'orders' be sealed until such time as their disclosure will not compromise grand jury secrecy,"[51] a court may in some cases, but not all, be able to unseal orders after a grand jury investigation ends."[52] The Ninth Circuit instructs that "[c]ourts must carefully consider whether closure or sealing is nevertheless required to prevent harm to a compelling interest, [such as] . . . the need to maintain the secrecy of grand jury information and the need to avoid compromising grand jury investigations. This inquiry will turn on the circumstances of each particular case,

---

[49] Fed. R. Crim. Pro. 6(e) cmt. 1 (emphasis added).
[50] Section 16:17. Material encompassed by general rule of secrecy: motions and court orders, 2 Fed. Grand Jury § 16:17 (2d ed.).
[51] *Id.* (citing *In re Grand Jury Empanelled March 8, 1983*, 579 F.Supp. 189, 191 (E.D.Tenn.1984); *Matter of Krynicki*, 983 F.2d 74, 76 (7th Cir. 1992)) (emphasis added).
[52] *Id.* (citing *In re Grand Jury Proceeding*, 806 F.Supp. 1176, 1180 (D. Del.1992); *In re Search Warrant for Northwest EnviroServices, Inc.*, 736 F.Supp. 238, 239 (W.D. Wash.1989)).

including whether the grand jury investigation is ongoing and, if not, how much time has passed since its completion."[53]

In *United States v. Index Newspapers LLC*,[54] the Ninth Circuit held that the public did not have a First Amendment right of access to certain documents related to an ongoing grand jury investigation and that they should remain sealed.[55] However, the court clarified that its "holding is specifically limited to the public's right of access while the grand jury investigation is ongoing" and "does not reach whether, or when, a public right of access to the filings and transcripts related to a motion to quash a grand jury subpoena might arise after the conclusion of a grand jury investigation and any resulting criminal proceedings."[56]

Further, "Rule 6(e) does not draw a veil of secrecy . . . over all matters occurring in the world that happen to be investigated by a grand jury. Instead, the touchstone is whether the information sought would reveal something about the grand jury's identity, investigation, or deliberation. The mere fact that information has been presented to the grand jury does not itself permit withholding."[57] Rather:

> [T]he fundamental purpose of Rule 6(e) is only to protect against disclosure of what is said or takes place in the grand jury room . . . [I]t is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, if a document is sought for its own sake rather than to learn what took

---

[53] 766 F.3d 1072, 1081 (9th Cir. 2014).
[54] 766 F.3d 1072, 1081 n.8 (9th Cir. 2014).
[55] *Id.*
[56] *Id.* at 1088 n.8.
[57] *Labow v. U.S. Department of Justice*, 831 F.3d 523, 529 (D.C. Cir. 2016) (internal quotation marks and citations omitted) (emphasis added).

place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release.[58]

The United States Supreme Court in *Douglas Oil Co. of California v. Petrol Stops Northwest*[59] outlined the reasons for grand jury secrecy as it related to public access to grand jury transcripts in a civil case, including "to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it."[60] Thus, the Supreme Court contemplated that one purpose for preserving grand jury secrecy is to protect the testimonial integrity of grand jury witnesses who may later appear to testify in the trial after the grand jury investigation has concluded.[61] Lower courts have interpreted the Court's language and reasoning to mean that the need to protect witnesses who might later testify or to prevent a defendant from retaliating against grand jury witnesses who may become trial witnesses may be reasons to maintain sealing.[62]

For instance, in *In re Fed. Grand Jury Proc. 03-01*,[63] the district court considered whether the United States's motion to amend related to grand jury matters should be unsealed once the proceedings concluded.[64] The proponent for unsealing argued that "the grand jury proceedings concerning him have ended and the nature of those proceedings

---

[58] *In re Optical Disk Drive Antitrust Litigation*, 801 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks and citations omitted) (emphasis added).
[59] 441 U.S. 211 (1979).
[60] *Id.* at 219 n.10.
[61] *See id.*
[62] *See Murphy v. Executive Office for U.S. Attorneys*, 789 F.3d 204, 210 (D.C. Cir. 2015) ("The risk of retaliation against grand jury witnesses is one reason for maintaining grand jury secrecy.").
[63] 337 F. Supp. 2d 1218 (D. Or. 2004).
[64] *Id.* at 1220–21.

have been made public; consequently, he contend[ed], the Government's concern for grand jury secrecy [was] unfounded."[65] The district court disagreed, observing that "[t]he secrecy protection of Rule 6(e)(6) endures beyond the term of the grand jury."[66] The court further noted that "[t]he scope of secrecy includes information that may directly or indirectly reveal what transpired in a grand jury proceeding."[67] Although the court ultimately decided to unseal the materials, it clarified that "secrecy does remain to protect the identities of other individuals or matters considered by the grand jury while investigating [the witness at issue]."[68]

However, other courts have noted that the policy rationale to preserve grand jury secrecy is less obvious after the grand jury proceedings have ended because the primary reasons for grand jury secrecy, namely to "prevent flight, protect the jurors, and protect witnesses from being pressured," are generally less applicable.[69] For instance, in *In re*

---

[65] *Id.* at 1220.

[66] *Id.*; *see AFL–CIO v. FEC*, 333 F.3d 168, 175 (D.C.Cir.2003) ("[Rule] 6(e)(6) continues to protect suspects exonerated by a grand jury") (citing *Illinois v. Abbott & Assocs.*, 460 U.S. 557, 566 n.11 (1983)).

[67] *In re Fed Grand Jury Proc.*, 03-01, 337 F. Supp. 1218, 1220-21 (citing *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir. 1990) (Rule 6(e) secrecy protects the grand jury's deliberative process by keeping sealed the "essence of what took place in the grand jury room") (emphasis added); *see also, In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir. 1982) ("Rule 6(e) applies * * * to anything which may reveal what occurred before the grand jury") (citation omitted)).

[68] *Id.*

[69] § 107 Grand Jury Secrecy, 1 Fed. Prac. & Proc. Crim. § 107 (5th ed.); *see Butterworth v. Smith*, 494 U.S. 624, 632–33 (1990) ("When an investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested or otherwise informed of the charges against him, on the other. There is also no longer a need to prevent the importuning of

---

-14-

*Search Warrant for Northwest EnviroServices, Inc.*,[70] the district court found that court records related to grand jury materials and pre-indictment warrant materials after the conclusion of the grand jury could be properly unsealed.[71] The court noted that Rule 6(e)(6) does not prevent disclosure in perpetuity, but rather "to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury."[72] The court further observed that "the unsealing of these . . . materials would [not] compromise a criminal investigation or jeopardize the integrity of the search for truth" and that "there [was] not [an ongoing grand jury investigation]," factors which mitigated in favor of unsealing.[73]

## IV.   DISCUSSION

   A. *Public First's Motion to Unseal is GRANTED in part and DENIED in part, such that the Court declines to unseal all requested court documents at this time, but will publish redacted versions of its sealed orders at Dockets 511 and 666; directs the United States to propose to the Court further un-redacted versions of its sealed motions and responses at Dockets 442, 423, 581, 615, 652, 654, 686, and 714, to the extent possible; and directs the Defendants to propose further un-redacted versions of its sealed motions and responses at Dockets 421, 606, 618, and 724, to the extent possible.*

Considering the above and for the following reasons, the Court grants in part and denies in part Public First's Motion to Unseal sealed court records in this case.

---

grand jurors since their deliberations will be over."); *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958).

[70] 736 F. Supp. 238, 239 (W.D. Wash. 1989).

[71] *Id.*

[72] *Id.*

[73] *Id.* (emphasis added) (distinguishing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1212–14 (9th Cir. 1989)).

1. *To preserve the integrity of trial witness testimony and the secrecy of grand jury matters in this case amid allegations of ongoing witness tampering, the Court will not unseal all sealed court documents at this time.*

Given recent developments regarding allegations of witness tampering involving grand jury testimony in this case, and in light of the Supreme Court's concern for safeguarding grand jury secrecy in *Douglas Oil*, specifically preserving the integrity of trial witness testimony, the Court declines to unseal all requested court documents sealed pursuant to Rule 6(e) at this time to preserve information related to grand jury matters in this case. Thus, at this time, this portion of Public First's Motion to Unseal is DENIED.

2. *To maximize public access to currently sealed orders, the Court will publish redacted versions of its Orders at Dockets 511 and 666.*

However, cognizant of the critical importance of the public's right to access court documents, and noting that significant portions of the Court's Orders quote, cite, or reference information already available on the public docket, the Court will publish redacted versions of the Court's Orders at Dockets 511 and 666 in Case No. 1:22-00048-TMB-NC.[74] The Court will redact select portions of its Orders to preserve information related to grand jury matters in this case. Of course, Public First remains free to move for disclosure of these portions later.

---

[74] The Court has already filed a redacted version of its Order at Docket 732. *See* Dkt. 731 (Redacted Order on the United States' Motion *in Limine* No. 13).

3. *To maximize public access to currently sealed motions and responses, the Court directs the parties to propose to the Court further un-redacted versions of their sealed filings at Dockets 421, 442, 423, 581, 606, 615, 618, 652, 654, 686, 714, and 724.*

The Court directs the United States and Defendants in Case No. 1:22-cr-000048–TMB-NC to reexamine the following filings and determine whether and to what extent they can be un-redacted or unsealed:

- Dkt. 421: Defendants' Response to United States' Motion *in Limine* No. 5;
- Dkt. 606: Defendant Terri Ann Otani's Motion *in Limine* No. 20;
- Dkt. 618: Defendants' Response to United States' Motion *in Limine* No. 9;
- Dkt. 422: United States' Response to Defendants' Motion *in Limine* No. 12;
- Dkt. 423: United States' Motion *in Limine* No. 5;
- Dkt. 581: United States' Motion *in Limine* No. 9;
- Dkt. 615: United States' Motion *in Limine* No. 12;
- Dkt. 652: United States' Response to Defendants' Motion *in Limine* No. 20;
- Dkt. 654: United States' Brief on Attorney-Client Privilege;
- Dkt. 686: United States' Response in Opposition to Defendants' Motion to Compel;
- Dkt. 714: United States Motion *in Limine* No. 13; and
- Dkt. 724: Defendant Mitsunaga's Motion re: OSC Why Pretrial Release Should Not Be Revoked.

As to each of these motions and responses, the party or parties who submitted the motion or response must now submit either proposed modifications consistent with this Order or a brief, concise argument on why no proposed modifications are appropriate at this time.

Accordingly, to the extent Public First requested redactions as an alternative to wholesale unsealing, this portion of Public First's Motion to Unseal is GRANTED. The

Court therefore declines to rule at this time on any other legal or factual claims Public First proffered in its Motion to Unseal.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part without prejudice Public First's Motion to Unseal at Docket 1. FURTHER, the Court directs the United States and Defendants in Case No. 1:22-cr-000048–TMB-NC to reexamine the designated filings and determine whether and to what extent they can be un-redacted or unsealed consistent with this Order. Counsel shall separately file any appropriate filings and email them in Word format to Chambers' Proposed Orders Box **on or before 4:30 p.m., May 3, 2024**.

IT IS SO ORDERED.

Dated this 29th day of April, 2024.

/s/   *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE