UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>       v.<br><br>KEITH MITSUYOSHI KANESHIRO (1),<br>DENNIS KUNIYUKI MITSUNAGA (2),<br>TERRI ANN OTANI (3),<br>AARON SHUNICHI FUJII (4),<br>CHAD MICHAEL MCDONALD (5),<br>SHERI JEAN TANAKA (6),<br><br>             Defendants. | Case No. 1:22-cr-00048-TMB-NC<br><br>ORDER ON EVIDENTIARY ISSUE REGARDING DEFENDANT MCDONALD'S GRAND JURY TESTIMONY |

## I.    INTRODUCTION

Before the Court is an evidentiary issue regarding Defendant Chad Michael McDonald's ("McDonald") grand jury testimony in this case. The United States noticed its intent to introduce portions of McDonald's grand jury testimony. Defendant McDonald then responded to include a different portion of his grand jury testimony "in fairness" under Federal Rule of Evidence ("Rule") 106. The United States objected. The Court heard oral argument on the issue in open court.[1] For the following reasons, the Court DENIES McDonald's request to include this portion of his grand jury testimony under Rule 106.

---

[1] Dkt. 781 (Minute Entry).

## II.     BACKGROUND

*A. Notice of Evidentiary Issue*

McDonald testified before the grand jury in this case on March 4, 2021. On May 5, 2024, the parties notified the Court via email of an imminent evidentiary issue. The United States stated that it had notified Defendants that it would seek to introduce selected portions of McDonald's grand jury testimony by playing audio clip recordings on May 6 or 7, 2024. The parties reported that during a meet-and-confer, McDonald's counsel stated his intent to include a different portion of McDonald's grand jury testimony under Rule 106. The United States subsequently notified the Court of this issue, identifying the relevant portions of the grand jury transcript and arguing that the portion McDonald seeks to include does not fall under Rule 106.

*B. Hearing*

On May 6, 2024, in open court, the Court heard oral argument on the issue. McDonald argued that the selected portion of his testimony should be included under Rule 106 for "fairness" reasons. He noted that the portion he sought to include was couched between two portions the United States sought to admit, and further, that the portion provided important "context" for subsequent testimony regarding McDonald's history of campaign contributions. McDonald observed that the portion mainly revealed three things: that he reached out to Defendant Sheri Jean Tanaka ("Tanaka") upon receiving his grand jury subpoena; that he was "nervous" about appearing before the grand jury; and that he understood he was not the subject or target of the investigation at that time.

Turning to his arguments under Rule 106, he argued that this testimony provided "context" for the next question that in "fairness" should be offered contemporaneously. Further, he argued that the omission of this "context" would create a misimpression for the jury, particularly regarding the next question regarding whether McDonald had coordinated with Defendant Dennis Kuniyuki Mitsunaga ("Mitsunaga") in making political donations. McDonald did not identify any particular misimpression that the statements, or omission thereof, would create. Alternatively, McDonald argued that if the United States intended to admit his testimony to demonstrate his consciousness of guilt, that the portions regarding his nervousness and his status as a witness rather than a subject or target should be admitted to rebut this claim because it tended to show his lack of consciousness of guilt.

The United States objected to the inclusion of this portion of McDonald's testimony, arguing that Rule 106 would not allow its admission. Pointing to the language of the rule, the United States maintained that the testimony it sought to admit created no misimpression that the additional portion could serve to correct. Moreover, the United States argued that its admission would "inject irrelevant testimony" into the evidence and "confuse the jury," but did not identify any particular issue upon which the jury might be confused by the admission.

### III.     LEGAL STANDARDS

Under Rule 106, which "sets forth the rule of completeness,"[2] "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."[3]

By allowing the adverse party to present the remainder of the writing or recorded statement ("remainder") immediately rather than later on during cross-examination, Rule 106 avoids the situation where a statement taken out of context "create[s] such prejudice that it is impossible to repair by a *subsequent* presentation of additional material."[4]

> However, Rule 106
>
> does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a

---

[2] *United States v. Goxcon-Chagal*, No. CR 11-2002 JB, 2012 WL 3249473, at *3 (D.N.M. Aug. 4, 2012).
[3] Fed. R. Evid. 106; *see also Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988) ("The common-law 'rule of completeness,' which underlies [Rule] 106, was designed to prevent exactly the type of prejudice of which [petitioner] complains. . . . [T]he rule [permits an] . . . 'opponent, against whom a part of an utterance has been put in, [to] . . . complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance.'" (quoting 7 J. Wigmore, Evidence in Trials at Common Law § 2113, p. 653 (J. Chadbourn rev. 1978))).
[4] *Beech Aircraft*, 488 U.S. at 171 n.14 (emphasis in original).

statement offered by the opponent is not enough to justify completion under Rule 106.[5]

As amended in 2023, under Rule 106, a completing statement is admissible over a hearsay objection.[6] "A party that presents a distortion can fairly be said to have forfeited its right to object on hearsay grounds to a statement that would be necessary to correct the misimpression."[7]

## IV.     DISCUSSION

The Court concludes that the contested portion of McDonald's grand jury testimony is not admissible contemporaneously under Rule 106.

Rule 106 allows an adverse party to require simultaneous introduction of statements "in fairness" only in "the narrow circumstances in which a party has created a misimpression about the statement."[8] "The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106."[9] After reviewing the relevant portions of the transcript, the Court sees no "misimpression" created by the portions the United States seeks to admit. Nor does it see how the contested portion would "correct[] [any] misimpression."[10]

---

[5] Fed. R. Evid. 106 Advisory Committee Notes to 2023 Amendment; *see United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996), *as amended* (Oct. 21, 1996) ("The rule of completeness requires that a full document or set of documents be introduced: '[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible * * *.' (quoting *Beech Aircraft Corp.*, 488 U.S. at 172)).
[6] Fed. R. Evid. 106 Advisory Committee Notes to 2023 Amendment.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

Although McDonald argues that the portion provides important "context" for subsequent questions, the Court observes that it does not substantively overlap or respond to the other portions of McDonald's testimony, let alone resolve any perceived misunderstanding or distortion. To the extent McDonald suggests the United States' portions of McDonald's testimony misleadingly convey that he was "calm and relaxed" while providing his earlier grand jury testimony, the United States does not seek to introduce portions that would tend to create that inference. Indeed, as the Court noted at the hearing, McDonald was not asked such questions, and no such inference appears available from any portion of his testimony. Therefore, there is no misleading impression to be corrected. Consequently, the Court fails to see how the portion McDonald seeks to admit provides necessary "context" for the remaining portions of McDonald's testimony.

Further, McDonald argues that the portion's "*omission* creates a misimpression," but fails to identify a specific misimpression that is created by the portions the United States seeks to admit. Moreover, the Court sees no misimpression created by omission. Therefore, the Court agrees that this is not one of those "narrow circumstances" contemplated by Rule 106 and that the portion McDonald seeks to admit does not fall under its scope.

The Court is also not persuaded that this portion of McDonald's testimony is alternatively admissible absent his live testimony because it tends to show McDonald's lack of consciousness of guilt to rebut any corresponding claims the United States may make. This is not the correct standard under Rule 106. Although the testimony tends to show McDonald's response to his grand jury subpoena, including that he contacted Tanaka,

was nervous in appearing before the grand jury, and understood he was not the subject or target of the investigation at that time, the Court does not see how these statements even relate to, let alone rebut, his testimony regarding campaign contributions. Moreover, this is not a "misimpression" that could be corrected under Rule 106. Thus, the Court does not find this portion is admissible to establish McDonald's lack of consciousness of guilt under Rule 106.

Having thus concluded that Rule 106 does not allow simultaneously admitting the contested portion of McDonald's testimony with the portion the United States seeks to introduce, the Court does not reach the contested portion's admissibility on any other ground as the parties raised no other grounds for admission, though they are not foreclosed from doing so later.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** McDonald's oral request to include this portion of his grand jury testimony under Rule 106.

IT IS SO ORDERED.

Dated this 7th day of May, 2024.

/s/  *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE